**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **LUV N' CARE, LTD.** | Civil Action No.: 3:16-cv-00777 |
| *Plaintiff,* | |
| *versus* | Judge Robert G. James |
| | Magistrate Judge Karen L. Hayes |
| **LINDSEY LAURAIN** and **EAZY-PZ, LLC,** | |
| *Defendants.* | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR UNFAIR COMPETITION AND DECLARATORY JUDGMENT

This action seeks an injunction and damages for Defendants' acts of unfair competition arising out of a campaign of threats, intimidation and unlawful boycott based on false claims of infringement and copying.  This is also an action seeking a declaratory judgment that Plaintiff does not violate any valid existing intellectual property right of the Defendants.  The product giving rise to this action is a feeding mat, which is an integrated self-sealing silicone place mat with a built-in bowl or plate that attaches to the table using suction.  Children can sometimes be a little messy when they eat.  This product mitigates that mess.  Plaintiff and Defendants sell competing feeding mats.  Defendants, who have acted jointly as a single business enterprise, have no valid existing intellectual property right that even arguably covers any aspect of Plaintiff's feeding mats.  Defendants' feeding mats are outrageously expensive and cannot compete with Plaintiff's better designed, attractive, high quality but less expensive feeding mats. Unable to compete fairly in the marketplace, Defendants have resorted to a campaign of threats and intimidation, based on a web of lies, directed at Plaintiff and its customers.  Defendants' campaign includes extensive advertising over the internet and on social media accusing Plaintiff

of infringing a "utility patent" and other unspecified Intellectual Property (IP) Rights. Defendants have also directly threatened to sue Plaintiff's customers for "utility patent" or "IP infringement" if they buy Plaintiff's feeding mats.  Defendants have no utility patent or other valid IP right covering Plaintiff's products.  Plaintiff does not infringe any utility patent or other IP right of Defendants.  These false representations made in advertising and directly to customers are intended to intimidate Plaintiff's customers into buying Defendants' more expensive and poorly designed product instead of Plaintiff's better designed, high quality and more attractive, yet less expensive, feeding mats.  Defendants have also called for a boycott of Plaintiff based on the false statements made in their advertising and elsewhere.  These acts by Defendants have caused and will continue to cause grave injury and damage to Plaintiff unless enjoined by this Court.

## THE PARTIES

1. Plaintiff, Luv n' care, Ltd. (LNC), is a Louisiana corporation having its principal place of business in Monroe, Louisiana.

2. Defendant, Eazy-PZ, LLC, (EZPZ) is a Colorado limited liability corporation having its principal place of business in Douglas County, Colorado.

3. Defendant Lindsey Laurain (Laurain) is an individual residing in Parker County, Colorado, and upon information and belief is an officer, director and the controlling party of Defendant EZPZ.

4. Upon information and belief, at all times relevant to the acts and omissions forming the basis of this action, EZPZ and Laurain (Defendants) have operated as a single business enterprise under Louisiana law.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for false advertising, false representation and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq*., together with a Declaratory Judgment action under 28 U.S.C. §§ 2201 and 2202 seeking a declaration that Plaintiff violates no valid claim of Defendant Laurain's design patent or any other intellectual property right of Defendants.

7.      The Court has jurisdiction over the claims in this action pursuant to (i) 28 U.S.C. § 1331 because the action arises under the trademark, copyright and patent laws of the United States, (ii) 28 U.S.C. § 1332(a)(1) because the matter exceeds the sum or value of $75,000, exclusive of interests and costs, and is a controversy between citizens of different states, the Plaintiff being a citizen of the State of Louisiana, the Defendants being citizens of the State of Colorado, (iii) the Declaratory Judgment Act, 28 U.S.C. §2201 and 2202, in that this action is based in part on an actual case and controversy between the parties regarding the alleged non-infringement, invalidity and unenforceability of Defendants' intellectual property rights including patents, copyrights and trademarks, and (iv) 28 U.S.C. § 1338 (a) and (b) because this is an action arising under the following Acts of Congress: the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., relating to trademarks, the Copyright Act, 17 U.S.C. §§ 101 *et seq*., and the Patent Statutes, 35 U.S.C. §§ 101 *et seq*., and the assertion of the Louisiana unfair competition claims are joined with substantial and related claims under the Copyright, Patent and Trademark Laws of the United States.

8.      The Court has personal jurisdiction over the Defendants because (i) Plaintiff's claims arise in whole or in part out of Defendants' purposeful, intentional, regular, systematic

and continuous conduct and affiliations, including the advertising, marketing and selling of products that are the subject of this action and directed threatening statements to Plaintiff and its customers, in Louisiana and (ii) Defendants have purposefully directed their unlawful activities at residents of Louisiana including Plaintiff; (iii) Defendants' feeding mats that are at the center of Defendants' campaign of false advertising, false representation and unlawful competition are found in and sold in Louisiana including the Western District; (iv) Defendant has used social media over the internet and across interstate lines to disseminate their false advertising, false representations and commit other acts of unfair competition that have been received by or targeted at Plaintiff and other residents of Louisiana, including the Western District; (v) Defendants own and operate a highly interactive, transaction oriented website where visitors including residents of Louisiana and the Western District can order, pay and have delivered Defendants' feeding mat; and (vi) Defendants have sufficient minimum contacts within the State of Louisiana and the Western District such that exercising personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.  Defendants may be served under the Louisiana Long Arm Statute.

9.     Venue in the Western District of Louisiana is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the territory of the Western District of Louisiana.

## FACTS

### Plaintiff is a Long Standing, Well Respected Company Enjoying an Excellent Reputation for Selling Innovative and High Quality Baby Products

10.     LNC was founded in Monroe, Louisiana by Eddie Hakim who, in the 1980's, invented and commercialized a revolutionary no-spill cup.  Both before and since that time, LNC has continued in business as a designer and seller of innovative, high quality attractive products

for babies and small children.  Based on its innovative, high quality and attractive designs, LNC is now known as one of the leading baby product companies in the world.  LNC's headquarters are in Monroe, Louisiana, where it conducts most of its business, maintains its corporate books and records, and where most of its employees, officers and directors are located.

11.     LNC's products are sold throughout the United States, including the territory of the Western District of Louisiana, by major national retailers such as Wal-Mart, Toys "R" Us, Babies "R" Us, Target and others.  LNC's products are also resold by others through online retailers such as Amazon.com.  LNC's products are also available in some 150 foreign countries.

12.     LNC enjoys a superior reputation with consumers, both in the United States and internationally, for innovative, high quality and attractive product designs.

13.     LNC's products are among the most popular and well known products in the baby products industry and those products are famous throughout the United States and worldwide.

**The NUBY Mark is Famous**

14.     LNC products are purchased and sold by independent retailers in interstate and international commerce under various registered and common law trademarks including the mark NUBY.

15.     On March 28, 2000, United States Trademark Registration No. 2,335,700 for the mark NUBY was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").  The NUBY trademark registration is valid and subsisting.  Pursuant to 15 U.S.C. § 1065, the NUBY trademark registration has been deemed incontestable by the USPTO.

16.     The NUBY mark is a famous mark.

17.     LNC is a licensee of the NUBY mark.

18.     The NUBY mark is a distinctive symbol, which serves as a trademark for LNC's products promoted and sold in the United States and throughout the world.

19.     The appearance of LNC's products, packaging and the NUBY mark are distinctive symbols, which serve as trademarks for LNC's products in the United States and throughout the world.

20.     As a result of LNC's long term, continuous and extensive use of the NUBY mark, it has acquired common law rights to that mark for the products to which it has been applied.

21.     LNC uses the NUBY mark on a wide variety of baby and children's products sold in the United States including feeding mats.

22.     LNC's long term, continuous and extensive use of the NUBY mark on innovative, high quality and attractive products, including feeding mats, has generated substantial good will for LNC associated with the NUBY mark.

23.     As a result of LNC's innovative and attractive designs, together with an uncompromising commitment to high quality, extensive promotional activities by independent retailers, together with its widespread and substantial sales, LNC's products, packaging and the NUBY mark have all become widely known throughout the United States and worldwide, and have become directly associated with LNC as a source of innovative, attractive and high quality products.

**Defendants Are a Single Enterprise**

24.     Defendant EZPZ purports to be a Colorado limited liability corporation located in douglas County, Colorado.

25.     Defendant Laurain purports to be a Colorado resident, and upon information and belief, is an officer and director of Defendant EZPZ and the owner of the design patent and utility patent application at issue in this action.

26.     Defendants Laurain and EZPZ have engaged in a joint venture and enterprise to unlawfully and unfairly compete with LNC.  Upon information and belief, Laurain dominates and controls EZPZ and uses EZPZ for her own personal pecuniary gain.  Also upon information and belief, Laurain has and continues to directly and through EZPZ conduct an unlawful and improper campaign of false representations and intimidation – a web of lies – by threatening suit on the basis of non-existent intellectual property rights.  Upon further information and belief, Laurain has used EZPZ as a conduit to funnel ill-gotten gains from EZPZ to herself.  Defendants EZPZ and Laurain operate as a single business enterprise under Louisiana law.

**Defendants Alleged Intellectual Property Rights**

27.     On July 17, 2014, Defendant Laurain filed an application for a utility patent with the United States Patent and Trademark Office (USPTO) for an alleged invention to a SURFACE CONTACT SELF-SEALING INTEGRATED TABLEWEAR AND DINING MAT. The application was assigned Serial No. 14/333,682 ('682 Utility Application).

28.     The '682 Utility Application has been examined by an experienced Patent Examiner at the USPTO and rejected numerous times.  The Patent Examiner has determined that the alleged invention is unpatentable.  Despite Laurain's efforts to convince the Patent Examiner that the invention was patentable, the Patent Examiner continues to maintain its rejection of the alleged invention described in the '682 Utility Application and the USPTO has not issued a utility patent to Laurain.

29.     On December 3, 2014, Defendant Laurain filed a design patent application for DINING MAT WITH INTEGRATED TABLEWARE.  The application issued as D745,327 on December 15, 2015 (the '327 Design Patent).

30.     Upon information and belief, Defendants do not presently own or have the right to sue for infringement of any issued utility patent.

31.     Upon information and belief, Defendants do not presently own or have the right to sue for infringement under any patent other than the '327 Design Patent.

32.     Upon information and belief, Defendants do not presently have a copyright in any feeding mat design.  Defendants have not sought or obtained any copyright registration for a feeding mat design from the Registrar of Copyrights.  Defendants' feeding mats are useful objects and cannot be copyrighted.  Defendants' feeding mat designs do not contain physically or conceptually separate pictorial, graphic or sculptural features.  Defendants feeding mats are not copyrightable.

33.     Upon information and belief, Defendants have no registrations to trade dress, product configurations or other trademark rights directed solely to Defendants' feeding mat designs.  Defendants' feeding mat designs are functional and do not constitute protectable trade dress, product configuration or other trademark right.  Defendants' feeding mats are not distinctive and have not acquired secondary meaning.  Defendants have no common law rights to the trade dress, product configuration or other trademark rights in their feeding mat designs.

**Plaintiff Does Not Infringe Any Valid Existing IP Right of Defendants**

34.     Plaintiff's offer and sell five different feeding mat designs.  Each of Plaintiff's feeding mats was designed by Eddie Hakim based on his more than 40 years of experience in

designing baby products. Plaintiff's feeding mat designs are original, of high quality and attractive. Plaintiff's feeding mat designs are not copies of Defendants' design.

35. Only an issued patent can be the subject of an infringement action. An application for a utility patent cannot be infringed, as a matter of law, in the United States. To the extent Defendants have stated or contended that Plaintiff infringes Defendants' utility patent or utility patent application, that statement is literally false.

36. Plaintiff's feeding mat designs are unique and are not substantially similar to Defendants' patented design. Plaintiff's feeding mat designs do not infringe Defendants' design patent.

37. Defendants have no copyright in their feeding mat design and Plaintiff did not copy Defendants' un-copyrightable feeding mat design. To the extent Defendants have stated or contended that Plaintiff infringes Defendants' copyright, that statement is literally false.

38. Plaintiff's feeding mats are not confusingly similar to Defendants' feeding mat designs and are not likely to lead to consumer confusion as to source. Plaintiff does not infringe any valid trademark or trade dress right of Defendants.

39. Defendants' feeding mat designs contain a number of flaws including tight corners where food may accumulate. Plaintiff's feeding mat designs have no tight corners and contain no such design flaws. Plaintiff would have no reason to copy Defendants' flawed and inferior designs. Plaintiff's feeding mat designs are better and more attractive than Defendants' designs.

**Defendants' Statements Are False and Misleading**

40. Upon information and belief, Defendants directly, or through third parties related to Defendants, have stated that Plaintiff infringes Defendants' "IP rights" and that customers

9

who purchase feeding mats from Plaintiff will infringe Defendants' IP rights.  Plaintiff does not infringe any valid existing IP rights of Defendants in any patent, copyright, trademark, trade dress or other intellectual property right.  Defendants' statements are literally false and are made with malice, without justification and for the improper purpose of interfering with Plaintiff's sales of feeding mats.  Defendants have no legitimate or lawful justification for interfering with Plaintiff and its customers.

**<u>Defendants' Unlawful Campaign of Threats and Intimidation</u>**

41.    Having failed in the marketplace and unable to compete fairly with Plaintiff, Defendants, upon information and belief, conspired along with third parties some of whom are known and some are unknown to Plaintiff, to conduct a campaign of lies to mislead Plaintiff's customers into believing that Plaintiff was infringing Defendants' IP rights including an EZPZ utility patent.  Defendants, along with un-named third parties, have undertaken a social media campaign wherein they post comments that Plaintiff's NUBY brand feeding mat "is actually a copy and violates our utility patent!"  Plaintiff's feeding mat is not a copy, Defendants do not have any utility patent and Plaintiff does not violate any utility patent of Defendants.  At the same time, Defendants threatened and attempted to intimidate Plaintiff's customers with expensive patent litigation in an effort to exclude Plaintiff from the feeding mat market. Defendants have further attempted to organize an unlawful boycott of Plaintiff and its products.

42.    Defendants claim they sell their feeding mats throughout the United States and the Western District of Louisiana through various retailers including Ladies in Waiting in Shreveport, Louisiana, Bundle of Joy in Lafayette, Louisiana and Lafayette Moms and Babies also in Lafayette, Louisiana.  Defendants' feeding mat is also offered for sale on Amazon.com throughout the United States and the Western District of Louisiana.

43.     Defendants also advertise and promote their feeding mats on their own website: www.ezpzfun.com.  Defendants' website is accessible throughout the United States including the Western District of Louisiana.  Defendants' website is a highly interactive, transaction oriented website where visitors can view, order, pay for and have delivered Defendants' feeding mats and is accessible to residents of Louisiana including the Western District.

44.     Defendants conduct extensive advertising on social media and over the internet. Defendants' social media and internet advertising is conducted in interstate commerce and is intended to and does reach consumers throughout the United States including the Western District of Louisiana.

45.     Defendants' advertising includes numerous endorsements and testimonials purportedly made by independent consumers and experts.  Upon information and belief, these purported independent consumers and experts are materially connected to Defendants or otherwise receive compensation from Defendants either directly or indirectly.  Upon information and belief, Defendants purported independent consumers and experts are in fact endorsers and spokespersons for Defendants.

46.     Defendants' social media and internet advertising constitute non-traditional advertising settings and as such Defendants and their endorsers and spokespersons are held to a higher standard of disclosure to avoid false and misleading advertising.   At a minimum, Defendants and their endorsers and spokespersons are required to disclose any compensation received from Defendants and all material connections between Defendants and their endorsers and spokespersons.

47.     Upon information and belief, the purported independent consumers and experts are compensated by Defendants either directly or based on sales, or otherwise have material

connections to Defendants and are not independent.  Defendants' advertising fails to disclose the relationship between Defendants and those making endorsements or testimonials or acting as spokespersons on Defendants' behalf.  Defendants' advertisements that are broadcast over the internet and social media fail to disclose compensation paid by Defendants or identify the material connections between Defendants and the endorsers and spokespersons.  Defendants' failure to disclose the compensation paid by Defendants or the material connections between Defendants and their endorsers and spokespersons constitute false and misleading advertising.

48.     In numerous of Defendants' advertisements broadcast over the internet and social media, which are all distributed in interstate commerce including to the Western District of Louisiana, false statements are made by Defendants, their endorsers and spokespersons that Plaintiff infringes Defendants' utility patent.  These advertising statements are literally false.  Defendants have no utility patent infringed by Plaintiff.

49.     Upon information and belief, Defendants have threatened to sue at least three major US national retailers and long-standing customers of Plaintiff for infringement of their "utility patent" if those retailers purchase feeding mats from Plaintiff.  Defendants' threats are based on false representations of fact and are made for the improper purpose of interfering with Plaintiff's business and sales to its customers including the threatened national retailers.

50.     Upon information and belief, Defendants have threatened to sue, or otherwise disrupt the supply chain, of at least three major US national retailers and long-standing customers for infringement of "IP rights" if those national retailers purchase feeding mats from Plaintiff.  Plaintiff does not infringe any valid IP rights of Defendants in any patent, copyright, trademark, trade dress or other intellectual property right.  Defendants' threats are based on false

representations and false statements of fact – that Plaintiff infringes Defendants' IP rights – and are made for the improper purpose of interfering with Plaintiff's sales to those retailers.

51.     Upon information and belief, Defendants have informed at least three major US national retailers and long-standing customers of Plaintiff that have ordered or purchased Plaintiff's feeding mats that Defendants will sue Plaintiff for infringement of "IP rights."  Such statements threaten the national retailers' supply of the Plaintiff's feeding mats and further require Plaintiff to indemnify the national retailer against any infringement of Defendants' "IP Rights."

52.     Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers provide Plaintiff with substantial economic and business advantages.  Defendants acting individually and as a single business enterprise have knowingly interfered with Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers and induced consumers, customers and retailers not to purchase Plaintiff's feeding mats.  Defendants acting individually and as a single business enterprise have also knowingly interfered with Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers by calling for a boycott of Plaintiff.  Defendants have no valid or lawful reason or justification to so interfere with Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers or call for a boycott of Plaintiff.  Defendants' acts of interference have been motivated by ill will, malice and spite towards Plaintiff.  As a direct result of Defendants' unlawful acts of interference, Plaintiff has suffered lost sales and damage to its reputation from Defendants' unlawful and unjustified interference with Plaintiff current and prospective with consumers, customers and retailers.

**Defendants Have Threatened Plaintiff and Its Customers**

53.     Defendant Laurain purports to be the owner of the '327 Design Patent.

54.     Defendants have threatened Plaintiff in writing by "formally" notifying Plaintiff of its "feeding mat patent" in a letter dated April 27, 2016.

55.     Upon information and belief, Defendants have verbally accused Plaintiff's customers of infringing the so-called feeding mat "patents" including the '327 Design Patent.

56.     Based on direct communications between Plaintiff's customers and Defendants, Plaintiff has a reasonable and immediate apprehension of suit in that it or its customers, or both of them, will face claims of infringement of the '327 Design Patent if Plaintiff continues to import into the US, offer for sale and sell feeding mats.

57.     Plaintiff does not infringe any valid patent right of Defendants.

58.     Thus an actual, substantial controversy exists of immediate and sufficient scope so as to warrant a Declaratory Judgment.

**Plaintiff Is Being Irreparably Injured**

59.     Defendants' false statements together with their threats to sue Plaintiff's customers have damaged Plaintiff by falsely suggesting to the consuming public that Defendants have some proprietary or IP right in a feeding mat design.

60.     Defendants' feeding mats are sold in the United States in the same channels of trade as Plaintiff's NUBY branded feeding mats.  Defendants' feeding mats compete directly with Plaintiff's NUBY branded feeding mats.

61.     A consumer considering the purchase of a NUBY branded feeding mat is likely to be presented with Defendants' feeding mat as an alternative or competing product.

62.    Defendants' social media smear campaign of false representations and direct threats to consumers, customers and retailers is likely to attract the attention of consumers, customers and retailers seeking to purchase feeding mats.  For those consumers, customers and retailers seeking to purchase feeding mats, Defendants' false statements and threats are likely to persuade that consumer, customer or retailer to purchase Defendants' feeding mats instead of the NUBY branded feeding mat.

63.    Defendants' false statements and threats also create a substantial risk of reputational damage to Plaintiff because consumers, customers and retailers seeing Defendants' false claims and threats are likely to question Plaintiff's innovativeness, potentially diminishing Plaintiff's highly valuable NUBY brand.

64.    Upon information and belief, Defendants' conduct is willful, deliberate, intentional and in bad faith.

65.    Upon information and belief, consumers, customers and retailers who would have purchased Plaintiff's NUBY branded feeding mat instead purchased Defendants' feeding mat. But for Defendants' unlawful conduct, at least a portion of Defendants' sales would have been Plaintiff's sales.

66.    The damage to Plaintiff's NUBY brand caused by Defendants' false representations is incalculable and irreparable.

67.    Plaintiff respectfully requests an immediate halt to Defendants' false statements, claims and representations.

**Defendants Are A Single Enterprise**

68.    At all times pertinent to this matter, upon information and belief, Defendant EZPZ has been under the direct control of Defendant Laurain and all its actions have been at her behest

15

and direction.  Upon information and belief, Defendants Laurain and EZPZ constitute a single business enterprise under Louisiana law with Defendant Laurain as the dominant parent entity. As such, the Court should disregard the allegedly separate identities of Defendants Laurain and EZPZ and hold them jointly and severely liable for one another's unlawful acts as alleged herein.

**FIRST CLAIM FOR RELIEF – FALSE ADVERTISING**
**(Lanham Act Violation, 15 U.S.C. § 1125(a))**

69.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 67 as if fully set forth herein.

70.     Plaintiff and Defendants sell their competing feeding mats in interstate commerce.

71.     Defendants advertise their feeding mats in interstate commerce over the internet and in social media.  Defendants' internet and social media advertising is conducted in a non-traditional advertising setting.

72.     Defendants' internet and social media advertising contain the statement that Plaintiff's feeding mat "is actually a copy and violates our utility patent!"  This statement is literally false.

73.     Upon information and belief, Defendants' false statement is likely to deceive or confuse consumers concerning an important material fact, such as Plaintiff's innovativeness, considered important by consumers in deciding which brand of feeding mat to purchase.

74.     Upon information and belief, Defendants' deceptive conduct is and has been deliberate, and has injured and continues to injure Plaintiff and its customers.

75.     Defendants know or should know that their statements are false and misleading.

76.     Plaintiff has been and continues to be damaged by Defendants' false statements and claims made in their advertising, including direct diversion of sales from Plaintiff to Defendants, diminishing Plaintiff's excellent reputation among consumers for new and

innovative products, and the lessening of the goodwill that Plaintiff enjoys among the buying public.

77.     Plaintiff has no adequate remedy at law to redress these injuries and is entitled to preliminary and permanent injunctive relief.

<u>**SECOND CLAIM FOR RELIEF – FALSE REPRESENTATION**</u>
<u>**(Lanham Act Violation, 15 U.S.C. § 1125(a))**</u>

78.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 76 as if fully set forth herein.

79.     Defendants have no utility patent.  Defendants have a utility patent application that has been rejected and continues to be rejected by the United States Patent and Trademark Office.  Defendants know or should know that, as a matter of law, their utility patent application is not and cannot be infringed by Plaintiff's feeding mat designs.

80.     Defendants' design patent is directed to a single feeding mat design.  Plaintiff's feeding mat designs are not substantially the same as Defendants' patented design.  Plaintiff does not infringe Defendants' design patent.  Defendants know or should know that their design patent is not infringed by Plaintiff's feeding mat designs.

81.     Defendants have no copyright in their feeding mat design.  Defendants' feeding mat is a useful article and contains no physically or conceptually separable pictorial, graphic or sculptural features.  Defendants' feeding mat designs are not copyrightable.  Plaintiff's feeding mat designs are original to Plaintiff and were not copied from Defendants' feeding mat designs.  Plaintiff's feeding mat designs are not substantially similar to Defendants' feeding mat designs.  Plaintiff's feeding mats do not infringe any valid copyright of Defendants.

82.     Defendants have no registration to a product configuration trademark or trade dress for their feeding mat designs.  Defendants' product configuration for their feeding mat

design is functional, is not distinctive and does not have secondary meaning.  Defendants have no trademark, trade dress or other trademark right in their feeding mat designs.  Plaintiff's feeding mat designs are not likely to cause confusion with Defendants' feeding mat design. Plaintiff's feeding mat designs do not infringe any valid product configuration trademark, trade dress or other trademark right of Defendants.

83.     Plaintiff does not violate or infringe any valid patent, copyright, trademark, trade dress or other intellectual property right of Defendants.

84.     Defendants have made statements to third parties in interstate commerce that Plaintiff's infringe Defendants' IP rights.  The statements are literally false and made with malice and without justification for the purpose of diverting sales from Plaintiff to Defendants, injuring Plaintiff's reputation or otherwise causing grave injury and harm to Plaintiff.

85.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional and in bad faith.

86.     Upon information and belief, consumers who would have purchased Plaintiff's NUBY branded feeding mats instead purchased Defendants' feeding mats.  But for Defendants' unlawful conduct, at least a portion of Defendants' sales would have been Plaintiff's sales.

87.     By reason of the foregoing acts, Defendants have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.

88.     Plaintiff has no adequate remedy at law to address these injuries.

### THIRD CLAIM FOR RELIEF
### (Violation of Louisiana Unfair Trade Practices and Consumer Protection Law , La. R.S. 51:1401, *et seq.* )

89.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 87 as fully set forth herein.

90.     Defendants' false advertising, false and misleading statements and unlawful threats made in Louisiana constitute unfair and deceptive practices prohibited by the Louisiana Unfair Trade Practices and Consumer Protection Laws.

91.     Defendants' false advertising statements broadcast over the internet and in social media were made in the State of Louisiana regarding a material fact affecting a consumer's decision to purchase feeding mats.  The false advertising statements were made in the course of Defendants' business conducted within the State of Louisiana and as such constitute unfair and deceptive practices prohibited by the Louisiana Unfair Trade Practices and Consumer Protection Laws.

92.     Plaintiff has been and continues to be damaged by Defendants' unfair and deceptive practices in an amount to be determined at trial.

93.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional and in bad faith.

94.     By reason of the foregoing acts, Defendants have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.

95.     Plaintiff has no adequate remedy at law to address these injuries.

### FOURTH CLAIM FOR RELIEF
### (Violation of Louisiana Unfair Trade Practices and Consumer Protection Law , La. R.S. 51:1401, *et seq.* )

96.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 94 as if fully set forth herein.

97.     Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers provide Plaintiff with substantial economic and business advantages.

98.     Defendants acting individually and as a single business enterprise have knowingly interfered with Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers in an effort to induce or have induced consumers, customers and retailers not to purchase Plaintiff's feeding mats. These acts of interference were made in the course of Defendants' business and conducted within the State of Louisiana, and as such constitute unfair and deceptive practices prohibited by the Louisiana Unfair Trade Practices and Consumer Protection Laws

99.     Defendants acting individually and as a single business enterprise have also knowingly interfered with Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers by calling for a boycott of Plaintiff.

100.     Defendants have no valid or lawful reason or justification to so interfere with Plaintiff's existing and prospective contracts and business relationships with consumers, customers and retailers or call for a boycott of Plaintiff.

101.     Defendants' acts of interference have been motivated by ill will, malice and spite towards Plaintiff.

102.     Defendants' acts of unlawful and unjustified interference were made with malice in the course of Defendants' business conducted within the State of Louisiana and as such constitute unfair and deceptive practices prohibited by the Louisiana Unfair Trade Practices and Consumer Protection Laws

103.     Plaintiff has suffered lost sales and damage to its reputation from Defendants unlawful and unjustified interference with Plaintiff current and prospective with consumers, customers and retailers.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment Action)

104.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 102 as if fully set forth herein.

105.    Plaintiff does not directly or indirectly infringe the '327 Design Patent either literally or under the doctrine of equivalents.  Plaintiff does not induce others or contribute to the infringement of the '327 Patent.

106.    Upon information and belief, the '327 Design Patent is invalid and unenforceable.

107.    Defendants have threatened Plaintiff and upon information and belief have threatened Plaintiff's customers with infringement of the '327 Design Patent.  Neither Plaintiff nor its customers infringe any valid claim of the '327 Design Patent.  Based on Defendants' threats with respect to the '327 Design Patent, Plaintiff has a reasonable apprehension of it or its customers being sued over the '327 Design Patent.  An actual, immediate, substantial and justiciable controversy exists regarding the alleged infringement, validity and unenforceability of the '327 Design Patent.

108.    A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain its rights and duties with respect to the '327 Design Patent.

109.    Defendants have no other valid patent, copyright, trademark, trade dress or other intellectual property right in any feeding mat design.  Plaintiff does not infringe any valid patent, copyright, trademark, trade dress or other intellectual property right of Defendants.

110.    Defendants have threatened Plaintiff and upon information and belief have threatened Plaintiff's customers with infringement of defendants "IP rights."  Neither Plaintiff nor its customers infringe any valid IP right of defendants.

111.    Based on Defendants' threats with respect to their alleged IP rights, Plaintiff has a reasonable apprehension of it or its customers being sued over some IP right.   An actual, immediate, substantial and justiciable controversy exists regarding the alleged infringement, validity and unenforceability of the Defendants' alleged IP rights.

112.    A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain its rights and duties with respect to Defendants' purported copyrights, trademarks, trade dress or other IP rights, if any.

**REQUEST FOR RELIEF**

Wherefore, Plaintiff LNC respectfully requests that the Court enter judgment as follows:

A.    That an Order be entered declaring Defendants EZPZ and Laurain constitute a single business enterprise under Louisiana Law and that each of them should be held jointly and severally liable for the other's acts and omissions;

B.    That Defendants violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the Louisiana Unfair Trade Practice and Consumer Protection Law;

C.    That an Order be entered preliminarily and permanently enjoining Defendants EZPZ and Laurain from disseminating or causing the dissemination of any false or misleading advertising, false or misleading claims, false or misleading representations or false or misleading statements alleged herein, or any colorable variations thereof;

D.    That an Order be entered directing an accounting by Defendants EZPZ and Laurain of their gains, profits, savings, and advantages realized by reason of their false representations, awarding Plaintiff LNC damages to the fullest extent allowed by law, and trebling Plaintiff LNC's recovery pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and the Louisiana Unfair Trade Practice and Consumer Protection Law;

E.      That an Order be entered awarding actual and punitive damages to Plaintiff LNC as proven at the trial of this action in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117 and under Louisiana Law including  the Louisiana Unfair Trade Practice and Consumer Protection Law;

F.      A declaration that the '327 Design Patent is invalid and unenforceable;

G.      A declaration that Plaintiff LNC has not and does not infringe any valid claim of the '327 Design Patent;

H.      A declaration that the case is exceptional within the meaning of the 35 U.S.C. §285;

I.      A declaration that Defendants' feeding mats are not copyrightable or, alternatively, any claimed copyright is invalid and unenforceable;

J.      A declaration that Plaintiff does not infringe any valid copyright of Defendants;

K.      A declaration that Defendants' feeding mats are not protected by any trademark, trade dress or other trademark right of Defendants or, alternatively, any claimed trademark or trade dress right of Defendants is invalid and unenforceable;

L.      A declaration that Plaintiff does not infringe any valid trademark or trade dress right of Defendants;

M.      That an Order be entered granting Plaintiff LNC its costs and disbursements in this action, including its reasonable attorneys' fees; and

N.      All such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff LNC demands trial by jury in this action of all issues so triable.

Respectfully submitted this 3rd day of June, 2016.

/s/ Joe D. Guerriero
Joe D. Guerriero
Louisiana State Bar Roll No.:  06391
E-Mail:  joed@nuby.com
3030 Aurora Avenue
Monroe, LA 71201
Telephone:  (318) 338-3603
Facsimile:   (318) 388-5892

Admission Pro Hac Vice Requested
Robert M. Chiaviello, Jr.
Texas State Bar No. 0249120
E-Mail:  bobc@nuby.com
3030 Aurora Avenue
Monroe, LA 71201
Telephone:  (318) 410-4012
Facsimile:   (318) 388-5892

Admission Pro Hac Vice Requested
Hartwell P. Morse, III
Illinois State Bar No. 6199527
E-Mail:  hartm@nuby.com
3030 Aurora Avenue
Monroe, LA 71201
Telephone:  (318) 338-3108
Facsimile:   (318) 388-5892

Attorneys for Plaintiff Luv n' care, Ltd.