c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LUV N' CARE LTD,<br>Plaintiff | CIVIL ACTION NO. 3:16-CV-00777 |
| VERSUS | JUDGE JAMES |
| LINDSEY LAURAIN, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Plaintiff Luv N' Care LTD's ("LNC's") "Motion with Incorporated Memorandum in Support of Plaintiff's Rule 59(e) Motion to Alter, Amend, and/or Reconsider" ("Motion to Reconsider"). (Doc. 97).

On January 29, 2018, the undersigned issued a Memorandum Order (Doc. 96) granting in part and denying in part LNC's Motion to Amend (Doc. 76, and granting Defendant Eazy-PZ, LLC's ("EZPZ's") Motion to Enforce (Doc. 85). The undersigned granted EZPZ's Motion to Enforce because LNC's counsel Robert Chiaviello ("Chiaviello") is a competitive decisionmaker. (Doc. 96). On February 12, 2018, LNC filed this motion (Doc. 97), and simultaneously filed an appeal to the district judge. (Doc. 98). On March 5, 2018, EZPZ responded. (Doc. 103).

In its Motion to Reconsider, LNC requests the Court to amend its ruling and hold that Chiaviello should not be excluded from seeing "Confidential" and "Highly Confidential, Counsel Eyes Only" discovery information. (Doc. 97). LNC seeks relief under Fed. R. Civ. P. 59(e), which governs motions to alter or amend judgment. (Doc. 97). No Federal Rule of Civil Procedure specifically applies to a motion to reconsider.

Cressionnie v. Hample, 184 Fed. App'x. 366, 369 (5th Cir. 2006); Shepard v. Int'l Paper Co., 372 F.3d 326, 328 (5th Cir. 2004).  However, LNC's motion is properly construed as a Rule 59(e) motion to alter or amend the judgment.  See Shepard, 372 F.3d at 328 n.1; Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994) (en banc); Fed. R. Civ. P. 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently by the courts and only in specific circumstances. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued." Schiller v. Physicians Res. Grp., Inc., 342 F.3d 563, 567 (5th Cir. 2003) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) (other citations and quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." Schiller, 342 F.3d at 567-68 (citation omitted).

A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence, legal theories, or arguments that could have been raised before judgment. Templet, 367 F.3d at 478-79.  In determining whether to grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the need for finality

2

against the need to render equitable decisions based on all the facts. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).

Here, LNC contends its motion is based upon: (1) evidence not previously presented to the Court; and (2) the Court not having considered that the prosecution of the Utility Patent filed by LNC has in fact been turned over to an outside law firm (Baker McKenzie).[1] (Doc. 97). LNC also asserts the Court did not consider the status of LNC's PCT Patent Application No. PCTUS17/45110 ("LNC's PCT patent application"). Specifically, there apparently has been no substantive prosecution of the PCT Patent application since Chiaviello began handing the matter. (Doc. 97). LNC also contends the Court did not consider the fact that the LNC PCT Patent Application was provided to EZPZ's counsel of record in August of 2016. (Doc. 97).

LNC further contends it did not list Chiaviello as a witness, meaning "he was not going to be a witness" but rather intended to act as LNC's counsel. (Doc. 97). LNC asserts there is no evidence "that Chiaviello makes any strategic decisions on the type and scope of patent protections that might be available or worth pursuing for such inventions especially the one he filed prior to [EZPZ's] Patent application." LNC argues the removal of Chiaviello as Lead Counsel is unjust and generally not allowed by the courts when outside counsel is employed to handle the continuation of any patent application and/or prosecution thereof. (Doc. 97).

---

[1] In support, LNC provides Chiaviello's self-serving declaration attesting that prosecution of the LNC PCT patent was turned over to Baker McKenzie on December 12, 2017. (Doc. 97-1). Additionally, Chiaviello attests he will continue to play a role between Baker McKenzie and Mr. Hakim regarding communications, reports, directives, or comments, albeit merely as an administrator. (Doc. 97-1).

In response, EZPZ contends that LNC's arguments were previously raised, or could have been raised, by LNC. (Doc. 103). EZPZ asserts that the Court has already at least considered the "new evidence" – that Chiaviello has now transferred prosecution of LNC's PCT patent application to outside counsel. (Doc. 103). EZPZ maintains LNC failed to identify any manifest errors of law, and that LNC merely rehashes its previous arguments. (Doc. 103).

The hearing on EZPZ's Motion to Enforce took place on December 18, 2017. (Doc. 93). This motion is the first instance that LNC has asserted the patent prosecution has been turned over to Baker McKenzie or evidenced that. (Doc. 97-1). Further, based on the record and LNC's assertions, this is not newly-discovered evidence, but evidence that was in LNC's possession prior to the hearing and this Court's ruling. LNC failed to present this evidence to the Court in the first instance. In its ruling, the Court considered LNC's assertion that it intended to turn over the patent prosecution of the Utility Patent to an outside firm, but that was not the sole basis for the Court's ruling.

In other words, to whatever extent the transfer of the patent prosecution may be considered a "new" development, it is not dispositive. The remainder of LNC's arguments were, in fact, raised and rejected by the Court.

Having considered the submissions of the parties and the record before the Court, the Court finds no basis to set aside its previous Memorandum Order. Thus, LNC's Motion to Reconsider (Doc. 97) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge