UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD. | * | CIVIL ACTION NO. 3:16-cv-00777 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| LAURAIN, ET AL. | * | MAG. JUDGE JOSEPH H.L. PEREZ-MONTES |

**************************************************************************

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR JUDGMENT ON THE PLEADINGS

Pending before the Court is Admar International, Inc.'s ("Admar") Motion for Partial Summary Judgment And/Or Judgment on the Pleadings Dismissing EZPZ's Unjust Enrichment Claims [Doc. No. 165]. EZPZ has filed an opposition [Doc. No. 175], and Admar has filed a Reply [Doc. No. 179]. The matter is fully briefed. The Court is now prepared to rule.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 3, 2016, Luv N' Care, Ltd. ("LNC") filed a Complaint for Unfair Competition and Declaratory Judgment [Doc. No. 1] against Defendants Lindsey Laurain[1] and Eazy-PZ, LLC ("EZPZ"). In its Complaint, LNC seeks an injunction and damages for alleged acts of unfair competition by EZPZ. LNC also seeks a declaratory judgment that LNC is not violating any valid existing intellectual property right of EZPZ.

---

[1] Pursuant to the Stipulated Dismissal Without Prejudice [Doc. No. 31], a Judgment of Dismissal was entered as to Defendant Lindsey Laurain, dismissing Plaintiff's claims against said Defendant, without prejudice [Doc. No. 32], leaving Eazy-PZ, LLC as the sole Defendant.

More specifically, LNC seeks an injunction and damages for EZPZ's alleged acts of false advertising, false representation, and unfair competition allegedly based on false claims of infringement. [Doc. No. 21]. LNC alleges the product giving rise to this action is a feeding mat, which is an integrated self-sealing silicone place mat with a built-in bowl or plate that attaches to the table using suction. [Doc. No. 21]. LNC alleges EZPZ has no valid existing intellectual property right that covers any aspect of LNC's feeding mats. [Doc. No. 21]. LNC alleges EZPZ sells competing feeding mats. [Doc. No. 21].

EZPZ filed an Answer to Complaint, Answer to Amended Complaint, and Counterclaim against LNC alleging that LNC infringed the '903 Utility Patent and the '327 Design Patent, violated 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and unfairly competed with EZPZ in violation of state and common law. [Doc. No. 27]. EZPZ seeks monetary damages and a permanent injunction against LNC. [Doc. No. 27].

LNC answered EZPZ's Counterclaim asserting various affirmative defenses. [Doc. No. 33]. EZPZ amended its Counterclaim asserting claims against third party Counter-Defendants Admar and Nouri E. Hakim ("Hakim") [Doc. No. 40]. These claims included allegations of (1) utility and design patent infringement; (2) copyright infringement; (3) trademark infringement, unfair competition and false designation of origin and trade dress infringement arising from the Lanham Act; (4) unfair trade practice under the Louisiana Unfair Trade Practices and Consumer Protection Act; and (5) unjust enrichment. Defendants Admar, Hakim, and LNC answered, asserting various affirmative defenses. [Doc. No. 45].

Admar filed the pending Motion for Partial Summary and/or Judgment on the Pleadings [Doc. No. 165] seeking dismissal of the unjust enrichment claims asserted by EZPZ, on the basis that the mere act of pleading other causes of action defeats unjust enrichment as a matter of law.

EZPZ responds that Admar is not entitled to partial summary judgment because: (1) EZPZ's unjust enrichment allegations are not based on the same conduct that allegedly supports its infringement and unfair trade practices claims, and (2) federal courts in Louisiana have rejected the blanket proposition that no plaintiff may ever plead an unjust enrichment claim alongside a claim which would grant a remedy at law.

EZPZ further responds that it does not oppose dismissal of its unjust enrichment claims without prejudice with each party bearing its own fees and costs, and, requests that this Court convert this motion to a motion for voluntary dismissal under Federal Rule of Civil Procedure 41.

Admar replies that EZPZ's unjust enrichment claims are invalid as a matter of law and should be dismissed with prejudice. Admar further argues that EZPZ should not permitted to avoid dismissal with prejudice by its last-minute offer to dismiss without prejudice under Rule 41, inasmuch as EZPZ has not filed a motion to voluntarily dismiss its claim, and, dismissal without prejudice should be refused when it is sought to avoid an adverse result on a pending motion.

Rule 41(a)(2) provides "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counter claim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

The United States Court of Appeals for the Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will

suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Clark v. Happy Days, LLC*, No. CIV.A. 10-0310, 2011 WL 61180, at *1 (W.D. La. Jan. 7, 2011) (quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)).

After review, the Court GRANTS EZPZ's request for voluntary dismissal without prejudice of its unjust enrichment counter-claim under Rule 41 contained within its opposition memorandum [Doc. No. 175] with each party bearing its own fees and costs. Admar's Motion for Partial Summary Judgment And/Or Judgment on the Pleadings Dismissing EZPZ's Unjust Enrichment Claims [Doc. No. 165] is DENIED AS MOOT.

MONROE, LOUISIANA, this 22nd day of October, 2018.

                                              **TERRY A. DOUGHTY**
                                **UNITED STATES DISTRICT JUDGE**