UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD. | * | CIVIL ACTION NO. 3:16-cv-00777 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| LAURAIN, ET AL. | * | MAG. JUDGE JOSEPH H.L. PEREZ-MONTES |

**************************************************************************

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before the Court is Admar International, Inc.'s ("Admar") Motion for Partial Summary Judgment Dismissing Eazy-PZ, LLC's ("EZPZ") Utility and Design Patent Infringement Claims [Doc. No. 166]. EZPZ has filed an opposition [Doc. No. 176], and Admar has filed a Reply [Doc. No. 181]. The matter is fully briefed. The Court is now prepared to rule.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 3, 2016, Luv N' Care, Ltd. ("LNC") filed a Complaint for Unfair Competition and Declaratory Judgment [Doc. No. 1] against Defendants Lindsey Laurain[1] and Eazy-PZ, LLC ("EZPZ"). In its Complaint, LNC seeks an injunction and damages for alleged acts of unfair competition by EZPZ. LNC also seeks a declaratory judgment that LNC is not violating any valid existing intellectual property right of EZPZ.

---

[1]Pursuant to the Stipulated Dismissal Without Prejudice [Doc. No. 31], a Judgment of Dismissal was entered as to Defendant Lindsey Laurain, dismissing Plaintiff's claims against said Defendant, without prejudice [Doc. No. 32], leaving Eazy-PZ, LLC as the sole Defendant.

More specifically, LNC seeks an injunction and damages for EZPZ's alleged acts of false advertising, false representation, and unfair competition allegedly based on false claims of infringement. [Doc. No. 21]. LNC alleges the product giving rise to this action is a feeding mat, which is an integrated self-sealing silicone place mat with a built-in bowl or plate that attaches to the table using suction. [Doc. No. 21]. LNC alleges EZPZ has no valid existing intellectual property right that covers any aspect of LNC's feeding mats. [Doc. No. 21]. LNC alleges EZPZ sells competing feeding mats. [Doc. No. 21].

EZPZ filed an Answer to Complaint, Answer to Amended Complaint, and Counterclaim against LNC alleging that LNC infringed the '903 Utility Patent and the '327 Design Patent, violated 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and unfairly competed with EZPZ in violation of state and common law. [Doc. No. 27]. EZPZ seeks monetary damages and a permanent injunction against LNC. [Doc. No. 27].

LNC answered EZPZ's Counterclaim asserting various affirmative defenses. [Doc. No. 33]. EZPZ amended its Counterclaim asserting claims against third party Counter-Defendants Admar and Nouri E. Hakim ("Hakim") [Doc. No. 40]. These claims included allegations of (1) utility and design patent infringement; (2) copyright infringement; (3) trademark infringement, unfair competition and false designation of origin and trade dress infringement arising from the Lanham Act; (4) unfair trade practice under the Louisiana Unfair Trade Practices & Consumer Protection Act; and (5) unjust enrichment. Defendants Admar, Hakim, and LNC answered, asserting various affirmative defenses. [Doc. No. 45].

Admar filed the pending Motion for Partial Summary [Doc. No. 166] contending that EZPZ has no evidentiary basis for its utility and design patent infringement claims against it. Admar asserts that it is merely a holding company that owns intellectual property which it

licenses to other companies; that it does not make, use, sell, offer for sale, or import any products; and that it does not direct, control, supervise, or influence LNC or its other licensees, or the products that LNC and its other licensees make, use, sell, offer for sale, or import. Admar contends, therefore, that EZPZ cannot establish that it has infringed or induced infringement of any of EZPZ's alleged intellectual property rights. Admar's contentions are supported by the affidavit of its CEO, Hakim. [Doc. No. 166-2]

EZPZ responds that the business practices of LNC and Admar are comingled to the extent neither knows where to draw the line between where one ends and the other begins. EZPZ further asserts that Admar's arguments regarding direct infringement are moot because EZPZ never alleged *direct* infringement against Admar, but instead alleges *induced* infringement. EZPZ further contends that the record shows a genuine dispute of material fact, inasmuch as Admar has taken several affirmative acts to induce LNC and/or customers to infringe EZPZ's patents. Finally, EZPZ asserts that Admar's motion is premature and should be denied (or at least postponed) because there are several discovery requests pending. EZPZ offered no summary judgment evidence to support its contentions.

## II.    LAW AND ANALYSIS

### A.    Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact.

*Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

**B.     Analysis**

"To prove inducement of infringement, the patentee must [ ] show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 843 F.3d 1315, 1332 (Fed. Cir. 2016). The mere act of licensing a trademark, without more, is insufficient to establish induced infringement. *Gibson Guitar Corp. v. Viacom Int'l Inc.*, No. 12-10870, 2013 WL 2155309, at *3 (C.D. Cal. May 17, 2013), *aff'd sub nom. Gibson Brands, Inc. v. Viacom Int'l. Inc.*, 640 F. App'x 677 (9th Cir. 2016).

4

Admar has met its burden as the movant by pointing to the lack of genuine issues of material fact.  In response, EZPZ has failed to produce any evidence of an affirmative act by Admar to encourage LNC's alleged infringement.  Further, Admar contends that its sole function is to own intellectual property rights and license those rights to others, and, EZPZ has produced no evidence to indicate otherwise.

While EZPZ asserts that it has lacked adequate time to obtain discovery, this case has been pending for more than two years.  During that time, EZPZ has propounded numerous requests for production to Admar and has received responses, and EZPZ has deposed Admar's CEO, Hakim.  Additionally, a request for a delay under Rule 56(d) must be accompanied by an affidavit or declaration that, for specified reasons, a party cannot present facts essential to justify its opposition.  FED. R. Civ, P. 56(d).  EZPZ has failed to produce such an affidavit or declaration.  Finally, EZPZ also fails to identify what additional facts it seeks or how those facts will influence the outcome of Admar's motion.

### III.    CONCLUSION

For the foregoing reasons, Admar International, Inc.'s Motion for Partial Summary Judgment Dismissing Eazy-PZ, LLC's Utility and Design Patent Infringement Claims [Doc. No. 166] is GRANTED, and these claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 22nd day of October, 2018.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**