UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD. | * | CIVIL ACTION NO. 3:16-cv-00777 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| LAURAIN, ET AL. | * | MAG. JUDGE JOSEPH H.L. PEREZ-MONTES |

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT ON EZPZ'S TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN CLAIMS

Pending before the Court is Luv N' Care, Ltd.'s ("LNC") Motion for Partial Summary Judgment seeking dismissal of Eazy-PZ, LLC's ("EZPZ") trademark infringement and false designation of origin claims [Doc. No. 193]. EZPZ has filed an opposition [Doc. No. 201], and LNC has filed a Reply [Doc. No. 207]. The matter is fully briefed. The Court is now prepared to rule.

## I. FACTUAL AND PROCEDURAL BACKGROUND

LNC and EZPZ both sell a silicone feeding mat for young children that features an integrated bowl or partitioned plate incorporated with a placemat. LNC initiated this litigation on June 3, 2016, by filing a Complaint for Unfair Competition and Declaratory Judgment [Doc. No. 1] against Defendants Lindsey Laurain[1] and EZPZ, seeking an injunction and damages for

---

[1] Pursuant to the Stipulated Dismissal Without Prejudice [Doc. No. 31], a Judgment of Dismissal was entered as to Defendant Lindsey Laurain, dismissing Plaintiff's claims against said Defendant, without prejudice [Doc. No. 32], leaving Eazy-PZ, LLC as the sole Defendant.

alleged acts of unfair competition by EZPZ. LNC also requested a declaratory judgment that LNC is not violating any valid existing intellectual property right of EZPZ.

EZPZ filed responsive pleadings alleging that LNC had infringed on its patents, violated 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and unfairly competed with EZPZ in violation of state and common law. [Doc. No. 27]. EZPZ requested monetary damages and a permanent injunction against LNC. [Doc. No. 27].

LNC answered EZPZ's counterclaim and asserted various affirmative defenses. [Doc. No. 33]. EZPZ, which has the registered trademark HAPPY MAT, amended its counterclaim to assert claims against LNC for trademark infringement and false designation of origin, in connection with LNC's use of the HAPPY SILICONE FEEDING MAT mark [Doc. No. 40, Counts IV and V, ¶¶ 91-112]. LNC answered, denying those claims. [Doc. No. 45].

LNC filed the pending Motion for Partial Summary [Doc. No. 193] seeking dismissal of the trademark infringement and false designation of origin claims asserted by EZPZ. LNC contends that the only occasion on which it advertised an integrated dinnerware and placemat using the name HAPPY SILICONE FEEDING MAT was in an International Catalog at the 2016 Kind + Jugend Trade Show in Cologne, Germany; that it has never advertised, promoted, marketed, packaged, used, offered for sale, or sold any product in the United States market using the name "HAPPY SILICONE FEEDING MAT"; and, therefore, that EZPZ cannot establish that LNC infringed EZPZ's alleged United States trademark or created any effect on United States Commerce—which are necessary predicates as a matter of law to EZPZ's claims.

EZPZ responds that LNC is not entitled to partial summary judgment (1) because discovery is not complete, and, (2) because LNC's conduct in using HAPPY SILICONE FEEDING MAT to describe its products in its catalogue that was distributed at least at the trade

show in Cologne, Germany, infringed on its registered HAPPY MAT trademark, which had an effect on United States commerce.  EZPZ further responds that it does not oppose dismissal of its claims without prejudice with each party bearing its own fees and costs, and, it requests that this Court convert this motion to a motion for voluntary dismissal under Federal Rule of Civil Procedure  41.

LNC replies that EZPZ's claims are invalid as a matter of law and should be dismissed with prejudice.  LNC further argues that EZPZ should not permitted to avoid dismissal with prejudice by its last-minute offer to dismiss without prejudice under Rule 41, since EZPZ has not filed a motion to voluntarily dismiss these claims, and dismissal without prejudice should be refused when it is sought to avoid an adverse result on a pending motion.

## II.     LAW AND ANALYSIS

### A.     Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if

the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

**B.  Analysis**

To prevail on its trademark infringement claim or on its false designation of origin claim, EZPZ must prove that LNC used the name HAPPY SILICONE FEEDING MAT in commerce or caused an effect on United States commerce as provided under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

With regard to trademark infringement, 15 U.S.C. § 1114(1) provides in pertinent part:

(1) Any person who shall, without the consent of the registrant--

> (a) use *in commerce* any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be *used in commerce* upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which

> such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1) (emphasis added).

With regard to false designation of origin, 15 U.S.C. § 1125(a) provides in pertinent part:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (b) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

The test for false designation of origin under 15 U.S.C. § 1125 is the same as the test for trademark infringement of a federally registered mark under 15 U.S.C. § 1114(1). *Nintendo of Am., Inc. v. Brown*, 94 F.3d 652, 1996 WL 468590, at *1 (9th Cir. Aug. 16, 1996) (unpublished) (citations omitted) ("The test for claims brought for false designation of origin 'is exactly the same as for trademark infringement[.]'"); *see also Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) ("Under the Lanham Act,...we use the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin[.]"); *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897 (C.D. Cal. Feb. 20,

5

2014) ("A claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114.").

The Lanham Act defines commerce as "all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127. A trademark is "used in commerce" on goods when it is "placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and the goods are sold or transported in commerce..." *Id.*

LNC contends that the undisputed facts establish that it never advertised, promoted, marketed, packaged, used, offered for sale or sold any product in the United States using the name HAPPY SILICONE FEEDING MAT. LNC asserts that it used the name once and only once: in the Nuby 2017 International Product Catalog at a 1016 trade show in Cologne, Germany. LNC further asserts that it did not distribute the catalog anywhere in the United States, and, further, that all of LNC's silicone feeding mats are sold in packaging using the name Sure Grip Miracle Mat, both within the United States and abroad. LNC concludes that, under the undisputed facts, the Lanham act cannot apply, extraterritorially, as a matter of law, to the single use of HAPPY SILICONE FEDING MAT in an international catalog at a tradeshow in Cologne, Germany, which could not have had any effect on United States commerce.

EZPZ, on the other hand, contends that LNC's use of HAPPY SILICONE FEEDING MAT to describe its products in its catalogue that was distributed in the trade show in Cologne, Germany, infringed its registered trademark, HAPPY MAT, and that this had an effect on United States commerce. EZPZ argues that the trade show is attended by buyers for all of the major U.S. retailers for baby products including BuyBuyBaby, Target, Walmart, and, formerly, Babies

R' Us.  It further argues that a number of U.S. businesses rely on this trade show to announce new products—many of which are sold in the U.S.  EZPZ states that, given that LNC was advertising to large U.S. distributors, there is a likelihood that some impact (more than a *de minimus* impact) will be found. EZPZ asserts that it has worked to obtain discovery to show the degree to which LNC's activities abroad at the trade show had on EZPZ's U.S. e-commerce, and that additional depositions are already set.

The Court finds that EZPZ has made a showing of the effect that LNC's activities abroad had on U.S. commerce sufficient to defeat summary judgment.  Congress has the authority to regulate conduct of its own citizens abroad.  *Steele v. Bulova Watch Co.,* 344 U.S. 280, 285 (1952). This authority has been interpreted by the Fifth Circuit and other federal courts to allow extraterritorial application of the Lanham Act to activities which affect U.S. commerce. *See Am. Rice, Inc. v. Ark. Rice Growers Coop. Ass'n*, 701 F.2d 408, 413-14 (5th Cir. 1983) (herein *American Rice*). Under the *American Rice* test, the relevant factors for extraterritorial application of the Lanham Act are "the citizenship of the defendant, the effect on United States commerce, and the existence of a conflict with foreign law." *Id*. at 414 (citing *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 642 (2d Cir. 1956)); *see also Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 327-28 (5th Cir. 2008). However, the Fifth Circuit has explained that, "[t]he absence of any one of these [factors] is not dispositive.  Nor should a court limit its inquiry exclusively to these considerations.  Rather, these factors will necessarily be the primary elements in any balancing analysis." *American Rice*, 701 F.2d at 414 & n.9 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 428-29 (9th Cir. 1977)).  Further, a plaintiff need only show *some*, rather than a *substantial*, effect on United States commerce to exercise extraterritorial

jurisdiction. *See American Rice*, 701 F.2d at n.8; *see also Cottonwood Fin. Ltd. v. Cash Store Fin. Servs.*, 778 F. Supp. 2d 726, 733 (N.D. Tex. March 31, 2011).

LNC cites *Basis Int'l Ltd. v. Research in Motion Ltd.*, 827 F. Supp. 2d 1302, 1305–08 (D.N.M. Dec. 6, 2011), in support of its contention that there has to be a showing of a substantial effect. However, the Court in that case found that there was a sufficient showing of an effect on U.S. commerce where the trademark at issue was to be used at a conference to be held in Singapore. The Court stated it would be naive to believe that any confusion would be limited to only those attending the conference, and that "it is not a stretch to state that [the defendant] is attempting global publicity, much of which is aimed at [the plaintiff's] core customer base—U.S. software developers." *Id.* at p. 1306. Likewise, in the instant case, the fact that the trademark at issue was used in a trade show in Germany does not diminish the effect it may have had on U.S. customers in attendance, such as Target and Walmart.

The Court therefore DENIES the motion for partial summary judgment [Doc. No. 193].

### C. Voluntary Dismissal Without Prejudice

EZPZ additionally requests in its opposition memorandum [Doc. No. 201] that it be allowed to voluntary dismiss without prejudice its trademark infringement and false designation of origin claims under Rule 41, with each party bearing its own fees and costs.

Rule 41(a)(2) provides "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counter claim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

The Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

After review, the Court GRANTS EZPZ's request contained within its opposition memorandum [Doc. No. 201] for voluntary dismissal without prejudice of its trademark infringement and false designation of origin claims under Rule 41, with each party bearing its own fees and costs.

**IV.    Conclusion**

For the foregoing reasons, the Court DENIES LNC's Motion for Partial Summary Judgment seeking dismissal of EZPZ's trademark infringement and false designation of origin claims [Doc. No. 193].   The Court GRANTS EZPZ's Motion for Voluntary Dismissal [Doc. No. 201] without prejudice of its trademark infringement and false designation of origin claims under Rule 41, with each party bearing its own fees and costs.

MONROE, LOUISIANA, this 29th day of November, 2018.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**