d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LUV N' CARE, LTD.                         CIVIL ACTION NO. 1:16-CV-00777
Plaintiff

VERSUS                                    JUDGE DOUGHTY

LINDSEY LAURAIN, EAZY-PZ,      MAGISTRATE JUDGE PEREZ-MONTES
LLC, Defendants

---

## MEMORANDUM ORDER

Before the Court is a Motion for Protective Order (Doc. 233) filed by Plaintiff,

Luv N' Care, Ltd., ("LNC"), and opposed by Defendants Lindsey Laurain ("Laurain")

and Eazy-PZ, LLC ("EZPZ") (collectively, "Defendants").  LNC seeks relief from its

default obligation to provide a Rule 30(b)(6) witness prepared to testify regarding

matters identified in EZPZ's Notice of 30(b)(6) Deposition of Luc N' Care, Ltd. (Doc.

233-1).  LNC's Motion for Protective Order (Doc. 233) is GRANTED IN PART AND

DENIED IN PART, as set forth specifically below.

As an initial matter, the Court need not take a firm position regarding the

broader legal dispute identified in LNC's Motion.  That dispute concerns whether, as

a general principle, Rule 30(b)(6) depositions – as opposed to contention

interrogatories – are the appropriate vehicle to address contentions in patent

infringement lawsuits.  The present circumstances do not require that controversial

issue be decided for purposes of general application.  Rather, the Court addresses

LNC's Motion narrowly – based upon the particular topics and objections identified.

With that in mind, the Court rules as follows.

LNC's Motion for Protective Order (Doc. 233) is DENIED IN PART AS MOOT to the extent it seeks exclusion of Deposition Topics 79, 84-86, and 97, as EZPZ has voluntarily withdrawn those Topics. (Doc. 237, p. 1).

LNC's Motion for Protective Order is GRANTED IN PART to the extent it seeks preclusion of Rule 30(b)(6) testimony related to the specific matters addressed in LNC's Amended Final Invalidity and Unenforceability Contentions (the "Contentions") (Docs. 233-7, 233-8), and its Responses to EZPZ's Interrogatories 2 and 4-7 (Doc. 233-6). Of course, LNC's request for a protective order in this regard effectively, and lastingly, binds LNC to the Contentions. As to the matters addressed therein, the Court would likely consider the Contentions an exclusive and exhaustive source of potentially admissible evidence for LNC, absent a showing of exceptional circumstances.

However, the Protective Order will extend only to matters specifically addressed in the Contentions. Before or during the deposition(s), should they proceed as scheduled, counsel for LNC and EZPZ will confer and cooperate to identify those matters so addressed in the Contentions. But the Protective Order does not extend to related, but actually unaddressed, matters, or to, for example, LNC's "subjective beliefs and opinions" regarding matters addressed in the Contentions, if those matters can be raised with a deponent without breaching confidentiality. See, e.g., Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006). In these respects – as to matters not specifically addressed in the Contentions – the Motion for Protective Order (Doc. 233) is DENIED IN PART.

Further, LNC's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART to the extent it seeks preclusion of Rule 30(b)(6) testimony about the following Topics: 33-35, 79, 81-91, 93, and 97. After EZPZ's voluntary withdrawal of a number of Topics, only the following Topics remain in dispute: 33-35, 81-83, 87-91, 93, and 97.

EZPZ's use of the phrase "all facts and evidence," and similar phrases, is plainly improper. See, e.g., Gossar v. Soo Line R. Co., 3:09-CV-9RLYWGH, 2009 WL 3570335, at *3 (S.D. Ind. Oct. 27, 2009) (concluding that a Rule 30(b)(6) deposition notice which repeatedly sought testimony about "all facts" pertaining to a particular issue was "over broad and excessively burdensome," and amending those topics in time and scope). The Court agrees with the common-sense observation of another district court cited by LNC, McCormick-Morgan, Inc. v. Teledyne Indus., Inc., 134 F.R.D. 275, 286 (N.D. Cal.1991), rev'd, 765 F.Supp. 611 (N.D. Cal.1991). While considering a Rule 30(b)(6) deposition notice in a patent infringement case, the Court explained: "[N]o human being (especially a non-lawyer) could reliably and completely set forth . . . every item of evidence and every aspect of legal argument or authority that had any tendency to help support any position," particularly not in a technical or otherwise complex case. Id. LNC's Motion (Doc. 233) is therefore GRANTED IN PART, and the pgrase "all facts and evidence," and similar phrases, are hereby STRICKEN from the Notice in each of the Topics listed above.

Once again, however, a Rule 30(b)(6) deponent's testimony need not be limited to isolated facts. Again, common-sense boundaries on both sides of what a deponent may be expected to address are appropriate.

On the one hand, subjective information, corporate positions, and information simply falling beyond the stated boundaries of a discovery response, may be fertile ground in a Rule 30(b)(6) deposition. On the other hand, as argued by LNC, a corporate designee barred from reviewing information designated as "Highly Confidential" can neither be expected to testify as a Rule 30(b)(6) representative regarding that information, nor be used as a means of excluding such information from admission at trial. In a case of this complexity, the adequacy of a Rule 30(b)(6) deponent's knowledge, preparation, and responsiveness, is not absolute.

Accordingly, LNC's Motion is DENIED IN PART to the extent it seeks exclusion of Topics 33-35, 81-83, 87-91, 93, and 97 in their entirety. Before or during the deposition(s), should they proceed as scheduled, counsel for LNC and EZPZ are hereby ORDERED to confer and attempt to settle upon formulations of the Topics that are narrower in scope, and that exclude references to "all facts and evidence." Short of reformulating every listed Topic, some general guidance is possible.

In this Court's view, for instance, counsel for LNC or the deponent could reasonably state that a complete, binding response to an overbroad question cannot be given, or that reference to a specific group of documents is the only means of providing a comprehensive response. Those positions fall well short of the "deficiency," unpreparedness, or "ignorance" of a subject that generally warrant

preclusion of evidence or other sanctions under Rule 30(b)(6).  Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006); Function Media, L.L.C. v. Google, Inc., 2:07-CV-279-CE, 2010 WL 276093, at *1 (E.D. Tex. Jan. 15, 2010).

Accordingly, Court will allow inquiry – reasonable in scope – related to the subjects matters listed in Topics 33-35, 81-83, 87-91, 93, and 97, even if factual allegations, affirmative defenses, or bases of contention are at issue.  Likewise, the Court will not punish a deponent's inability to address the entirety, the minutiae, or the legal complexity, of large troves of information.  Rather, the Court would take issue with, and potentially exclude evidence related to, a deponent's lack of reasonable preparation given the initial contents of the Notice, ignorance of vital issues, inability to reference more comprehensive sources of information if absolutely necessary, or general "deficiency" as a Rule 30(b)(6) deponent.  And the Court will sanction any party's unwillingness to cooperate, in good faith, in an effort to comply with the Court's instructions above, given their necessary generality.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 22nd day of January, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE