UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD. | * | CIVIL ACTION NO. 3:16-cv-00777 |
| | * | |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| | * | |
| LAURAIN, ET AL. | * | MAG. JUDGE JOSEPH H.L. PEREZ-MONTES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pending before the Court is Plaintiff Luv N. Care, Ltd. ("LNC") and Counterclaim-Defendant Nouri E. Hakim's ("Hakim") Motion for Partial Summary Judgment Dismissing EAZY-PZ, LLC's ("EZPZ") Design Patent Infringement Claims (Counts II and XIII) [Doc. No. 238]. Defendant/Counterclaim-Plaintiff EZPZ has filed an Opposition [Doc. No. 254]. LNC and Hakim have filed a Reply [Doc. No. 259]. The matter is fully briefed. The Court is now prepared to rule.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On June 3, 2016, Luv N' Care, Ltd. ("LNC") filed a Complaint for Unfair Competition and Declaratory Judgment [Doc. No. 1] against Defendants Lindsey Laurain[1] and Eazy-PZ, LLC ("EZPZ"). In its Complaint, LNC seeks an injunction and damages for alleged acts of unfair

---

[1] Pursuant to the Stipulated Dismissal Without Prejudice [Doc. No. 31], a Judgment of Dismissal was entered as to Defendant Lindsey Laurain, dismissing Plaintiff's claims against said Defendant, without prejudice [Doc. No. 32], leaving Eazy-PZ, LLC as the sole Defendant.

competition by EZPZ. LNC also seeks a declaratory judgment that LNC is not violating any valid existing intellectual property right of EZPZ.

More specifically, LNC seeks an injunction and damages for EZPZ's alleged acts of false advertising, false representation, and unfair competition allegedly based on false claims of infringement. [Doc. No. 21]. LNC alleges the product giving rise to this action is a feeding mat, which is an integrated self-sealing silicone place mat with a built-in bowl or plate that attaches to the table using suction. [Doc. No. 21]. LNC alleges EZPZ has no valid existing intellectual property right that covers any aspect of LNC's feeding mats. [Doc. No. 21]. LNC alleges EZPZ sells competing feeding mats. [Doc. No. 21].

EZPZ filed an Answer to Complaint, Answer to Amended Complaint, and Counterclaim against LNC alleging that LNC infringed the '903 Utility Patent and the '327 Design Patent, violated 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and unfairly competed with EZPZ in violation of state and common law. [Doc. No. 27]. EZPZ seeks monetary damages and a permanent injunction against LNC. [Doc. No. 27].

LNC answered EZPZ's Counterclaim asserting various affirmative defenses. [Doc. No. 33]. EZPZ amended its Counterclaim asserting claims against third party Counter-Defendants Admar and Nouri E. Hakim ("Hakim") [Doc. No. 40]. These claims included allegations of (1) utility and design patent infringement; (2) copyright infringement; (3) trademark infringement, unfair competition and false designation of origin and trade dress infringement arising from the Lanham Act; (4) unfair trade practice under the Louisiana Unfair Trade Practices and Consumer Protection Act; and (5) unjust enrichment. Defendants Admar, Hakim, and LNC answered, asserting various affirmative defenses. [Doc. No. 45].

LNC and Hakim filed the pending Motion for Partial Summary Judgment seeking dismissal of the Design Patent infringement claims asserted by EZPZ in its First Amended Counterclaim [Doc. No. 40]. They contend that LNC's rectangular feeding mat does not infringe EZPZ's Design Patent based upon the same facts, law, and analysis previously conducted by a Michigan District Court in finding no design patent infringement. They further contend that the very same infringement analysis confirms that LNC's ovular feeding mat does not infringe EZPZ's Design Patent as a matter of law.

EZPZ responds that the Michigan District Court merely conducted a hasty analysis for the sole purpose of deciding whether to grant a request for a temporary restraining order ("TRO") and, therefore, that decision was a non-final order with no res judicata or claim preclusion effect whatsoever. EZPZ further argues that LNC is relying on old law that has been overturned. Finally, EZPZ contends there are genuine issues of material fact which preclude summary judgment.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to

3

particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

  **B.**  **Analysis**

    **1.**  **Effect of the Michigan Judgment**

On October 18, 2016, the day after this Court granted EZPZ's request for an extension of the time to respond to LNC's Complaint, EZPZ filed a Complaint under seal against LNC and several other defendants in the United States District Court for the Eastern District of Michigan (the "Michigan District Court") in an action styled *Eazy-PZ, LLC v. Luv n' care, Ltd., et al.*, Case No 16-cv-13688 (the "Michigan Action"). EZPZ simultaneously moved for a temporary restraining order and preliminary injunction on an *ex parte* basis under seal and without notice to LNC and the other defendants. EZPZ never served the Michigan Complaint, the *Ex Parte* TRO Motion or the *Ex Parte* TRO Brief upon LNC or its counsel.

The Michigan Complaint alleged eight (8) separate claims against LNC including, in relevant part, that the LNC rectangular feeding mat infringed EZPZ's Design Patent.

On October 27, 2016, the Michigan District Court issued an opinion denying EZPZ's request for an *ex parte* temporary restraining order.  Addressing EZPZ's Design Patent infringement claim, the Michigan District Court applied the following two-step process: "First, the claim must be properly construed to determine its meaning and scope.  Second, the claim as properly construed must be compared to the accused design to determine whether there has been infringement. Visual similarity of the patented and accused design must be compared for overall visual similarity." [Doc. No. 238-7, p. 14].

The Michigan District Court construed the Design Patent as a matter of law as follows: "The design claimed in the [Design] Patent is an ornamental design for a dining mat with integrated tableware in the shape of a smiling face." *Id*.  Next, applying the "ordinary observer" test, the Michigan Court found that "an ordinary observer would not confuse LNC's . . . . mat[s] for the design of the [Design] Patent." *Id*. at p. 16.

The Michigan District Court concluded**,** "based on the evidence presented at this early stage in the proceedings, the Court does not find that Eazy-PZ has established a reasonable likelihood of success on its Design Patent claims at the temporary restraining order stage." *Id*. at p. 17.

Having denied entry of a temporary restraining order, the Michigan District Court set a date for the LNC Defendants, who had yet to be served, to show cause why a preliminary injunction should not issue and scheduled a preliminary injunction hearing. *Id*. at p. 36. However, EZPZ then filed, also under seal, a Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on October 31, 2016.  [Doc. No. 238-5, p. 3].

LNC contends that both the Michigan District Court's claim construction as a matter of law and its concurrent design patent infringement analysis represents persuasive authority entitled, at a minimum, to the deference due to a prior resolution of a question of law involving the same patent and the same accused product. LNC argues that giving due deference to the Michigan Court's Opinion furthers the well-known patent goals of fostering uniformity and predictability and discouraging forum-shopping. LNC further contends that the Michigan District Court's construction of the single claim of EZPZ's Design Patent resolved a question of law.

LNC concludes that the Michigan District Court's claim construction is entitled to deference and, when applied to LNC's rectangular feeding mat under the "ordinary observer" test, there can be no infringement. Therefore, LNC argues it is entitled to an award of summary judgment in its favor, and, EZPZ's Design Patent infringement claims (Counts II and XIII) targeting LNC's rectangular feeding mat should be dismissed with prejudice.

EZPZ responds that LNC's argument is based on two false premises: (1) a TRO ruling in another jurisdiction, namely Michigan, is entitled to deference; and (2) the TRO ruling in Michigan is sound application of design patent law.

With regard to the first premise, EZPZ argues that, to be entitled to deference, or claim preclusion effect, the Michigan order must be a final order, and it is not. EZPZ asserts that a TRO is a non-final order entered to preserve the status quo, thus, there is no interpretation of the TRO that would legitimately cast is as a binding "claim construction order" as argued by LNC. Further, the Michigan Court only evaluated the design claim through the lens of a temporary restraining order as set forth in its conclusion. EZPZ asserts that a cursory and *ex parte* claim construction completed by another court does not control this action.

EZPZ further argues that, even if a preliminary injunction had entered against LNC, it would have no effect in this case. For a judgment to have res judicata effect, it must be a "final" one. *Gresham Park Cmty. Org. v. Howell*, 652 F.2d 1227, 1241-42 (5th Cir. 1981). A temporary order remains subject to being changed. "Not only is such an order not appealable, but it remains within the plenary power of the district court to revise or set aside in its sound discretion without any necessity to meet the requirements of Fed.R.Civ.P. 60(b)." *Zimzores v. Veterans Administration*, 778 F.2d 264, 266-67 (5th Cir. 1985).

EZPZ concludes that there is no case law that supports LNC's argument that the Michigan Court's ruling on the TRO constitutes a binding claim construction order.

LNC replies that EZPZ has twisted and misconstrued it's factual and legal arguments. LNC asserts that is only arguing that the Michigan Court opinion is *persuasive* authority entitled to due deference; it is not arguing that the Michigan Court opinion is *preclusive* authority binding this Court. Therefore, EZPZ's argument that the Michigan Opinion must be a final order to be entitled to preclusive effect is simply not relevant.

This Court does not consider the Michigan District Court opinion denying a TRO to be either persuasive authority entitled to due deference, or preclusive authority. The "generally accepted notion" is that the "purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Meis v. Sanitas Servo Corp.*, 511 F.2d 655, 656 (5th Cir. 1975) (citations omitted); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). "Given this limited purpose, and, given the haste that is often necessary if [the parties'] positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures

7

that are less formal and evidence that is less complete than in a trial on the merits." *Id*. The Court's analysis requires "a balancing of the probabilities of ultimate success on the merits with the consequences of court intervention at a preliminary stage." *Meis*, 511 F.2d at 656; *see also Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974); *Texas v. United States*, 86 F. Supp. 3d 591, 646 (S.D. Tex. 2015). These same considerations are even more compelling when considering a request for a TRO.

The Michigan District Court's decision to not issue the TRO was a non-final order with no res judicata or claim preclusion effect whatsoever. Further, given the haste that is necessary in considering a TRO, it has no persuasive authority that would entitle it to deference.

### 2. Infringement

The Court will now consider whether LNC has stated an independent basis for a finding of non-infringement.

"[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 670 (Fed. Cir. 2008).

The point of novelty test was specifically overturned by *Egyptian Goddess, supra*. "[T]he 'point of novelty' test should no longer be used in the analysis of a claim of design patent infringement." *Id*. at 678. "Instead, [ ] we hold that the 'ordinary observer' test should be the sole test for determining whether a design patent has been infringed." *Id*. "Under that test, as this court has sometimes described it, infringement will not be found unless the accused article 'embod[ies] the patented design or any colorable imitation thereof.'" *Id*.

8

Under the ordinary observer test, "all of the ornamental features illustrated in the figures must be considered in evaluating design patent infringement." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1241 (Fed. Cir. 2009)). In other words, "[t]he patentee 'must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'" *OddzOn Prods., Inc. v. Just Toys, Inc.*, 22 F.3d 1396, 1405 (Fed. Cir. 1997) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825 (Fed. Cir. 1992)). A "proper comparison requires a side-by-side view of the drawings of the ...patent design and the accused products." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1304 (Fed. Cir. 2010).

LNC argues that, as a matter of law, the Court should construe the single claim of EZPZ's Design Patent as "an ornamental design for a dining mat with integrated tableware in the shape of a smiling face." [Doc. No. 238-1, p. 16]. LNC then contends that a visual comparison between each of the figures in the Design Patent and LNC's rectangular feeding mat should reveal to the "ordinary observer" the following key distinguishable features in the design of LNC's rectangular feeding mat that plainly take it well outside any infringement of the ornamental features claimed in the Design Patent:

(1) LNC's mat is "simply geometrical" containing "a circle divided into two-quarters and a half."

(2) There is no personification of a smiling mouth up around the two-quarters or a roundness on the bottom of the quarter portions.

(3) The two quarters are more in the shape of a triangle with rounded edges than the circular look of the "eye" areas.

(4) The shape of the LNC mat is reminiscent of the standard shape of a divided plate and lacks the distinguishable features of a novel design.

9

[Doc. No. 238-1, p. 17].

Thus, according to LNC, "an ordinary observer could distinguish the accused products from the patented design without confusion or deception." *Id*.

With regard to its ovular feeding mat, LNC contends that the most obvious difference is the lack of the overall rectangular shape claimed in EZPZ's Design Patent. Additionally, the two upper triangular sections (the "eyes") in its ovular mat are larger than the lower hemisphere section (the "mouth").

EZPZ, on the other hand, contends that comparing the two accused products to the Design Patent demonstrates that the design is not plainly dissimilar. EZPZ argues that LNC's contention that consumers cannot confuse the products because the LNC face has eyes that are bigger than its mouth, and its smile is flat and does not curl upward, applies the overruled point of novelty test that does not take into consideration the overall dining mat with integrated tableware having a face. Nor does LNC give weight to the mat or the raised outer periphery similarities. Further, EZPZ asserts that LNC ignores the two very similar rectangular mats having a face thereon and only focuses on one feature of the face of the Design Patent.

EZPZ also argues that LNC never identifies who the ordinary observer is or what the prior art is, issues which must be identified in meaningful infringement analysis of a design patent. The ordinary observer, according to EZPZ, would be a busy mother in a store pushing a stroller who could easily confuse the LNC accused products with a drawing of the EZPZ design on a nearby display.

The Federal Circuit has recognized that "in determining whether apparently minor differences between specific features would be recognized as distinguishing the designs, it is often helpful to refer to any prior art with which the ordinary observer would reasonably be

10

familiar." *Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 527 (Fed. Cir. 2012). According to EZPZ, an ordinary observer with knowledge of the prior art would notice that LNC's accused products are similar to the EZPZ's Design Patent.

Finally, EZPZ has produced evidence that LNC's affiliate literally asked its manufacturer in April 2015 to copy the EZPZ product, attaching a picture and inquiring whether the manufacturer "could produce something similar?" [Doc. No. 254-3, p. 8].

EZPZ concludes that, to grant LNC's summary judgment motion, this Court must ignore the disputed facts, its own eyes, and LNC's own employees' statements that demonstrate LNC's accused products are similar to the patented design, i.e., a raised face in a child's dinner mat, which comports with the ordinary observer test of what the design is.

Generally, whether there is design patent infringement is a question of fact. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010); *see also Seirus Innovative Accessories, Inc. v. Cabela's Inc.*, 827 F. Supp. 2d 1150, 1155 (S.D. Cal. 2011).

However, a court's function at the summary judgment stage is not to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes, but to determine, "'[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Petrohawk Properties, L.P. v. Chesapeake Louisiana L.P.*, 2010 WL 11590911, *2 (W.D. La. 8/4/2010), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; and *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1960 (11th Cir. 1/26/2004), quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252.

In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F. 3d 528, 533 (5th Cir. 1997).

11

Here, taking the facts in the light most favorable to EZPZ, the Court finds there are genuine issues of material fact as to whether the resemblances of the designs at issue in this case are sufficient to deceive an ordinary observer, "inducing him to purchase one supposing it to be the other.'" *Egyptian Goddess, Inc.*, 543 F.3d at 670.

Accordingly, LNC's motion for partial summary judgment is DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Luv N. Care, Ltd. and Counterclaim-Defendant Nouri E. Hakim's Motion for Partial Summary Judgment Dismissing EAZY-PZ, LLC's Design Patent Infringement Claims (Counts II and XIII) [Doc. No. 238] is DENIED.

MONROE, LOUISIANA, this 21st day of February, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**