UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

### RULING

This is a patent infringement case in which Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") seeks a declaratory judgment that it does not violate any existing intellectual property right of Defendant Eazy-PZ, LLC ("EZPZ"). The patent related to the following motions is U.S. Patent No. 9,462,903 (the "'903 Patent"). The '903 Patent is directed to a self-sealing integrated tableware and dining mat.

Pending before the Court is EZPZ's Sealed "Motion for Judgment on the Pleadings to Dismiss LNC's Inequitable Conduct Claim" [Doc. No. 366].[1] LNC responded to the motion. [Doc. No. 398]. EZPZ filed a reply. [Doc. No. 426]. For the following reasons, the motion is DENIED.

Also pending before the Court is LNC's Sealed "Motion In Limine No. 1: EZPZ Should be Precluded From Introducing Evidence as to Williams and Laurain's Intent or State of Mind in Their Dealings with the USPTO." [Doc. No. 452]. EZPZ responded to the motion. [Doc. No. 455]. LNC filed a reply. [Doc. No. 459]. The Court resolved the motion as follows.

---

[1] Citations to the parties' filings are to the filing's number in the docket (Doc. No.) and pin cites are to the page numbers assigned through ECF.

I.  **PROCEDURAL HISTORY**

   A. **EZPZ's Motion for Judgment on the Pleadings to Dismiss LNC's Inequitable Conduct Claim.**

LNC filed this lawsuit against EZPZ three years ago on June 3, 2016, which was prior to the issuance of the '903 Patent. [Doc. No. 1]. On October 28, 2016, after the '903 Patent issued, LNC filed a First Amended Complaint (the "Amended Complaint") seeking a declaration that the '903 Patent is "invalid and unenforceable" because Laurain and her patent agent or attorney breached "their duty of candor and good faith" owed to the United States Patent and Trademark Office (the "USPTO"). [Doc. No. 21 at ¶¶ 27, 47, 50]. The Amended Complaint is the first time that LNC's claims for unenforceability of the '903 Patent based upon inequitable conduct before the USPTO were asserted.

On November 14, 2016, EZPZ filed a Counter-Complaint, which it amended on January 9, 2017, alleging LNC infringed its patents. [Doc. Nos. 27 and 40]. LNC answered the Counter-Complaint and Amended Counter-Complaint on December 5, 2016 and February 1, 2017, respectively, both times asserting that the '903 Patent was invalid and unenforceable. [Doc. No. 33 at Third Affirmative Defense; Doc No. 45 at Sixth Affirmative Defense].

On February 21, 2017, the parties submitted their Rule 26(f) Case Management Report. [Doc. No. 49]. In their report, the parties proposed deadlines for EZPZ to provide Infringement Contentions and for LNC to provide Unenforceability Contentions. *Id*. at 5-6. On April 4, 2017, Magistrate Judge Perez-Montes entered a Memorandum Order adopting the proposed scheduling order, including the exchange of Infringement Contentions (by EZPZ) and Unenforceability Contentions (by LNC). [Doc. No. 62]. The deadline to amend pleadings was set for October 11, 2017, and the deadline for LNC to serve its Unenforceability Contentions fell thereafter. *Id.* at 3.

On June 2, 2017, LNC served its preliminary Unenforceability Contentions (the "June 2017

Unenforceability Contentions"). [Doc. No. 398 at 10]. On May 14, 2018, LNC timely served its final Unenforceability Contentions (the "May 2018 Unenforceability Contentions"). [Doc. No. 398 at 11]. On September 25, 2018, LNC sought leave to take depositions to gather additional information from the declarants, arguing that such discovery was to support its inequitable conduct claims. [Doc. No. 169-1 at 5] (seeking additional depositions to explore "undisclosed interests [that] are directly relevant to LNC's claim that the '903 Utility Patent is invalid due to inequitable conduct"). LNC's motion to take the additional depositions was granted.

On October 5, 2018, LNC served EZPZ with a supplement to the May 2018 Unenforceability Contentions (the "October 2018 Supplement"). [Doc. No. 398 at 15]. EZPZ did not object or move to strike LNC's October 2018 Supplement. On November 26, 2018, EZPZ issued a Rule 30(b)(6) deposition notice of LNC. [*See* Doc. No. #233-1]. Among the topics EZPZ sought to examine LNC were LNC's May 2018 Unenforceability Contentions "including all amendments or supplements thereto." *Id*. at Topics 22-23. LNC supplemented its Unenforceability Contentions again on May 10, 2019 (the "May 2019 Supplement"). [Doc. No. 398 at 15]. Once again, EZPZ did not object to or move at that time to strike the May 2019 Supplement, and it did not claim that LNC had not adequately pled its inequitable conduct claims.

On July 2, 2019, EZPZ served the expert report of John T. Kennedy, which responded to and defended against LNC's claims of inequitable conduct. [Doc. No. 398-7]. At a hearing on July 8, 2019, Magistrate Judge Perez-Montes indicated that LNC should move for leave if it intended to further amend it contentions. [Doc. No. 398 at 18] (citing Doc. No. 314 at 83:25-84:1). On August 21, 2019, without seeking leave of the Court, LNC served its final supplement to its May 2018 Unenforceability Contentions (the "August 2019 Supplement"). [Doc. No. 398 at 18].

**B. LNC's Motion *In Limine* Precluding EZPZ from Introducing Evidence as to Williams and Laurain's Intent or State of Mind in Their Dealings with the USPTO.**

On May 14, 2018, LNC served its Final Invalidity and Unenforceability Contentions on EZPZ asserting that the '903 Patent "is unenforceable due to inequitable conduct committed by" Laurain and Williams. [Doc. No. 452-1 at ¶ 4]. At that time, EZPZ had not asserted Williams or Laurain's good faith or reliance on advice of counsel as a defense. Instead, throughout discovery, EZPZ asserted privilege and denied LNC's ability to explore any of the strategic discussions or advice that led to the positions taken by Laurain and Williams before the USPTO. For example, during the May 4, 2018 Deposition of Laurain, EZPZ's counsel asserted the attorney-client and/or patent-agent privilege and foreclosed any line of questioning involving Laurain's communication with the Clark Hill attorneys or Williams in conjunction with the prosecution of the '903 Patent. [*See, e.g.*, Doc. No. 452-2 at 284:25-285:14, 222: 6-16, 275: 25-276:8].

On January 28, 2019, Williams' counsel made similar objections based on privilege during Williams' deposition. [*See, e.g.*, Doc. No. 452-3 at 162:7-11; 162:23-163:2, 308:21-25, 158:2-22, 224:3-9, 293:20-23]. Williams, himself, testified that communications with the patent attorneys Laurain retained to assist in the prosecution of the '903 Patent, Jordan Bolton and Timothy McCarthy of the law firm of Clark Hill, "should be privileged" "so I think we should be careful about what we say." [*Id.* at 298:12–298:18]. He further testified that Clark Hill was involved "extensively" in terms of "determining prior art and stuff," and that Clark Hill was "heavily on the scene" during the prosecution of the patent leading up to the March 2016 submission "so that's another reason for privilege." [*Id.* at 242:4-244:1]. Williams also testified, "I don't know how much I could talk about that without violating privilege, but Clark Hill was involved heavily." [*Id.* at 243:24–244:1].

LNC brings the present motion because it was after the conclusion of fact discovery,[2] Laurain appeared on July 2, 2019, at a second court ordered deposition to answer questions about limited topics of inquiry. [Doc. No. 452-14 at 10]. LNC argues that it was at this deposition that Laurain and EZPZ decided to "switch gears" in an effort to establish Laurain's own good faith/lack of culpability. *Id.* LNC states that Laurain testified she relied upon the advice of her patent agent and the Clark Hill attorneys in deciding what was disclosed to the USPTO. *Id.* at 10-12. LNC argues that it is clear that EZPZ plans to elicit expert testimony from Kennedy in support of its "good faith" defense that Williams and Laurain did not commit inequitable conduct because Williams' actions resulted from his alleged inexperience rather than any intent to deceive the USPTO. *Id.* at 12-13.

On August 20, 2019, LNC filed a Motion to Strike EZPZ's Recently Asserted Advice of Counsel Defense based on the Kennedy Report and Laurain's testimony that she relied on the advice of Williams and Clark Hill in connection with the prosecution of the patent. [Doc. No. 318]. In opposing LNC's motion to strike the advice of counsel defense, EZPZ argued that it was not asserting an advice of counsel defense. [Doc. No. 452-14 at 13]. Magistrate Judge Perez-Montes ultimately denied LNC's Motion to Strike the good faith reliance on advice of counsel defense based on his conclusion that a motion to strike was an improper procedural vehicle for relief given EZPZ's failure to actually plead the defense of advice of counsel. *Id.* LNC contends that he pretermitted ruling on the evidentiary arguments raised by LNC as being better left to be determined by the District Judge. *Id.* at 13.

## II. ANALYSIS

---

[2] LNC notes the exception of the deposition of Joseph Chua which has been delayed due to his health. [Doc. No. 452-14 at 10].

**A. EZPZ's Motion for Judgment on the Pleadings to Dismiss LNC's Inequitable Conduct Claim.**

The Court finds that EZPZ's Rule 12(c) Motion for Judgment on the Pleadings should be denied. Federal Rule 12(c) permits a party to move for judgment on the pleadings, "After the pleadings are closed -- but early enough not to delay trial." Fed. R. Civ. P. 12(c). Here, granting EZPZ's motion for judgment on the pleadings at this late date will result in severe prejudice to LNC. Indeed, EZPZ did not file the motion until September 30, 2019, with the trial set for April 13, 2020. If EZPZ thought LNC's pleadings were deficient, it should have filed its Rule 12(c) motion in early 2017 after LNC filed its Amended Answer on February 1, 2017. This would have allowed LNC an opportunity to amend its claims prior to the October 11, 2017 deadline.

Instead, EZPZ waited more than two-and one-half years to file the motion. Accordingly, the Court finds that EZPZ's motion comes too late, and should be denied. *See, e.g.*, *Johnson Health Tech. Co. v. Spirit Mfg.*, No. 08-cv-59-bbc, 2009 U.S. Dist. LEXIS 6942, at *3 (W.D. Wis. Jan. 29, 2009) (denying motion to strike defense of inequitable conduct as untimely, stating, "[i]f plaintiff believed defendant's answer violated Rule 9, it should have moved for dismissal right away rather than wait until it was too late for defendant to amend"); *Hasel v. Pulpdent Corp.*, No. 01-2008(DSD/FLN), 2003 U.S. Dist. LEXIS 28197, at *23 (D. Minn. May 20, 2003*)* (denying motion to dismiss because "it was not until after the close of discovery that plaintiffs challenged the sufficiency of defendant's pleading").

Moreover, LNC's Amended Complaint put EZPZ on notice that it was seeking a declaration of unenforceability of the '903 Patent due to Laurain's alleged breach of the duty of candor and good faith owed to the USPTO as a result of her alleged failure to disclose material prior art references and the submission of alleged false declarations. Thus, EZPZ's representation to this Court that LNC's "First Amended Complaint did not contain a claim of inequitable

conduct," is inaccurate. [Doc. No. 366-1 at ¶ 4]. Contrary to EZPZ's suggestion that LNC did not assert claims of inequitable conduct until May 14, 2018 [Doc. No. 366-1 at 22], the June 2017 Unenforceability Contentions, which was served nearly a year before May 14, 2018, stated that "the '903 patent is unenforceable due to inequitable conduct committed by the purported inventor, Lindsey Laurain, and her patent agent, Benjamin F. Williams … ." [Doc. No. 398-2 at ¶ 4].

The June 2017 Unenforceability Contentions also identified a number of prior art references that were purported to be known to Laurain and Williams and to be material and withheld from the USPTO with the intent to deceive and mislead the examiner. *Id.* Among the identified references was U.S. Patent Application No. 2008/0245947 ("Webb"), the same patent application identified in one of LNC's pending motions for summary judgment on inequitable conduct. *Id.* LNC also asserted that EZPZ failed to disclose the relationship Laurain had with each of the declarants, that the declarants were allegedly compensated and biased, and that Laurain and Williams intentionally withheld that information from the USPTO. *Id.* at 11.

Regarding the May 2018 Unenforceability Contentions, Paragraph 4 is eight pages and expands upon the allegations contained in LNC's Amended Complaint and provides more details concerning the purported prior art Laurain and Williams withheld from the USPTO and the purported false declarations they submitted to the USPTO. [Doc. No. 398-3 at 10-17]. LNC also provided additional details concerning material omissions of fact in the declarations of Jamie Grayson, Julie Clark, Ms. Potock, and Dr. Fernando. *Id.* at 16.

Most importantly, before filing the present motion EZPZ never objected or asserted that LNC's claims were not adequately pled. Instead, EZPZ waited until now to contend that LNC's supplements to its Unenforceability Contentions are a "moving target" that serve to "ambush" EZPZ and result from LNC's "lack of due diligence in the discovery process." [Doc. No. #366-1

at 23-24]. The Court disagrees. Although LNC should have moved for leave to file the supplements, the facts indicate that LNC diligently sought evidence to further support its allegations. The facts further indicate that LNC had good cause to supplement its contentions, and the supplements were intended to keep EZPZ apprised of the facts and evidence that supports its theories of inequitable conduct as they were discovered.

Furthermore, the Court finds that there is minimal prejudice to EZPZ. Indeed, EZPZ did not object or move to strike any of the supplements until the present motion. Moreover, EZPZ served a 123-page, 447-paragraph expert report of John T. Kennedy, along with 102 exhibits, which responded to and defended against LNC's claims of inequitable conduct. [Doc. No. 398-7 at 2]. EZPZ has acknowledged that Kennedy's report "addresses each and every charge alleged against EZPZ by LNC in an attempt to prove a claim of inequitable conduct in prosecution of the '903 Patent. Kennedy offers opinions on why each charge of wrongdoing does not meet the requisite 'but-for' materiality standard." [Doc. No. 328-3]. To the extent that EZPZ is prejudiced, the Court finds that it played a role in requiring the supplements.

Finally, the Court agrees that the purpose for having invalidity and unenforceability contentions is to periodically provide updated and detailed factual information as discovery progresses, as opposed to repetitive amendment of the pleadings. *See, e.g.*, *Teirstein v. AGA Med. Corp.,* No. 6:08cv14, 2009 U.S. Dist. LEXIS 125002, at *15 (E.D. Tex. Feb. 13, 2009) (denying Rule 12(b)(6) motion to dismiss because "[t]he factual allegations which Plaintiff suggests are missing from Defendant's counterclaim include the same information that the Patent Rules require parties to disclose in the Invalidity Contentions. Requiring such allegations to be included in the pleadings would turn the Invalidity Contentions required by the Local Patent Rules into an exercise in futility.").

That said, it is clear that LNC failed to follow the spirit of the Scheduling Order in this case by not seeking leave before supplementing its contentions after the May 14, 2018 deadline. The Scheduling Order required LNC to file its "final invalidity and uneforceability contentions" fourteen days after the Court's claim construction ruling. [Doc. No. 62 at 3]. Granted there was a reasonable question whether "local patent rules" were adopted in this case. Thus, to be absolutely clear, neither party is permitted to serve future amendments and/or supplements to their contentions without first seeking leave of Court and showing good cause for the proposed amendments.

### B. LNC's Motion *In Limine* Precluding EZPZ from Introducing Evidence as to Williams and Laurain's Intent or State of Mind in Their Dealings with the USPTO.

The record before the Court indicates that EZPZ has consistently denied LNC discovery of what Williams and Laurain actually intended during prosecution of the '903 Patent by asserting the attorney-client and patent agent privileges. Only after the close of fact discovery, after LNC obtained a partial production of withheld documents from Williams by Order of the Colorado District Court as a result of an inadequate privilege log, did EZPZ change course and indicate it would now attempt to establish the good faith intent of Williams and Laurain at trial.

It is well settled that a patentee cannot assert a good faith defense to inequitable conduct or introduce the thoughts, mental impressions analysis, or advice of its patent agent or counsel unless it waives privilege. *See, e.g., Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 376 (N.D. Ill. 1991) (alleged infringer "must either waive the attorney-client privilege and comply with…discovery…or assure the court and opposing counsel that it will not pursue a defense based on the information covered by the privilege."). By offering testimony from Laurain and Williams to establish good faith intent, EZPZ is placing Laurain and Williams' intent at issue, yet prevented LNC from having access to privileged communications that may refute or provide the full factual

content underlying their testimony. Accordingly, if EZPZ is permitted to introduce evidence of its good faith/lack of intent to deceive, LNC would be severely prejudiced.

EZPZ contends that Ms. Laurain responded at her June 2019 deposition that she deferred to her attorney about disclosing prior art. [Doc. No. 455-4 at 12]. According to EZPZ, these statements do not qualify as the advice-of-counsel-defense as a matter of law. *Id.* at 14. EZPZ contends that until it asserts that disclosures (and alleged omissions from disclosures) of prior art to the USPTO were made in good faith because EZPZ was following its lawyers' advice, it has not put its attorney's advice in issue. *Id.* at 15.

In its reply, LNC argues that EZPZ is now undoubtedly placing Laurain and Williams' intent at issue, thereby waiving the patent agent and attorney-client privileges. [Doc. No. 459 at 2]. The Court disagrees that EZPZ has "waived" the attorney-client privilege with respect to production of documents relating to disclosures made to the USPTO. However, it is clear that any documents and testimony relating to the disclosures made to the USPTO in support and prosecution of the '903 Patent are proper subjects for discovery by LNC. This of course assumes that EZPZ intends to present a "good faith" defense at trial. Accordingly, LNC would be severely prejudiced at trial because it was denied this discovery by EZPZ.

To resolve the issue, the Court provides EZPZ with the option of: (1) producing all documents from anyone involved directly or indirectly in prosecuting the '903 Patent, relating to whether prior art should be or should have been disclosed as part of the prosecution of the '903 Patent; (2) after the production of such documents, allowing LNC to redepose Williams, as well as any witness who was instructed by EZPZ's counsel during fact discovery not to answer questions pertaining to patent prosecution on grounds of privilege in regard to their actions before the USPTO taken in support and prosecution of the '903 Patent; and (3) allowing LNC to depose

the Clark Hill attorneys, Jordan Bolton and Timothy McCarthy, concerning the advice they provided to Williams and Laurain in regard to their actions before the USPTO taken in support and prosecution of the '903 Patent.

If EZPZ does not want to provide this discovery, then EZPZ must stipulate by binding stipulation filed in this cause before the date of the status conference that EZPZ will not plead or attempt to prove during trial EZPZ's "good faith" with respect to disclosures made or omitted from being made to the USPTO in support and prosecution of the '903 Patent. In summary, EZPZ "may have their shield but may not have their sword and wield it, too." *Echometer Co. v. Lufkin Indus.*, NO. 7:00-CV-0101-R, 2002 U.S. Dist. LEXIS 513, at *3 (N.D. Tex. Jan. 16, 2002). Thus, if the stipulation is made, "the sword will be sheathed and not brought to the courtroom. If not, [LNC] may have its discovery." *Id.* at *4.

If EZPZ does not file the above-mentioned stipulation, the parties shall meet before the Status Conference and be prepared to propose a schedule for the limited discovery granted in this ruling, as well as the possibility of scheduling a bench trial on inequitable conduct.

### III. CONCLUSION

For the foregoing reasons, EZPZ's Motion for Judgment on the Pleadings to Dismiss LNC's Inequitable Conduct Claim" [Doc. No. 366] is DENIED. LNC's Sealed "Motion In Limine No. 1: EZPZ Should be Precluded From Introducing Evidence as to Williams and Laurain's Intent or State of Mind in Their Dealings with the USPTO [Doc. No. 452] is resolved as indicated above. LNC's Unopposed Motion to Set Status Conference [Doc. No. 460] has previously been granted, and a Status Conference is to be scheduled.

Monroe, Louisiana, this 2nd day of January, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**