b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD., <br> Plaintiff | CIVIL DOCKET NO. 3:16-CV-00777 |
| VERSUS | JUDGE DOUGHTY |
| LINDSEY LAURAIN, *ET AL.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Plaintiff Luv N' Care, Ltd. ("LNC") filed "Motion for Sanctions in the Form of an Adverse Inference and Attorneys' Fees Due to EZPZ's Spoliation of Evidence." ECF No. 324. Because LNC has not shown that Defendant Eazy-PZ, L.L.C. ("EZPZ") destroyed evidence or acted in bad faith, the Motion is DENIED.

I. Procedural Background

LNC filed a Complaint for Unfair Competition and Declaratory Judgment (Doc. No. 1) against Defendants Lindsey Laurain[1] and EZPZ. LNC seeks damages and injunctive relief for false advertising, false representation, unfair competition under the Lantham Act, 15 U.S.C. §§ 1051, *et seq.*, and the Louisiana Unfair Trade

---

[1] Subsequent to the filing of this action, Laurain transferred her right, title, and interest in and to the intellectual property that is the subject of this action to EZPZ. (Doc. 31). Pursuant to a Stipulated Dismissal Without Prejudice (Doc. No. 31), a Judgment of Dismissal without prejudice was entered as to Defendant Lindsey Laurain (Doc. No. 32).

Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.* ECF No. 21. LNC also seeks a declaratory judgment that LNC violated no valid claim of EZPZ's design patent, utility patent, or any other intellectual property ("IP") right. ECF No. 21. The alleged IP rights at issue are:

(1) On July 17, 2014, Laurain filed United States Patent Application No. 14/333,682 ("the '682 Utility Application") for Surface Contact Self-Sealing Integrated Tablewear and Dining Mat. ECF Nos. 21, 27.

(2) On December 3, 2014, Laurain filed a design patent application for "Dining Mat with Integrated Tablewear," and on December 15, 2015, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. D745,327 ("the 327 Design Patent"). ECF Nos. 21, 27.

(3) On March 17, 2016, the application for the 682 Utility Application was published as United States Published Patent Application No. 2016/0073805, Surface Contact Self-Sealing Integrated Tablewear and Dining Mat ("the 805 Publication"). ECF No. 27.

(4) On October 11, 2016, the USPTO issued United States Patent No. 9,462,903, Surface Contact Self-Sealing Integrated Tablewear and Dining Mat ("the 903 Utility Patent"). ECF Nos. 21, 27.

LNC seeks an injunction and damages for EZPZ's alleged acts of false advertising, false representation, and unfair competition, all based on claims of patent infringement. ECF No. 21. LNC alleges the product giving rise to this action is a feeding mat, which is an integrated self-sealing silicone place mat with a built-in bowl or plate that attaches to a table using suction. ECF No. 21. LNC alleges EZPZ has no valid existing IP right that covers any aspect of LNC's feeding mats. ECF No. 21. LNC further alleges EZPZ sells competing feeding mats. ECF No. 21.

EZPZ filed an answer and counterclaim against LNC, alleging that LNC: (1) infringed the 903 Utility Patent and the 327 Design Patent; (2) violated 15 U.S.C. §§ 1114 and 1125(a); and (3) unfairly competed with EZPZ in violation of state and common law. ECF No. 27. EZPZ seeks monetary damages and a permanent injunction against LNC. ECF No. 27.

LNC answered EZPZ's counterclaim. ECF No. 33. EZPZ then amended its counterclaim, asserting claims against third-party Counter-Defendants Admar International, Inc. ("Admar") and Nouri E. Hakim ("Hakim"). ECF No. 40. Defendants Admar, Hakim, and LNC answered, asserting affirmative defenses. ECF No. 45.

LNC filed a Motion for Sanctions in the Form of an Adverse Inference and Attorneys' Fees Due to EZPZ's Spoliation of Evidence. ECF No. 324. EZPZ opposes that motion. ECF No. 334. LNC replied. ECF No. 335. Briefing is now complete.

## II. Law and Analysis

LNC alleges that Laurain altered several invoices (invoice numbers 148, 149, 150, 157, 168, and 247) to Hip Mommies, Inc., EZPZ's Canadian distributor. Specifically, LNC claims that Laurain deleted information from the invoices that was directly contrary to, and established the falsity of, one of the declarations Laurain submitted to the United States Patent and Trademark Office ("PTO") ("the Chua Declaration") in support of her patent application. LNC argues that, because EZPZ did not preserve the originals of those invoices, EZPZ deprived LNC of their use at

trial. Alleging spoliation of "highly relevant evidence" by EZPZ, LNC contends it should be awarded sanctions in the form of an "adverse inference" and attorney's fees.

"Under the spoliation doctrine, a jury may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party." *Schreane v. Beemon*, 575 Fed. Appx. 486, 490 (5th Cir. 2014), cert. den., 135 S. Ct. 762 (2014) (citing *Whitt v. Stephens County,* 529 F.3d 278, 284 (5th Cir. 2008)). The Fifth Circuit permits an adverse inference only upon a showing of bad faith. *See Schreane*, 575 Fed. Appx. at 490 (citing *Condrey v. SunTrust Bank of Georgia,* 431 F.3d 191, 203 (5th Cir. 2005). An adverse inference instruction is an instruction that a party that intentionally destroyed important documents did so because the contents of those documents were unfavorable to that party. *See Russell v. Univ. of Texas of Permian Basin*, 234 Fed. Appx. 195, 207 (5th Cir. 2007); *see also Whitt v. Stephens County*, 529 F.3d 278, 284 (5th Cir. 2008).

EZPZ contends the invoices at issue are invoices issued by EZPZ to Hip Mommies, Inc. After the creation of the invoices, EZPZ changed the nomenclature on its "product/service" category in its QuickBooks software program from "Marketing & Brand Promotion" to "Canada Split." That change affected all of the Hip Mommies invoices, past, present, and future. Because historical versions of an invoice are not maintained in QuickBooks, the only version of an invoice is the current version. EZPZ contends that change does not constitute spoliation of evidence.

4

According to EZPZ, information about the history of an invoice, including any changes, are tracked in an audit log which was provided to LNC. (Doc. 334-1, p. 4). In March 2016, in the product/service field for its QuickBook Invoices, EZPZ was using "Marketing & Brand Promotion." ECF No. 334-1 at 7. The invoices listed the actual products at cost. ECF No. 334-1 at 8. Hip Mommies director Joseph Chua asked EZPZ to issue two separate invoices for their own accounting purposes that separated total unit cost and total services (marketing, advertising, among others). ECF No. 324-1 at 6. EZPZ contends it complied with that request without knowing how those invoices were used by Hip Mommy for accounting or import tax purposes.

In January 2017, EZPZ changed the "Marketing & Brand Promotion" product/service field, for its own internal accounting purposes, to "Canada Split." ECF No. 334-1 at 7. On doing so, the category nomenclature was automatically changed in every invoice. ECF No. 334-1 at 7. In January 2018, EZPZ removed the "Canada Split" label from its invoices, discontinued creating two invoices for Hip Mommies, and provided only one produce invoice to Hip Mommies going forward. ECF No. 334-1 at 7.

LNC alleges the altered "brand and marketing invoices" directly refute Chua's statement in his declaration, submitted to the PTO, that sales of the EZPZ Happy Mat "are consistent without a need for extensive advertising or branding whatsoever." ECF No. 334-1 at 7. LNC alleges the invoices would show that EZPZ was providing "marketing and branding" services equal to fifty percent of the value of the feeding mats purchased by Hip Mommies.

5

In this case, for several reasons, LNC's showing falls well short of spoliation. First, there does not appear to be any destruction of evidence. Although six 2016 invoices bear an altered field title, those invoices have been identified. There is no evidence that anything else was altered. The invoices were not destroyed. And the alteration is known and undisputed.

Second, LNC has not adequately explained how the field title alteration is adverse or prejudicial to LNC as the party-plaintiff in this patent infringement case. Although LNC alleges Chua mislead the PTO regarding the amount of marketing conducted for EZPZ's product line, the six invoices that purportedly support that argument still exist. The alterations to those six invoices, again, are undisputed.

Moreover, LNC has not demonstrated that EZPZ changed the field title on its invoices in bad faith. The change was not hidden, nor was it made on all EZPZ invoices. EZPZ discontinued the practice of creating two invoices for Hip Mommies a year later, reverting to one invoice. LNC has not proven that EZPZ destroyed evidence, or that it changed the field title on the Hip Mommies invoices in order to hide something adverse to EZPZ.

Finally, even if the Court were to find bad faith and apply a spoliation inference, the inference would not bolster LNC's patent infringement case against EZPZ. *Compare Whitt v. Stephens County*, 529 F.3d 278, 284 (5th Cir. 2008); *Saldivar v. Austin Independent School District*, 674 Fed. Appx. 347, 349 (5th Cir. 2016).

## III. Conclusion

Because LNC has not carried its burden of proving spoliation of evidence, LNC's Motion for Sanctions in the Form of an Adverse Inference and Attorneys' Fees Due to EZPZ's Spoliation of Evidence (ECF No. 324) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  8th  day of December, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE