b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUV N' CARE, LTD., Plaintiff | CIVIL ACTION 3:16-CV-00777 |
| VERSUS | JUDGE DRELL |
| LINDSEY LAURAIN, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Defendant Eazy-PZ, LLC ("EZPZ") filed a Motion for Sanctions pursuant to Rule 37. ECF No. 284. Plaintiff Luv N' Care, Ltd. ("LNC") filed a Motion to Strike the Motion for Sanctions. ECF No. 288. Because EZPZ has not shown prejudice arising from LNC's failure to comply with the Court's orders, EZPZ's Motion for Sanctions (ECF No. 284) is DENIED. Because EZPZ "met and conferred" with LNC, as instructed by the Court, LNC's Motion to Strike (ECF No. 288) is also DENIED.

I.  Procedural Background.

On June 3, 2016, LNC filed a Complaint for Unfair Competition and Declaratory Judgment (ECF. No. 1) against Defendants Lindsey Laurain[1] and EZPZ. LNC seeks damages and injunctive relief for false advertising, false representation, unfair competition under the Lantham Act, 15 U.S.C. §§ 1051, *et seq.*, and the Louisiana

---

[1] Pursuant to the joint "Stipulated Dismissal Without Prejudice" (ECF No. 31), a Judgment of Dismissal was entered as to Defendant Lindsey Laurain, dismissing all claims against Laurain without prejudice (ECF No. 32), leaving EZPZ as the sole Defendant.

Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*. ECF No. 21. LNC also seeks a declaratory judgment, under 28 U.S.C. §§ 2201 and 2202, that LNC violates no valid claim of EZPZ's[2] design patent, utility patent, or any other intellectual property right of EZPZ. ECF No. 21. The alleged IP rights at issue are:

(1) On July 17, 2014, Laurain filed United States Patent Application No. 14/333,682 ("the '682 Utility Application") for Surface Contact Self-Sealing Integrated Tablewear and Dining Mat. ECF Nos. 21, 27.

(2) On December 3, 2014, Laurain filed a design patent application for "Dining Mat with Integrated Tablewear," and on December 15, 2015, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. D745,327 ("the 327 Design Patent"). ECF Nos. 21, 27.

(3) On March 17, 2016, the application for the 682 Utility Application was published as United States Published Patent Application No. 2016/0073805, Surface Contact Self-Sealing Integrated Tablewear and Dining Mat ("the 805 Publication"). ECF No. 27.

(4) On October 11, 2016, the USPTO issued United States Patent No. 9,462,903, Surface Contact Self-Sealing Integrated Tablewear and Dining Mat ("the 903 Utility Patent"). ECF Nos. 21, 27.

LNC seeks an injunction and damages for EZPZ's alleged acts of false advertising, false representation, and unfair competition, all based on claims of patent infringement. ECF No. 21. LNC alleges the product giving rise to this action is a feeding mat, which is an integrated self-sealing silicone place mat with a built-in bowl or plate that attaches to the table using suction. ECF No. 21. LNC alleges EZPZ

---

[2] At the time LNC filed this action, the intellectual property ("IP") at issue listed Laurain as the title owner. ECF No. 31. After LNC filed this action, Laurain documented a transfer of her right, title, and interest in and to the IP to EZPZ. ECF No. 31. Laurain was dismissed without prejudice by Joint Motion for Voluntary Partial Dismissal. ECF No. 32.

has no valid IP right that covers any aspect of LNC's feeding mats. ECF No. 21. LNC further alleges EZPZ sells competing feeding mats. ECF No. 21.

EZPZ filed an answer and counterclaim against LNC, alleging that LNC: (1) infringed the 903 Utility Patent and the 327 Design Patent; (2) violated 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); and (3) unfairly competed with EZPZ in violation of state and common law. ECF No. 27. EZPZ seeks monetary damages and a permanent injunction against LNC. ECF No. 27.

LNC answered EZPZ's counterclaim. ECF No. 33. EZPZ then amended its counterclaim, asserting claims against third party Counter-Defendants Admar International, Inc. ("Admar") and Nouri E. Hakim ("Hakim"). ECF No. 40. Defendants Admar, Hakim, and LNC answered asserting various affirmative defenses. ECF No. 45.

Currently before the Court are a Motion for Sanctions and a Motion to Strike.[3]

EZPZ filed a Motion for Sanctions with an Incorporated Rule 37.1 Certificate. ECF No. 284. LNC filed a "Memorandum in Opposition to EZPZ's Motion for

---

[3] In previous motions, Admar and LNC filed a Motion for Partial Summary Judgment and/or Judgment on the Pleadings (ECF No. 165) that was denied as moot after EZPZ voluntarily dismissed without prejudice its unjust enrichment counter-claim. ECF Nos. 183, 184.

Admar filed a Motion for Partial Summary Judgment dismissing the utility and design patent infringement claims against Admar. ECF No. 166. The Court granted that motion as well. ECF No. 186.

LNC filed a Motion for Partial Summary Judgment dismissing trademark infringement and false designation of origin claims. ECF No. 193. That motion was denied, but EZPZ voluntarily dismissed those claims. ECF No. 211.

Hakim and LNC filed a Motion for Partial Summary Judgment to Dismiss EZPZ's design patent infringement claim. ECF No. 238. That motion was also denied. ECF No. 261.

Sanctions." ECF No. 305. EZPZ then filed a reply (ECF No. 308), and LNC filed a sur-reply. ECF Nos. 309, 311.

In response to EZPZ's Motion for Sanctions, LNC also filed a "Motion to Strike EZPZ's Motion for Sanctions for Failure to Meet and Confer Pursuant to Fed. R. C. P. rule 37 and Local Rule 37.1, and for Expedited Hearing." ECF No. 288. EZPZ filed a response to LNC's Motion to Strike. ECF No. 301. LNC then filed a reply. ECF No. 304.

II.   Law and Analysis

EZPZ claims LNC has been noncompliant with the Court's orders to produce a number of emails, and to either show that the emails were subject to an objection or explain why it had failed to produce the emails in response to discovery requests.

EZPZ filed a Motion to Compel LNC to produce all emails concerning LNC's Sure Grip Mat, any other similar LNC mat, products identified in LNC's infringement contentions, and any other Nuby product that may infringe the patents-in-suit on July 27, 2018. ECF No. 146. A hearing was held on September 18, 2018 ECF No. 177. The Court denied EZPZ's Motion to Compel in part (ECF No. 216), but ordered that Plaintiff's counsel had 14 days to explain in writing what he had done to search the LNC server for emails concerning EZPZ. (ECF No. 177 at 114, 120). Plaintiff's Counsel did not comply with the Court's order of September 18, 2018 until June 21, 2019. ECF No. 305-1.

On October 18, 2018, EZPZ received documents from non-parties Steve and Michael Ariel. Those documents included email correspondence between the Ariels

4

and Eddie Hakim's personal email account and/or individuals whose emails went to LNC's server (nuby.com) (the "Ariel emails"). The Ariel emails referenced EZPZ, EZPZ's product, and/or the accused products.

LNC had not produced the Ariel emails to EZPZ, contrary to its earlier representations that it had produced all documents from the LNC server. A hearing was held on October 29, 2018 concerning the Ariel emails.[4] ECF No. 221. The Court ordered that LNC had 14 days to provide EZPZ with an explanation as to why it had not produced the Ariel emails. The Court also stated that if, after a "meet and confer process," EZPZ was not satisfied with LNC's explanation as to why the Ariel emails had not been produced, EZPZ should seek relief from the Court. ECF No. 221, at 55-56. The Court stated that if the Ariel emails had not been properly withheld pursuant to an objection, EZPZ should file a motion seeking relief. LNC was granted 14 days in which to provide an explanation. EZPZ contends LNC has complied with the Court's order of October 29, 2018.

LNC contends that "only a very small number of emails were inadvertently missed prior to the Ariel production, and there are valid reasons why the remaining documents produced by the Ariels were not previously produced by LNC." ECF No. 305 at 6. LNC maintains it would have explained all of that to EZPZ had EZPZ requested a "meet and confer." ECF No. 305 at 6-7.

---

[4] A third hearing was held on December 4, 2018, at which the remainder of EZPZ's Motion to Compel (ECF No. 146) was denied. ECF No. 216.

A fourth hearing was held on July 8, 2019, on this Motion for Sanctions and Motion to Strike. ECF No. 312.

LNC argues that EZPZ failed to comply with the meet and confer requirement in Fed. R. Civ. P. rule 37. LNC further argues that, in any event, the Court never ordered LNC to produce any of the documents at issue in EZPZ's Motion for Sanctions. ECF No. 305 at 11.

### 1. LNC's Motion to Strike is denied.

LNC filed a Motion to Strike EZPZ's Motion for Sanctions because, LNC alleges, EZPZ did not "meet and confer" with LNC. ECF No. 288. See Local Rule 37.1W ("If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper"); *Johnson v. Coca-Cola Enterprises, Inc.*, 2006 WL 1581218, at *1 (W.D. La. 2006); see also Fed. R. Civ. P. 37(a)(2)(B) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."). LNC maintains that, because a meet and confer did not take place, LNC did not have to produce the documents and EZPZ's Motion for Sanctions should be stricken.

The Rule 37(a)(1) requirement of conferral is a precursor to a motion to compel disclosure or discovery. In this case, the Court has already ordered disclosure at the hearing on September 18, 2018. EZPZ's Motion for Sanctions is for failure to comply with a Court order, and not for failure to comply with a discovery request. Rule 37's "meet and confer" requirement is not technically applicable here.

LNC failed to comply with the Court's order to explain *why* the Ariel emails had not been produced in discovery. Although LNC contends EZPZ did not comply with the meet and confer requirement, Rule 37 is not applicable in this instance. However, in an apparently futile attempt to induce the parties to work together, at the October 29, 2018 hearing, the Court told the parties to employ a "meet and confer process" to find out why the Ariel emails had not been produced.[5] ECF No. 221 at 55-56.

---

[5] At the October 29, 2018 hearing, the Court stated (ECF No. 221 at 55-56):

> "And, you know, Mr. Morse, A, we don't know that this document was withheld subject to any objection. There might, as you said, be some other explanation for the failure to produce it, but I continue to share Mr. Atallah's concern, if documents are materializing that weren't withheld subject to some kind of objection for whatever reason. I perfectly understand that these folks had another email server that you don't have any control over.
>
> "But if I'm understanding this document, which I have not seen, correctly, I don't think it would be a document that would be appropriately withheld as a document that pertains only to, quote, unquote, foreign sales, given what my appreciation of what that term was that we established during the last hearing, and I don't know that it was withheld on any other basis.
>
> "So I guess what I'm saying is this. Mr. Atallah, I'm not in a position to do anything about it at this point except to tell you that I think Mr. Morse is correct. If you feel there are concerns out there that need to be addressed, raise them with Ms. Holtzman. Give her an opportunity to let Mr. Morse look it over, and if you think additional relief from this Court is warranted <u>after you've had that sort of meet and confer process</u> occur again, you're going to find fertile ground here.
>
> "The production in this case has been, you know, I understand it's difficult logistically on both sides, but my patience ran out long before this last hearing with regard to, you know, any shenanigans. I understood that there was some misunderstanding about the universe of discoverable documents, but we should be past that at this point.
>
> "So, Mr. Atallah, my suggestion to you would be to look over that production, and at a minimum provide some kind of subset that would give a good representative picture of what you think is concerning to Ms. Holtzman. Take it from there, and I'll expect a motion from you, one or two different types of motions I can think of, if you feel that something untoward or unfair has occurred, and if not, maybe Mr. Morse can provide

7

LNC claims it was "lulled" into believing EZPZ had "dropped the issue" because EZPZ never requested a "meet and confer." ECF No. 288-1 at 2. That claim is insupportable.

Defense counsel stated at the July 8, 2019 hearing that LNC was given details as to the Ariel emails in a letter dated November 20, 2018. ECF No. 288-5; No. 314 at 22-23. LNC's attorney admitted at the July 2019 hearing that she briefly discussed the Ariel email issue with former defense counsel on November 28 or 29, 2018. ECF No. 314 at 28. Both sides agreed that conversation was not a "meaningful" meet and confer. ECF No. 314 at 29. EZPZ's attorney stated that the "meet and confer" has "always been an ongoing process" and that the November 2018 conversation was only a part of that process.[6] ECF No. 314 at 29.

There was an email exchange in November 2018 concerning the Arial email issue. ECF No. 202-1 at 4. There was another email exchange on March 21, 2019 and a phone conversation on March 22, 2019 regarding insertion of an additional deadline into the scheduling order. ECF No. 314 at 31-32. At the July 8, 2019 hearing, the parties agreed that the additional deadline discussed in March 2019 was for the purpose of EZPZ filing a motion to compel or for sanctions over the email production. ECF No. 314 at 29-30. Therefore, LNC had notice of EZPZ's intent to file

---

you with a perfectly reasonable explanation of what happened there. Who knows. [sic] I just don't know."

[6] There was also confusion over whether there was a "meet and confer" conducted on October 29, 2018, outside of the hearing, between EZPZ's former counsel and one of LNC's attorneys (not Menasco). EZPZ's current attorney believed there was, while Menasco was clearly unaware of any such conversation. ECF No. 314 at 26-27.

a motion to compel or a motion for sanctions, and had no reason to believe EZPZ had dropped this issue.

LNC claims a "meet and confer" was a necessary precursor to EZPZ filing a motion to compel or for sanctions under Rule 37. ECF No. 314 at 31. Although Rule 37 is not applicable, the Court clearly expected the parties to "meet and confer." It is clear the conferment was not accomplished in one conversation, but instead took place intermittently over a period of time. LNC appears to maintain they were not finished conferring on the issue. However, at some point, the discussions must end. The Court finds adequate conferment took place.

Because the conference requirement of Rule 37 was inapplicable, and the parties satisfied the Court's expectation that they informally confer, LNC's Motion to Strike EZPZ's Motion for Sanctions for failure to "meet and confer" (ECF No. 288) is DENIED.

### 2. <u>EZPZ's Motion for Sanctions is denied.</u>

EZPZ asks the Court to sanction LNC for failing to comply with the Court's order to explain why it did not produce the Ariel emails in discovery. <u>See</u> Fed. R. Civ. P. 27(b)(A). According to EZPZ, the Ariel emails show they were sent to email accounts on LNC's server or Eddie Hakim's personal email, so they should have been discovered and produced. Although LNC contends there is no prejudice to EZPZ because it now has the emails, EZPZ states it is concerned about what else LNC has failed to produce. EZPZ seeks attorney fees and costs, and asks the Court to allow its

independent IT expert to examine LNC's hard drive and/or server and email accounts for relevant emails, at LNC's cost. ECF No. 284.

LNC argues that the Court never ordered it to produce the emails. However, it is clear that LNC had a legal and ethical duty to comply with discovery requests. The scope of LNC's duty to respond to EZPZ's requests for production was clearly defined by the Court in the multiple hearings held on the issue. Hence, EZPZ's Motion to Compel (ECF No. 146) was denied as moot after the hearings. To clarify, LNC was *ordered* to respond to EZPZ's requests for production within the scope defined by the Court and parties at the hearings. After the Ariel emails were discovered, LNC was *ordered* to either lodge objections to their production or to otherwise explain why they had not been produced.

At the time of the July 2019 hearing, LNC still had not stated an objection to production of the emails or offered an excuse of not having produced them, and still had not actually produced the emails to EZPZ. However, LNC's counsel has repeatedly explained the difficulties inherent in the extraction of relevant emails from the thousands of documents in LNC's server and emails accounts, with the added complications of foreign sales and coding errors. LNC's in-house counsel claims to have reviewed the initial search for errors and found three additional emails that had been miscoded. ECF No. 221 at 48. However, he was still struggling with the foreign sales emails. ECF No. 221 at 48-49.

Again, LNC's failure to timely and fully comply with the Court's orders remains insupportable. So does LNC's equivocation regarding whether there were

sufficiently specific or clear Court orders with which LNC had to comply. Briefs, transcripts, and even orders can be parsed and strategically interpreted. The disputed discovery, by nature, was complicated and voluminous. Mistakes were possible; complete definitional clarity was elusive.

But in the end, LNC's obligations were clear. The Court conducted multiple, lengthy, and detailed hearings on these issues. With the parties' exhaustive input, the Court ordered production under the most attainable and reasonable parameters identified during those hearings. The sum of these proceedings was plain. The parties were expected to cooperate professionally, even informally, to avoid more costly disputes and lost time. LNC was to produce as and when ordered – or, logically, to revisit any difficult or confusing parameters with EZPZ or the Court. LNC's conduct, and ultimate production, fell short of those marks in several respects.

Still, the sanctions sought by EZPZ are unwarranted. In *many* other respects, LNC's conduct and production substantially complied with the Court's orders and expectations. Further, EZPZ has not shown prejudice. EZPZ now has the Ariel emails, and it has not produced any evidence LNC deliberately withheld evidence without just cause. And lastly, EZPZ has speculated, but has not shown, that LNC is still withholding discoverable evidence. A risk of further impediments to discovery, motions, or trial, is thus not present because of this discovery.

As a consequence, sanctions would be entirely punitive, rather than corrective or retributive. Of course, that may be justifiable. But such sanctions would serve neither the Court's nor the parties' best interests under these unique circumstances.

Accordingly, EZPZ's Motion for Sanctions (ECF No. 284) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana on this  24th  day of January 2020.

_____
HON. JOSEPH H. L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE