# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

## RULING

This is a patent infringement case in which Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") seeks a declaratory judgment that it does not violate any existing intellectual property right of Defendant Eazy-PZ, LLC ("EZPZ"). The patent and applications related to the following motions are U.S. Patent No. 9,462,903 (the "'903 Patent"), U.S. Patent Application No. 15/507,823 (the "'823 Application") and International Application No. PCT/US15/11955 (the "'955 PCT Application"). The patent and applications are directed to a self-sealing integrated tableware and dining mat.

Pending before the Court is EZPZ's "Motion for Partial Reconsideration and for Protective Order Regarding Discovery Parameters and Further Request for Abbreviated Briefing and Forthwith Ruling." [Doc. No. 476].[1] LNC responded to the motion. [Doc. No. 477]. EZPZ filed a reply. [Doc. No. 478]. For the following reasons, the motion is DENIED IN PART and GRANTED IN PART.

## I. PROCEDURAL HISTORY

On January 2, 2020, the Court entered a Ruling and Order denying EZPZ's "Sealed Motion for Judgment on the Pleadings to Dismiss LNC's Inequitable Conduct Claim," and resolving

---

[1] Citations to the parties' filings are to the filing's number in the docket (Doc. No.) and pin cites are to the page numbers assigned through ECF.

LNC's "Sealed Motion In Limine No. 1: EZPZ Should be Precluded From Introducing Evidence as to Williams and Laurain's Intent or State of Mind in Their Dealings with the USPTO." [Doc. Nos. 462 & 463]. In the Ruling, the Court found that EZPZ consistently denied LNC discovery of what Mr. Williams and Ms. Laurain actually intended during prosecution of the '903 Patent by asserting the attorney-client and patent-agent privileges. [Doc. No. 462 at 9]. The Court further found that it was after the close of fact discovery that EZPZ changed course, and indicated that it would attempt to establish the good faith intent of Mr. Williams and Ms. Laurain at trial. *Id.* The Court concluded that if EZPZ was permitted to introduce evidence of its good faith/lack of intent to deceive, LNC would be severely prejudiced. *Id.* at 10.

The Court further found that EZPZ had not waived the attorney-client privilege with respect to production of documents relating to disclosures made to the USPTO. *Id.* However, assuming that EZPZ intended to present a "good faith" defense at trial, it was clear to the Court that any documents and testimony relating to the disclosures made to the USPTO in support and prosecution of the '903 Patent were proper subjects for discovery by LNC. *Id.* Accordingly, the Court provided EZPZ with the option of agreeing to limited discovery, or stipulating by binding stipulation that EZPZ would not plead or attempt to prove during trial EZPZ's "good faith" with respect to disclosures made or omitted from being made to the USPTO in support and prosecution of the '903 Patent. *Id.* at 11.

On January 9, 2020, EZPZ elected to pursue the option of limited discovery per the Court's Order. [Doc. No. 467]. The Court held a status conference on January 10, 2020. As a result of the status conference, the Court continued the jury trial date of April 13, 2020, to September 14, 2020; upset the pre-trial conference date and all deadlines set forth in the current Scheduling Order; and set a bench trial on the issue of Inequitable Conduct to begin April 13, 2020. [Doc. No. 468 at

1]. The parties were directed to submit proposed language for a limited discovery order and to submit proposed deadlines for the April 13, 2020 bench trial. *Id.* at 2. The parties filed their submissions on January 13, 2020. [Doc. Nos. 469 & 470].

On January 15, 2020, the Court entered an Order setting forth the scope of the limited discovery and related deadlines. [Doc. No. 471]. Specifically, the Court stated that "all references to the '903 Patent shall include 'family member' patents and patent applications, which are specifically identified as U.S. Patent Application No. 15/507,823 (the ''823 Application') and International Application No. PCT/US15/11955 (the ''955 PCT Application'))." *Id.* at 1. The Order set January 31, 2020, as the deadline for "EZPZ to produce all relevant documents within the scope of the Waiver in the possession of EZPZ, Mr. Williams, and Clark Hill and any other attorneys, patent agents or consulting experts." *Id.* at 2.

On January 30, 2020, EZPZ filed the present motion pending before the Court. EZPZ moves the Court to exclude the '823 Application from the definition of the '903 Patent family members; and requests a protective order to limit the discovery of LNC to the pertinent issues and people, including attorney Danette Lilja, BL Speer & Associates, Legal Zoom, Ted Olds, and the law firms of Carlson, Gaskey & Olds, and Chipman Glasser. [Doc. No. 476 at 9]. Alternatively, EZPZ requests a temporary stay of the final production, related to the '823 Application pending a ruling by the Court. *Id.* at 9-10.

## II. ANALYSIS

The Federal Circuit applies the law of the circuit in which a district court sits with respect to "nonpatent issues" and applies the law of the Federal Circuit to "issues of substantive patent law." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000). In the context of a discovery dispute, the court stated that "'Federal Circuit law applies when deciding whether particular written or other materials are discoverable in a patent case,' at least if that issue clearly

implicates substantive patent law." *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 n. 3 (Fed. Cir. 2001) (quoting Spalding Sports, 203 F.3d at 803). Inequitable conduct is certainly a matter of substantive patent law. *See, e.g., Brigham and Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463, 469 (D. Del. 2010); *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, 227 F.R.D. 382, 391 (W.D. Pa. 2005). Accordingly, the Court will apply the law of the Federal Circuit.

The January 15, 2020 Order explicitly stated that "all references to the '903 Patent shall include 'family member' patents and patent applications, which are specifically identified as U.S. Patent Application No. 15/507,823 (the ''823 Application') and International Application No. PCT/US15/11955 (the ''955 PCT Application'))." [Doc. No. 471 at 1]. The day before the discovery deadline set forth in the January 15, 2020 Order, EZPZ filed the present motion moving the Court to limit the discovery by excluding the '823 Application from the definition of the '903 Patent family members. EZPZ argues that the addition of the '823 Application and corresponding addition of 2¼ years of additional discovery has proven to be unduly burdensome to EZPZ. [Doc. No. 476 at 8-9].

As an initial matter, the Court did not rule that EZPZ waived the attorney-client privilege. [Doc. No. 476 at 7] ("The Court ruled that by EZPZ's expert asserting that inexperience was a plausible explanation to the failure to disclose some prior art, that opinion effected a waiver of the attorney client privilege."). Instead, the Court concluded that EZPZ had not waived the attorney-client privilege, and gave EZPZ the option of either agreeing to limited discovery, or stipulating by binding stipulation that EZPZ would not plead or attempt to prove during trial EZPZ's "good faith" with respect to disclosures made or omitted from being made to the USPTO in support and prosecution of the '903 Patent. [Doc. No. 462 at 10-11]. Thus, it was EZPZ that elected to waive

the attorney-client privilege and pursue the option of limited discovery in its January 9, 2020 submission. [Doc. No. 467].

The Court understands that the additional production will require valuable resources, but this is the option that EZPZ choose to pursue. EZPZ was the only party with knowledge of the ramifications of its waiver, and must now live with the consequences of that decision. Moreover, EZPZ strategically waited to pursue its "good faith" pleading until after the close of discovery. As noted in the January 2, 2020 Ruling, it was EZPZ that consistently asserted the attorney-client and patent-agent privileges thereby preventing discovery of what Mr. Williams and Ms. Laurain actually intended during prosecution of the '903 Patent. [Doc. No. 462 at 9]. It was only after the close of fact discovery, after LNC obtained a partial production of withheld documents from Mr. Williams by Order of the Colorado District Court as a result of an inadequate privilege log, did EZPZ change course and indicate it would now attempt to establish the good faith intent of Mr. Williams and Ms. Laurain at trial. *Id.* Accordingly, any undue burden placed on EZPZ, is a result of EZPZ's own actions.

Parties are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* When the client waives the attorney-client privilege, the waiver extends to "all other communications relating to the same subject matter." *In re Seagate Tech.*, 497 F.3d 1360, 1372 (Fed. Cir. 2007). "This broad scope is grounded in principles of fairness and serves to prevent a party from simultaneously using the privilege as both a sword and a shield; that is, it prevents the inequitable result of a party disclosing favorable communications while asserting the privilege as to less favorable ones." *Id.* "There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the

circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349-50 (Fed. Cir. 2005).

EZPZ argues that there is a distinction for discovery purposes of "family member" patents that occurred simultaneously versus those that occurred after issuance. [Doc. No. 476 at 5]. EZPZ contends that the '823 Application was first submitted to the USPTO after the subject '903 Patent was granted. *Id.* at 6. EZPZ further contends that the actions of EZPZ or its agents subsequent to the granting of the '903 Patent on October 11, 2016 could not be instructive on their intent during the '903 Patent prosecution, which had fully concluded by the time the '823 Application was submitted in March of 2017. *Id.* EZPZ further argues that none of the decisions made in prosecution of the '823 Application could have infected the prosecution of the '903 Patent. *Id.* Accordingly to EZPZ, production of the '823 Application should be excluded due to its temporal irrelevance to the '903 Patent. *Id.* at 8.

The relevant standard for the scope of the waiver is that "all communications relating to the same subject matter" fall within the scope of the privilege waiver. *Brigham & Women's Hosp. Inc. v. Teva Pharm. USA, Inc.*, 707 F. Supp. 2d 463, 471 (D. Del. 2010) (citing *Ft. James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005)) (emphasis added); *see also In re Seagate Tech, LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007). District courts applying these principles hold that patents that are "so closely related in kind" fall within the scope of the waiver. *Viskase Corp. v. American Nat. Can Co.*, 888 F. Supp. 899, 901 (N.D. Ill. 1995). This includes continuations of the patent-in-suit. *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-CV-196-DF, 2011 U.S. Dist. LEXIS 159275, at *10 (E.D. Tex. Nov. 29, 2011) ("The Court, therefore, concludes that the implied waiver extends to work-product and privileged communications related to the disclosure

and/or non-disclosure of material information to the PTO during the prosecution of the applications that are continuations of the '919 patent."). Additionally, the Federal Circuit has held that evidence of inequitable conduct occurring during the prosecution of "related patents" can establish intent based on "a pattern of deceit." *See Intellect Wireless, Inc. v. HTC Corp.*, 732 F.3d 1339, 1345 (Fed. Cir. 2013).

Here, the Court finds that the '823 Application is relevant and fully discoverable under Federal Circuit case law. Indeed, the Court explicitly defined "family members" to include the '823 Application. EZPZ's contention that the '823 Patent is irrelevant or temporally unrelated to the '903 Patent and the '955 PCT Application is incorrect. As LNC represents to the Court, the '823 Application is "closely related in kind" to both the '903 Patent and the '955 PCT Application, for at least the following reasons:

- The '823 Application is an offshoot from the '955 PCT Application (it is the national phase filing in the United States).

- The '823 Application, at the time of its filing, had the same exact claims as those originally asserted in the '682 Application (which ultimately issued as the '903 Patent).

- The '823 Application has the same priority date as the '682 Application (which issued as the '903 Patent).

- EZPZ filed a petition to revive the '955 PCT Application for purposes of filing the National Stage '823 Application in the USPTO. [Doc. No. 477-1]. This meant that any patent issued from the '823 Application would have the same July 14, 2014 priority date for purposes of relevant prior art. Thus, the '823 Application covering the same invention was effectively standing in the place of a continuation application for the '903 Patent.

- The '823 Application was assigned to Examiner Volz, the same examiner who had been assigned to the '682 Application (which issued as the '903 Patent).

[Doc. No. 477 at 5-6]. Thus, the Court finds that Ms. Laurain's communications with Mr. Williams and her counsel concerning the '823 Application proceeding, as well as their thoughts, mental

impressions, and analysis of those proceedings, are relevant to EZPZ's good faith defense.  It was EZPZ that chose to wield its sword and it cannot now shield form discovery the documents related to the '823 Application.

Finally, the Court disagrees with EZPZ's argument that a stay of the '823 Application would not unduly prejudice LNC. [Doc. No. 476 at 9].  In fact, a stay would severely prejudice LNC because it would deny LNC access to privileged communications that may refute or provide the full factual content underlying the testimony from Ms. Laurain and Mr. Williams.  Thus, the Court rejects EZPZ's attempt to resurrect a privilege shield based on its assertion that the '823 Application is irrelevant, and that the production would be unduly burdensome.  Accordingly, EZPZ requests for a protective order, and EZPZ requests to exclude the '823 Application from the definition of the '903 Patent family members is denied.  EZPZ shall comply with the Court's January 15, 2020 Order [Doc. No. 471], except as provided below.

EZPZ request for a temporary stay of the final production related to the '823 Application is granted.  The temporary stay is lifted, and the new deadline to produce discovery related to the '823 Application is **February 24, 2020**.  At this time, the Court is not inclined to stay or reschedule the bench trial on the issue of Inequitable Conduct, which is set to begin April 13, 2020.  However, if the parties *agree* that the bench trial should be rescheduled for a later date, the Court will take the agreement under advisement.  Likewise, if the parties *agree* that certain dates in the January 15, 2020 Order [Doc. No. 471] need to be amended to accommodate the production related to the '823 Application, the parties may submit a proposed joint amended scheduling order by no later than 5 PM (central) on Wednesday, February 5, 2020.  The proposed joint amended schedule must show both the current deadline and the proposed deadline that the parties agree upon in tabular format.

In summary, the Court fully expects the parties to work together to determine the most efficient path in preparing the case for the bench trial on the issue of Inequitable Conduct. The parties are forewarned that last minute cries for prejudice cut both ways, and will be carefully considered in the light of a party's reasonableness in making demands on the opposing party, while at the same time refusing to make reasonable concessions. Unreasonable demands for the sake of gamesmanship will not be well received by the Court.

## III. CONCLUSION

For the foregoing reasons, EZPZ's Motion for Partial Reconsideration and for Protective Order Regarding Discovery Parameters and Further Request for Abbreviated Briefing and Forthwith Ruling [Doc. No. 476] is DENIED IN PART and GRANTED IN PART.

Monroe, Louisiana, this 3rd day of February, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE