UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LUV N' CARE** | **CIVIL ACTION NO. 3:16-00777** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LINDSEY LAURAIN, ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

### SEALED RULING

This is a patent infringement case in which Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") seeks a declaratory judgment that it does not violate any existing intellectual property right of Defendant Eazy-PZ, LLC ("EZPZ"). Pending before the Court is LNC's Sealed "Motion for Summary Judgment Based on EZPZ'S Uncleans Hands During this Litigation" [Doc. No. 363]. EZPZ responded to the motion. [Doc. No. 419]. LNC filed a reply. [Doc. No. 441]. For the following reasons, the motion is DENIED.

**I.    PROCEDURAL HISTORY**

LNC previously filed a Motion for Sanctions in the Form of an Adverse Inference and Attorneys' Fees Due to EZPZ's Spoliation of Evidence [Doc. No. 324]. In that motion, LNC argued that Lindsey Laurain ("Ms. Laurain"), altered several invoices (invoice numbers 148, 149, 150, 157, 168, and 247) to Hip Mommies, Inc., EZPZ's Canadian distributor. [Doc. No. 466 at 3].[1] In denying the motion, the Court found that LNC's showing fell well short of spoliation. *Id.* at 6.

Similar to its previous motion for sanctions, LNC argues that it is entitled to summary judgment dismissing the Counterclaims of EZPZ due to its misconduct throughout this litigation.

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

[Doc. No. 363]. LNC further argues that EZPZ's misconduct includes: (1) EZPZ altering invoices that directly contradicted and rendered false one of the declarations Ms. Laurain submitted to the USPTO; (2) Ms. Laurain providing sworn testimony under oath that she had no document describing her prior art searches; (3) Ms. Laurain claiming under oath that she could not recall a prior art silicone integrated dog bowl and mat designed by Seungchan Lee (the "Lee Dog Bowl/Mat"); and (4) Ms. Laurain repeatedly attempting to answer pertinent questions by feigning lack of recollection of events. *Id.* at 1-2.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322- 23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).  Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)).  If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If an issue of credibility exists, a motion for summary judgment should be denied. *See Balboa Ins. Co. v. United States*, 775 F.2d 1158, 1163 (Fed. Cir. 1985) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).  Stated differently, where there are specific facts that tend to discredit a key witness, this may create a genuine issue of material fact for trial. *See Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1159 (Fed. Cir. 2004).  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### B. Legal Standards for Doctrine of Unclean Hands.

The defense of unclean hands arises from "the equitable maxim that 'he who comes into equity must come with clean hands.'" *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945).  The doctrine of unclean hands permits a court to deny equitable relief to a party guilty of fraud, deceit, unconscionability, or bad faith relative to an issue present in the pending lawsuit. *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th

3

Cir. 1995). Application of the doctrine is discretionary and does not apply when the party's behavior is not sufficiently serious. *Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 799 (9th Cir. 1991). The party asserting the defense of unclean hands "bears the burden of proving by clear and convincing evidence that [EZPZ] acted with unclean hands." *Astra Aktiebolag v. Andrx Pharm., Inc. (In re Omeprazole Patent Litig.)*, 483 F.3d 1364, 1374 (Fed. Cir. 2007).

The doctrine of unclean hands provides that a litigant who engages in reprehensible conduct in relation to the matter in controversy forfeits their right to have the court hear their claim, regardless of merit. *Asarco LLC v. Ams. Mining Corp.*, 396 B.R. 278, 333 (S.D. Tex. 2008). This equitable doctrine is not strictly a defense to which a litigant is legally entitled. *Id.* Rather, "it is a rule of public policy to protect the public and the court against misuse by persons who, because of their conduct, have forfeited the right to have their claims considered." *Id.* In order for EZPZ's claim to be barred, its inequitable conduct must relate directly to the matter in controversy. The question is whether EZPZ's conduct is "so offensive to the integrity of the court that its claim should be denied." *Id.* Although not disputed, it is worth noting that the unclean hands doctrine is applicable to patent infringement cases. *Intamin, Ltd. v. Magnetar Technologies Corp.*, 623 F.Supp.2d 1055, 1074 (C.D. Cal 2009)

### C. LNC's Motion for Partial Summary Judgment of Unenforceability of the '903 Patent Due to Intentional Non-disclosure and Misleading Disclosure of Material Prior Art, and Dismissing Claims of Infringement.

#### 1. Parties' Positions

LNC argues that Ms. Laurain's inequitable conduct was not limited to her conduct before the USPTO, and continued into and throughout this litigation, with repeated attempts by Ms. Laurain and EZPZ to hide Ms. Laurain's inequitable conduct before the USPTO. [Doc. No. 363-29 at 4]. LNC contends that EZPZ's deception and discovery misconduct is undisputed evidence of EZPZ's "unclean hands." *Id.* at 5. According to LNC, EZPZ's "unclean hands" warrant

dismissal of each and every one of EZPZ's claims against LNC and Mr. Hakim under well-established precedent used in patent litigation cases. *Id.*

EZPZ responds that LNC is in possession of all of the information it relies on to assert an alleged unclean hands defense regarding the Hip Mommies invoices, because EZPZ disclosed all of the relevant information. [Doc. No. 419-1 at 4]. EZPZ also argues that LNC willfully disregards information known to it about Ms. Laurain not having access to specific documents during this litigation. *Id.* EZPZ also argues that LNC intentionally misrepresents Ms. Laurain's testimony about knowledge of prior art. *Id.* Finally, EZPZ argues that LNC turns arguments on their head to try to characterize Ms. Laurain's response in a personal deposition of "I don't recall the specifics" as answering evasively. *Id.*

### 2. Analysis

Regarding LNC's argument that EZPZ altered invoices, the Court addressed this argument in LNC's Motion for Sanctions in the Form of an Adverse Inference and Attorneys' Fees Due to EZPZ's Spoliation of Evidence [Doc. No. 324]. In denying LNC's Motion, the Court found that LNC's showing fell well short of spoliation. [Doc. No. 466 at 6]. Consistent with the previous Order, the Court finds that LNC's argument and evidence falls short of its burden of proof for the present motion. Indeed, the material disputed facts leaves open the question whether Ms. Laurain's conduct is so offensive to the integrity of the court that EZPZ's claim should be denied.

Regarding LNC's argument that EZPZ failed to produce the patents searches Ms. Laurain had performed, the Court also finds that LNC's argument and evidence falls short of its burden of proof for the present motion. EZPZ contends that Ms. Laurain's old email account lindsey@eazypz.com was cancelled on GoDaddy, and those emails are no longer accessible to Ms. Laurain. [Doc. No. 419-1 at 16-17]. LNC also contends that EZPZ has offered no explanation as

to why it failed to produce the Word document entitled, "Patentsearch," separate and apart from Ms. Laurain's e-mail to Mr. Williams. [Doc. No. 441 at 10].

The Court first notes that LNC now has the requested documents in its possession. *Id.* Moreover, the Court finds that LNC's assertions go to the credibility of Ms. Laurain's testimony. As such, the Court finds that it would be improper to resolve this issue on summary judgment. Indeed, the material disputed facts leaves open the question whether Ms. Laurain's conduct is so offensive to the integrity of the court that EZPZ's claim should be denied.

Regarding LNC's argument that Ms. Laurain denied having knowledge of the Lee Dog Bowl/Mat, the Court also finds that LNC's argument and evidence falls short of its burden of proof for the present motion. Ms. Laurain testified that she did not remember seeing the Lee Dog Bowl/Mat. [Doc. No. 363-29 at 15]. If LNC can show that this testimony lacks credibility, then LNC will be closer to showing that Ms. Laurain had the specific intent of deceiving the USPTO. The Court will consider such testimony in the upcoming bench trial on inequitable conduct, assuming such evidence is presented to the Court. However, like the previous issue, this issue goes to the credibility of Ms. Laurain, and as such, the Court finds that it would be improper to resolve this issue on summary judgment. Indeed, the material disputed facts leaves open the question whether Ms. Laurain's conduct is so offensive to the integrity of the court that EZPZ's claim should be denied.

Regarding LNC's argument that Ms. Laurain testified evasively and falsely concerning her involvement in the preparation of the declarations submitted to the USPTO, the Court also finds that LNC's argument and evidence falls short of its burden of proof for the present motion. If LNC can show that this testimony lacks credibility, then LNC will be closer to proving that Ms. Laurain had the specific intent of deceiving the USPTO. The Court will consider such testimony

in the upcoming bench trial on inequitable conduct, assuming such evidence is presented to the Court. However, like the previous issue, this issue goes to the credibility of Ms. Laurain. At the upcoming bench trial, the Court will have the opportunity to see and hear the witnesses as they testify and make the necessary evaluation of their credibility at that time. Accordingly, the Court finds that it would be improper to resolve this issue on summary judgment. Indeed, the material disputed facts leave open the question whether Ms. Laurain's conduct is so offensive to the integrity of the court that EZPZ's claim should be denied. In summary, the Court concludes that LNC has failed to prove with clear and convincing evidence that the doctrine of unclean hands applies.

### III. CONCLUSION

For the foregoing reasons, LNC's Sealed "Motion for Summary Judgment Based on EZPZ'S Uncleans Hands During this Litigation" [Doc. No. 363] is DENIED.

Monroe, Louisiana, this 19th day of February, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE