UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

**RULING**

This is a patent infringement case in which Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") seeks a declaratory judgment that it does not violate any existing intellectual property right of Defendant Eazy-PZ, LLC ("EZPZ"). Pending before the Court is LNC's Sealed "Motion to Amend Court's Order (Dkt. No. 471) to Include Three Unpublished Family Member/Related Patent Applications that EZPZ Failed to Disclose During Fact Discovery, and to Set a Prompt Deadline by Which EZPZ Must Produce Documents Relating to Those Applications, With Request for Expedited Consideration" [Doc. No. 497]. EZPZ responded to the motion. [Doc. No. 508]. LNC filed a reply. [Doc. No. 510]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

EZPZ asserts that LNC infringed U.S. Patent No. 9,462,903 (the "'903 Patent"). LNC contends that the '903 Patent is invalid and unenforceable, because Lindsey Laurain ("Ms. Laurain"), and her patent agent, Benjamin Williams ("Mr. Williams") committed inequitable conduct before the USPTO.

On January 2, 2020, the Court entered a Ruling and Order denying EZPZ's "Sealed Motion for Judgment on the Pleadings to Dismiss LNC's Inequitable Conduct Claim," and resolving LNC's "Sealed Motion In Limine No. 1: EZPZ Should be Precluded From Introducing Evidence

as to Williams and Laurain's Intent or State of Mind in Their Dealings with the USPTO." [Doc. Nos. 462 & 463]. In the Ruling, the Court found that EZPZ consistently denied LNC discovery of what Mr. Williams and Ms. Laurain actually intended during prosecution of the '903 Patent by asserting the attorney-client and patent-agent privileges. [Doc. No. 462 at 9].[1] The Court further found that it was after the close of fact discovery that EZPZ changed course, and indicated that it would attempt to establish the good faith intent of Mr. Williams and Ms. Laurain at trial. *Id.* The Court concluded that if EZPZ was permitted to introduce evidence of its good faith/lack of intent to deceive, LNC would be severely prejudiced. *Id.* at 10.

The Court further found that EZPZ had not waived the attorney-client privilege with respect to production of documents relating to disclosures made to the USPTO. *Id.* However, assuming that EZPZ intended to present a "good faith" defense at trial, it was clear to the Court that any documents and testimony relating to the disclosures made to the USPTO in support and prosecution of the '903 Patent were proper subjects for discovery by LNC. *Id.* Accordingly, the Court provided EZPZ with the option of agreeing to limited discovery, or stipulating by binding stipulation that EZPZ would not plead or attempt to prove during trial EZPZ's "good faith" with respect to disclosures made or omitted from being made to the USPTO in support and prosecution of the '903 Patent. *Id.* at 11.

On January 9, 2020, EZPZ elected to pursue the option of limited discovery per the Court's Order. [Doc. No. 467]. The Court held a status conference on January 10, 2020. As a result of the status conference, the Court continued the jury trial date of April 13, 2020, to September 14, 2020; upset the pre-trial conference date and all deadlines set forth in the current Scheduling Order;

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

and set a bench trial on the issue of Inequitable Conduct to begin April 13, 2020. [Doc. No. 468 at 1]. The parties were directed to submit proposed language for a limited discovery order and to submit proposed deadlines for the April 13, 2020 bench trial. *Id.* at 2. The parties filed their submissions on January 13, 2020. [Doc. Nos. 469 & 470].

On January 15, 2020, the Court entered an Order setting forth the scope of the limited discovery and related deadlines. [Doc. No. 471]. Specifically, the Court stated that "all references to the '903 Patent shall include 'family member' patents and patent applications, which are specifically identified as U.S. Patent Application No. 15/507,823 (the ''823 Application') and International Application No. PCT/US15/11955 (the ''955 PCT Application'))." *Id.* at 1. The Order set January 31, 2020, as the deadline for "EZPZ to produce all relevant documents within the scope of the Waiver in the possession of EZPZ, Mr. Williams, and Clark Hill and any other attorneys, patent agents or consulting experts." *Id.* at 2.

On January 30, 2020, EZPZ filed a "Motion for Partial Reconsideration and for Protective Order Regarding Discovery Parameters and Further Request for Abbreviated Briefing and Forthwith Ruling [Doc. No. 476]." EZPZ moved the Court to exclude the '823 Application from the definition of the '903 Patent family members; and requested a protective order to limit the discovery of LNC to the pertinent issues and people. *Id.* at 9. The Court denied EZPZ's requests to exclude the '823 Application from the definition of the '903 Patent family members. [Doc. No. 479 & 480]. On February 12, 2020, the Court entered an Amended Scheduling Order setting the bench trial on the issue of Inequitable Conduct to begin June 1, 2020.

LNC moves the Court to amend its existing Order governing the upcoming inequitable bench trial (Doc. No. #471) to include three additional unpublished family member/related patent applications.

## II. ANALYSIS

LNC argues that EZPZ failed to disclose three additional unpublished family member/related patent applications during fact discovery or to supplement its disclosures and production after fact discovery closed as is required by Fed. R. Civ. P. 26(e). [Doc. No. 497-1 at 5]. The unpublished applications include a continuation application for the '823 Application (*i.e.*, the "'403 Application"), and two "children" of the '823 Application (*i.e.*, the "'976 Application" and the "'824 Application") (collectively, the "Unpublished Applications").[2] LNC contends that the Unpublished Applications concern the "same subject matter," *i.e.*, the same invention that is the subject of the '903 Patent. *Id.* at 5-6. LNC further contends that the Unpublished Applications are directly relevant to and fall within the intent of the Court's prior orders and should be included within the scope of EZPZ's privilege waiver. *Id.* at 6.

EZPZ responds that Doc. No. 497-16 demonstrates that the patent applications LNC now seeks were listed on the '955 PCT filing as a matter of public record and information on PAIRS. [Doc. No. 508 at 5]. EZPZ's argues that its failure in responding to the interrogatories after the applications were filed is due the "late arrival" of EZPZ's current counsel, and "by the significant number of documents being sequestered as attorney's eyes only." *Id.* at 6. EZPZ also contends that the Courts have generally applied a balancing test to decide whether to compel discovery of pending or abandoned applications. *Id.* at 8. EZPZ further contends that there is nothing improper, illegal, or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market. *Id.* at 10. Finally, EZPZ argues that prior art references in continuing application are inconclusive. *Id.* at 10-15.

LNC replies that it is not seeking new discovery. [Doc. No. 510 at 1]. LNC argues that it

---

[2] It is the Court's understanding that the '403 Application and the '976 Application are abandoned, and that the '824 Application is currently pending.

could not identify the existence of the '403 Application because it was not publicly available, and the '824 Application was only filed on December 17, 2019. LNC also argues that the existence of the '403 Application had to become known to EZPZ's current counsel when EZPZ elected to waive privilege, and that EZPZ's current counsel must have known of the '824 Application filed only a few months ago. *Id.* at 3.

The Court agrees with LNC that the Unpublished Applications are relevant and should be included in the Court's definition of the '903 Patent. EZPZ does not argue that the Unpublished Applications are not "so closely related in kind" to the '903 Patent. Instead, EZPZ argues that "the Courts have generally applied a balancing test to decide whether to compel discovery of pending or abandoned applications." [Doc. No. 508 at 8] (citing *Cordis Corp. v. SciMed Life Sys.*, 982 F. Supp. 1358, 1360-61 (D. Minn. 1997)). Given that these applications concern the "same subject matter," *i.e.*, the same invention that is the subject of the '903 Patent, their direct relevancy and importance cannot be understated. Accordingly, the Court finds that the Unpublished Applications are "closely related in kind," and thus within the scope of EZPZ's privilege waiver. *Viskase Corp. v. American Nat. Can Co.*, 888 F. Supp. 899, 901 (N.D. Ill. 1995); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-CV-196-DF, 2011 U.S. Dist. LEXIS 159275, at *10 (E.D. Tex. Nov. 29, 2011).

Moreover, this discovery is especially important given that EZPZ has indicated that it may attempt to rely on one or all of the Unpublished Applications to show that a piece of prior art was not material. For example, EZPZ argues that "if the '824 is granted over the prior art which LNC claims is material, then that would legally show that the prior art was not material, and that omitting the prior art was not inequitable conduct." [Doc. No. 508 at 11]. It would be fundamentally unfair to shield the arguments made and the prior art disclosed to the USPTO in these applications from

LNC, while at the same time allowing EZPZ to cherry pick portions of the applications. EZPZ is the party who elected to assert a good faith defense to LNC's inequitable conduct claims, and EZPZ must live with the consequences of its decision. Moreover, the burden of producing the entire file wrappers for the Unpublished Applications should be relatively minimal, and any burden is significantly outweighed by the likely benefit of providing the parties equal access to these Unpublished Applications.

Accordingly, the Court amends its Order (Doc. No. 471) to include the '403, '976, and '824 Applications within the definition of the '903 Patent. EZPZ shall immediately produce to LNC the complete file wrappers for the '403, '976, and '824 Applications. However, the Court finds that the additional requested discovery is not proportional to the needs of the case. Specifically, LNC requests "all documents" related the Unpublished Applications. The expense of producing "all documents" related the Unpublished Applications outweighs the likely benefits. Moreover, it would likely lead to further delays and further time intensive motion practice. Thus, EZPZ is not required to produce any additional documents beyond the complete file wrapper for the Unpublished Applications.

In summary, the Court does not look favorably on EZPZ's failure to disclose the Unpublished Applications. However, LNC has not provided a reasonable explanation on why it did not identify the '976 and '824 Application sooner, given that the identity of these applications was a matter of public record and information on PAIRS. Barring any unforeseen circumstances, the Bench Trial on Inequitable Conduct will begin on June 1, 2020. The parties should do everything in their power to cooperatively prepare the case for this setting.

### III. CONCLUSION

For the foregoing reasons, Sealed "Motion to Amend Court's Order (Dkt. No. 471) to

Include Three Unpublished Family Member/Related Patent Applications that EZPZ Failed to Disclose During Fact Discovery, and to Set a Prompt Deadline by Which EZPZ Must Produce Documents Relating to Those Applications, With Request for Expedited Consideration" [Doc. No. 497] is GRANTED IN PART and DENIED IN PART.

Monroe, Louisiana, this 13th day of March, 2020.

```
                                    _____
                                    TERRY A. DOUGHTY
                                    UNITED STATES DISTRICT JUDGE
```