UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

### RULING

This is a patent infringement case in which Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") seeks a declaratory judgment that it does not violate any existing intellectual property right of Defendant Eazy-PZ, LLC ("EZPZ"). LNC filed the following motions:

- On July 6, 2020 - Sealed "Motion for Partial Summary Judgment of Invalidity of Eazy-PZ's Design Patent as Indefinite and Non-Enabling and Dismissing Eazy-PZ's Counterclaim Counts II & XIII" [Doc. No 557];

- On July 6, 2020 - Sealed "Motion for Partial Summary Judgment Dismissing Eazy-PZ, LLC's Design Patent Infringement Claims" [Doc. No. 558];

- On July 8, 2020 - Sealed "Motion Dismissing Eazy-PZ, LLC's Claim for Willful Infringement of its Design Patent" [Doc. No. 564]; and

- On July 17, 2020 - Sealed "Motion for Summary Judgment Based on EZPZ's Unclean Hands During this Litigation Discovered Post-Waiver" [Doc. No. 578].

Pending before the Court is EZPZ's "Motion for Clarification and to Strike Doc. No. 557, 558, 564 and 578" [Doc. No. 580]. LNC responded to the motion. [Doc. No. 589]. EZPZ filed a reply. [Doc. No. 592]. For the following reasons, the motion is GRANTED.

**I. BACKGROUND**

The applicable Scheduling Order set the dispositive motion deadline in this case to September 30, 2019. [Doc. No. 316]. The Court held a status conference on May 27, 2020. During

the status conference, LNC requested to submit a counter-motion for summary judgment regarding its Louisiana Unfair Trade Practices Act (LUTPA), which was allowed by the Court.  LNC was also allowed to file a motion seeking attorney's fees and costs as an exceptional under 35 U.S.C. § 285.  An Abbreviated Scheduling Order was entered the same day setting a dispositive motion deadline for July 10, 2020. [Doc. No. 531 at 4].  Thereafter, LNC moved the Court to extend the deadline to file its 35 U.S.C. § 285 motion until after the entry of a final appealable judgment, which the Court granted. [Doc. No. 570].

On July 20, 2020, the parties filed an "Unopposed Motion for Extension of Case Deadlines" that included a Proposed "Deadline for filing dispositive motions," which extended the date from July 10, 2010 to July 17, 2020. [Doc. No. 555 at 2].  The motion included the following footnote regarding the dispositive motions' deadline:

> The parties dispute the scope of the dispositive motion deadline.
>
> LNC's position is that the existing Scheduling Order (Dkt. #531) contains a dispositive motion deadline not limited to any particular motion. Several LNC attorneys present at the status conference held on May 27, 2020 understood the Court to direct the parties to file whatever motions they wanted to file and that the Court would consider them. Further, a possible motion for unclean hands based on new (post-waiver) evidence was discussed at the conference. Based upon its understanding of the Court's instructions and the dispositive motion deadline in the existing Scheduling Order, LNC reasonably relied on the dispositive motion deadline expressly set forth in the existing Scheduling Order (Dkt. #531) and has already devoted substantial resources in preparing its cross-motion for summary judgment under the Louisiana Unfair Trade Practices Act ("LUTPA"), a new motion for unclean hands based on post-waiver evidence, and its exceptional case motion, as well as additional dispositive motions concerning the invalidity and non-infringement of EZPZ's design patent (also based in part on new post-waiver evidence as  well as a May 2020 Federal Circuit decision) and the inability of EZPZ to establish willful infringement of the design patent. The motions in question are all interrelated to the exceptional case motion and devoted to limiting the issues, if not completely avoiding the need for a trial, and they should be heard in advance of trial in the interest of judicial economy. It would make no sense to devote substantial judicial resources (and the resources of the parties) for a jury trial of claims that lack merit as a matter of law.

> EZPZ's position is that the matter regarding the scope of dispositive motions was discussed and resolved at the Status Conference held on May 27, 2020, and the specific motions that were permitted were limited to LNC's right to file dispositive motions is limited to a cross-motion for summary judgment under the LUTPA and a motion for a finding of exceptional case. The deadline for dispositive motions passed on September 30, 2019. Any motions regarding the design patent could have been—and should have been—filed prior to the September 30, 2019 deadline. The additional limited discovery that has been done since January of 2020 related solely to the '903 Utility Patent and previously withheld attorney-client matter, which does not inform on the '327 Design Patent issues. Any proposed summary judgment with respect to unclean hands would be duplicative of the permitted motion for exceptional case. There is no reason to allow additional briefing at this time, in excess of the two motions that were discussed and permitted at the status conference. Additional summary judgment briefing at this late date prejudices EZPZ in its ability to prepare for trial.

[Doc. No. 555 at 2 n.2]. The Court entered the Parties' Unopposed Motion on July 6, 2020. [Doc. No. 563]. LNC subsequently filed the four summary judgment motions [Doc. Nos. 557, 558, 564, 578] at issue in the present motion. EZPZ moves the Court to strike the four pending summary judgment motions as being untimely, without good cause, and unduly prejudicial to EZPZ. [Doc. No. 580 at 7].

## II.   LAW AND ANALYSIS

A scheduling order "controls the course of the action unless the court modifies it." *United States v. Louisiana*, No. 3:11-00470-JWD-RLB, 2016 U.S. Dist. LEXIS 18930, at *4 (M.D. La. Feb. 16, 2016) (citations omitted). "[A] modification or extension of deadlines is not uncommon." *Esperson v. Trugreen Ltd. P'ship*, No. 10-2130-STA, 2010 U.S. Dist. LEXIS 64637, at *7 (W.D. Tenn. June 29, 2010). Indeed, it is a "practical reality that case management deadlines can be, and often are, extended…." *Pyrolyx United States Ind. v. Zeppelin Sys. Gmbh*, No. 2:20-cv-00108-JMS-DLP, 2020 U.S. Dist. LEXIS 123437, at *30 (S.D. Ind. July 14, 2020).

However, this assumes that the modified deadline encompassed the relief requested, and was not more narrowly tailored. If the dispositive motion deadline has expired, the Middle District of Louisiana has held that the party must establish that they failed to act because of excusable

neglect. For example, the court in *Alonso v. Westcoast Corp*, stated the following.

> Rule 6(b)(1)(B) establishes that the Court "may, for good cause, extend the time [to take an action] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Relevant factors used to determine "excusable neglect" include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Alonso v. Westcoast Corp.*, No. 13-00563-BAJ-RLB, 2016 U.S. Dist. LEXIS 194045, at *2 (M.D. La. Jan. 8, 2016) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006)).

### A. LNC Cannot Establish Excusable Neglect for Filing the Motions after the Deadline

LNC contends that by entering the Parties' Unopposed Motion for Extension [Doc. No. 555], the Court indicated that it "would entertain any summary judgment motion filed before the July 17, 2020 deadline." [Doc. No. 589 at 3]. That was not the Court's intent, and the modification to the dispositive motions deadline was only for the two motions the Court allowed during the May 27, 2020 Status Conference. Specifically, the modified dispositive deadline applied only to the counter-motion for summary judgment regarding LNC's Louisiana Unfair Trade Practices Act (LUTPA), and a motion seeking attorney's fees and costs as an exceptional under 35 U.S.C. § 285.

To be sure, the deadline for filing dispositive motions passed almost a year on September 30, 2019. LNC filed thirteen (13) dispositive motions at that time (Doc. Nos. 332, 346, 347, 348, 350, 351, 354, 355, 356, 361, 362, 363, 364) including a motion for summary judgment regarding EZPZ's design patent and a motion asserting unclean hands. The Court has limited resources and cannot entertain endless rounds of summary judgment motions. Indeed, the Court "would eviscerate the entire purpose behind [the] Scheduling Order and the dispositive motion deadline," were it to grant leave merely because a party believes that its motion could dispose of the case.

*Hernandez v. Frazier*, 2014 U.S. Dist. LEXIS 2339, 2014 WL 104059, at *3 (W.D. Tex. Jan. 9, 2014). The Court has amended the Scheduling Order five times in an effort to work with the needs of the parties.[1] The dispositive motion deadline is set in the scheduling order for a reason, and arguing that it will "narrow the issues for trial" is not excusable neglect. [Doc. No. 589 at 1].

Regarding the scope of the dispositive motion deadline, LNC states that "[s]everal LNC attorneys present at the status conference held on May 27, 2020 understood the Court to direct the parties to file whatever motions they wanted to file and that the Court would consider them." [Doc. No. 555, n.2]. EZPZ responds that its counsel's notes indicate that the Court said basically, "File whatever you want, and I'll look at that." [Doc. No. 580 at 6]. EZPZ's counsel further contends that she then raised the point that such motions would not be timely and there is no justification for filing so long past the deadline. *Id.* She states that her notes indicate that the Court agreed, and denied any further dispositive motions. *Id.* This is the Court's recollection as well, or at the very minimum, was the Court's intent. To the extent that there was any question or doubt, the parties should have clarified the issue with the Court with more than a footnote in an unopposed motion.

In summary, LNC has not filed a motion for leave to be permitted to file dispositive motions beyond the dispositive motion deadline. The first three motions relate to the design patent [Doc. Nos. 557, 558, 564], and there is no reason the motions could not have been timely filed by the September 30, 2019 deadline. The Courts appreciates that the fourth motion cites to post-waiver evidence [Doc. No. 578], but finds that this evidence should be raised in an exceptional case motion, which was just postponed until the end of the case. In sum, there is nothing new

---

[1] The initial Scheduling Order set dispositive motions due April 16, 2018 (Doc. No. 62), reset on 1/29/2018 to October 16, 2018; an extension was granted to April 25, 2019 (Doc. No. 164); to July 12, 2019 (Doc. No. 231); to September 16, 2019 (Doc. No. 270); to September 30, 2019 (Doc. No. 316). The limited dispositive motion deadline was originally set for July 10, 2020 (Doc. No. 531).

warranting expansion of motion practice at this late date. The danger of prejudice to EZPZ is substantial, and LNC has not provided a good reason for the length of the delay.

### III. CONCLUSION

For the foregoing reasons, EZPZ's "Motion for Clarification and to Strike Doc. No. 557, 558, 564 and 578" [Doc. No. 580] is GRANTED.

Monroe, Louisiana, this 31st day of August, 2020.

*[signature]*
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**