UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

**RULING**

Pending before the Court is Omnibus Motion in Limine Nos. 22-26 [Doc. No. 685] filed by Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC"). Defendant Eazy-PZ, LLC ("EZPZ") filed an opposition [Doc. No. 699].[1] Also pending before the Court is Omnibus Motion in Limine Nos. 9-12 [Doc. No. 687] filed by EZPZ. LNC filed an opposition [Doc. No. 698].

**I.    BACKGROUND**

This is a patent infringement case in which LNC seeks a declaratory judgment that it does not violate any existing intellectual property right of EZPZ. LNC supplements its prior Omnibus Motion in Limine with subparts Numbers 22-26 for the Court's consideration. EZPZ supplements its prior Omnibus Motion in Limine with subparts Numbers 9-12 for the Court's consideration. The Court will consider each in turn.

**II.    LEGAL STANDARD**

"A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, Federal Motions in Limine § 1:1 (2018). The decision on a motion in limine is consigned to the district court's discretion— including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T*

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

*Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see also See LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460 (1984).

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, at *274 (M.D. Fla. Jan. 30, 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* at *276 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.*

Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87, 128 S. Ct. 1140 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. Fed. R. Evid. 403. Further,

evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

### III.    LNC's Motion in Limine

The Court will address LNC's Motion in Limine Nos. 22-26 in this section.

#### 1. Motion in Limine No. 22: LNC's Redesign and Cessation of Sales of Product Nos. 7083 and 7075 to Prove Infringement, Willful Infringement, and/or Culpability.

LNC moves the Court to exclude any attorney argument, testimony, and evidence regarding the cessation of sales of LNC's 7075 Product and the redesign of the 7083 Product to prove design patent infringement, willful design patent infringement, and/or culpability. [Doc. No. 685-1 at 6]. LNC argues that it ceased sales of the 7075 Product by May 2018, and redesigned the 7083 Product during this litigation. [*Id.*]. LNC contends that whether it ceased sales, redesigned products, or continued to sell products is irrelevant to the design patent infringement analysis under Federal Rule of Evidence 401. [*Id.*].

LNC further contends that introducing evidence of LNC's cessation of sales of the 7075 Product to prove design patent infringement is precisely the kind of argument prohibited under Rule 407. [*Id.*]. LNC asserts that its redesign of the 7083 Product cannot be used to prove design patent infringement (direct infringement or induced infringement), willful design patent infringement, and/or culpability (intent). [*Id.* at 7].

EZPZ concedes that attorney argument regarding remedial measures is not permissible, and states that it does not intend to offer such argument. [Doc. No. 699 at 2]. EZPZ argues that evidence of LNC's redesign and cessation of sales is admissible to prove other matters, such as dates relevant to damages sought by EZPZ. [*Id.*].

Federal Rules of Evidence 407 states that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove…culpable conduct." EZPZ argues that this evidence is relevant to damages sought by EZPZ. The Court partially agrees with EZPZ. To be clear, the dates themselves are not excluded for damages purposes, and may be referenced by EZPZ.

However, any mention of what occurred on those dates, other than they represent the end of the alleged damages period, is excluded because it could lead the fact finder to conclude culpability, which is the type of evidence Federal Rule of Evidence 407 is designed to preclude. *See Plew v. Ltd. Brands, Inc.*, 2012 U.S. Dist. LEXIS 14966, at *23 (S.D.N.Y. Feb. 6, 2012) (granting motion in limine to exclude evidence to show culpability due to the "decision to discontinue the sale" of a product); *Malibu Media, LLC v. Doe*, No. 18 C 450, 2019 U.S. Dist. LEXIS 94433, at *5 n.3 (N.D. Ill. June 5, 2019) (noting "the cessation of infringing activity could not be used to prove culpability"). Accordingly, LNC's motion in limine is GRANTED to the extent that EZPZ may only introduce the termination date to define the duration of the sales.

### 2. Motion in Limine No. 23: Evidence Related to Trade Dress Infringement Not Included in EZPZ's Opposition.

LNC moves the Court to preclude EZPZ from introducing any evidence related to trade dress infringement that was not disclosed: (1) in EZPZ's Opposition to Motion for Partial Summary Judgment Dismissing EZPZ's Trade Dress Infringement Claim ("EZPZ's Opposition"), Dkt. No. 392, (2) in response to LNC's Interrogatory No. 19, (3) by the testimony of EZPZ's Rule 30(b)(6) witness on this issue, or (4) in any other formally exchanged document such as infringement contentions or timely submitted expert reports. [Doc. No. 685-1 at 8]. LNC argues that it sought to learn the factual basis for EZPZ's unregistered product design trade dress claim throughout discovery. [*Id.*]. LNC contends that EZPZ's response to LNC's Interrogatory No. 19

failed to identify any relevant evidence and was never supplemented. [*Id.* at 9]. LNC further argues that EZPZ never tendered any timely expert report or testimony on trade dress infringement or any alleged damages specifically associated with this claim. [*Id.*].

LNC also argues that EZPZ identified some evidence to support its trade dress claim in its response to LNC's Motion for Partial Summary Judgment Dismissing EZPZ's Trade Dress Infringement Claim. [*Id.* at 10]. LNC asserts that EZPZ provided no consumer-survey evidence, no direct consumer testimony, and no evidence that LNC's products have created a likelihood of confusion in its Opposition. [*Id.* at 10-11]. LNC contends that the only factual basis provided by EZPZ to support its trade dress infringement claim is the minimal evidence as to some of the factors needed to establish acquired secondary meaning that were submitted in EZPZ's Opposition. [*Id.* at 11-12].

EZPZ responds that LNC's Motion in Limine is overly vague and broad. [Doc. No. 699 at 3]. EZPZ argues that LNC does not make an attempt to identify the evidence that it seeks to exclude with any specificity, and also does not make any attempt to identify evidence it believes that EZPZ intends to present that LNC believes is improper. [*Id.*]. EZPZ argues that the broad and vague motion in limine fails to meet the requisite standard. [*Id.*].

Rule 26(e)(1) of the Federal Rule of Civil Procedure requires a party who has responded to an interrogatory to supplement its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." A party that fails to comply with Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether evidence should be excluded pursuant to Rule 37, the Fifth Circuit considers the following factors: "(1) the importance of the evidence; (2) the prejudice to

the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A & M Research Found. v. Magna Transp.*, 338 F.3d 394, 402 (5th Cir. 2003).

Generally speaking, any document or evidence not disclosed in the discovery process (interrogatory, deposition, expert testimony, motion practice, etc.) will generally not be admitted when disclosed on the eve of trial. Moreover, the Court does not look favorably on any attempt by either party to ambush the other side with evidence or testimony that was not previously disclosed. That said, the Court finds that this issue is MOOT in light of the Court's Order regarding the Parties' Pretrial Order and the Pretrial Memoranda. [Doc. No. 783]. Specifically, the Court determined that EZPZ did not disclose the basis for and the amount of alleged trade dress damages during fact or expert discovery. [Doc. No. 783 at 8]. Accordingly, the Court concluded that EZPZ is not entitled to claim damages for alleged trade dress infringement. [*Id.*].

### 3. Motion in Limine No. 24: Barring Testimony Inconsistent With the Court's Construction, as a Matter of law, of the Single Claim of the D327 Patent.

LNC moves to exclude all testimony that is inconsistent with or conflicts with the Court's claim construction of the D327 Patent. [Doc. No. 685-1 at 16]. LNC argues that claim construction is a question of law that must be resolved by the court and not the jury. [*Id.*]. LNC further argues that "[d]esign patents are limited to what is shown in the application drawings and are narrow in scope." [*Id.* at 17]. LNC contends that the depictions of the design of the dining mat portion in both figures in the D327 Patent confirms that it includes a dining mat with a rectangular shape. [*Id.* at 18].

LNC also contends that the Court's claim construction together with the narrow scope of design patents precludes EZPZ from arguing that the scope of protection afforded by the D327 Patent extends to any product that incorporates a design of a dining mat in a shape other than that

of a rectangle. [*Id.*]. According to LNC, EZPZ should be precluded from offering testimony that the claimed design of the D327 Patent can be "construed" or "broadened" to encompass an elliptical shape of the design of the dining mat as found in LNC's 7075 product. [*Id.* at 19].

LNC also contends that it expects that EZPZ's technical expert, Mr. Henley, to testify that LNC's 7075 Product "clearly show the visual similarities and design patent infringement under the ordinary observer test." [*Id.*]. LNC argues that Mr. Henley testimony is impermissibly at odds with the Court's claim construction. [*Id.* at 20]. According to LNC, there is no visual similarity or design between the claimed rectangular design of the dining mat portion of the claimed D327 Patent and the elliptical design of the dining mat portion of LNC's 7075 Product. [*Id.*].

LNC asserts that they are two different shapes and no amount of testimony, expert or otherwise, can convert a claimed design depicting a rectangular dining mat to encompass an accused design using an elliptical dining mat. [*Id.*]. LNC also argues that EZPZ is seeking to introduce testimony and evidence requiring the jury to overlook the rectangular design of the dining mat portion of the claimed design in contravention of the Court's instruction to the jury. [*Id.* at 21]. Finally, LNC contends that this testimony also requires the jury to impermissibly apply the Court's claim construction one way for LNC's 7075 Product (ignoring the dining mat portion altogether), and another way for LNC's 7083 Product (including the dining mat portion). [*Id.*].

EZPZ does not address the merits of LNC's motion in limine, but instead contends that claim construction of the D327 Patent is not required or proper. [Doc. No. 699 at 5-8]. EZPZ further argues that the Court's *Daubert* ruling does not constitute claim construction of the D327 design patent. [*Id.* at 8]. In the alternative, EZPZ contends that motions in limine should not be used to weigh evidence. [*Id.* at 9].

Contrary to EZPZ's contention, the Court construed the D327 Patent as follows:

The design claimed in the D327 Patent is an ornamental design for a dining mat with integrated tableware in the shape of a smiling face, as shown and described in two figures. [Doc. No. 359-2 at 1-3].

The two figures from the D327 Patent are reproduced below:





[Dkt. No. 640 at 5-6]. This is the claim construction that the Court has determined as a matter of law, and the jury will be instructed that it must be applied to EZPZ's design patent infringement claim. "The very purpose of claim construction is to provide the parties a fixed 'North Star' upon

which to contest the validity of the patent and infringement of the patent." *Charleston Med. Therapeutics, Inc. v. AstraZeneca Pharm. LP*, No. 2:13-cv-2078-RMG, 2016 U.S. Dist. LEXIS 195809, at *14 (D.S.C. Feb. 19, 2016). "The claim construction is the law of the case and is binding on the parties for the balance of the litigation." *Id.*

Accordingly, "[i]t is beyond dispute that claim construction issues are to be decided by the court," it is "improper for an expert witness to testify before the jury regarding claim construction." *ATEN Int'l Co., Ltd. v. Uniclass Tech. Co., Ltd.*, 932 F.3d 1364, 1370 (Fed. Cir. 2019). It is also recognized that allowing testimony "that is inconsistent with the court's claim constructions should be excluded because the jury might be confused about which construction to follow." *Abbott Point of Care, Inc. v. Epocal, Inc.*, Civil Action No. CV-08-S-543-NE, 2012 U.S. Dist. LEXIS 196881, at *44 (N.D. Ala. Jan. 18, 2012); *see also Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1350 (Fed. Cir. 2016) ("We have previously held that it is improper for juries to hear conflicting expert testimony on the correctness of a claim construction, given the risk of confusion."). To the extent that EZPZ intends to presents evidence or testimony that contradicts the Court's construction, LNC's motion is GRANTED. For example, EZPZ cannot instruct the fact finder to ignore elements of the design protected by the D327 Patent as construed by the Court.

However, LNC takes this general principal and expands it into a motion for summary judgement of non-infringement. [Doc. No. 685-1 at 18 at 18-20]. "An in limine motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Bowers v. NCAA*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (citation and internal quotes omitted). Accordingly, as it relates to the weighing the strength and weakness of evidence, LNC's motion is DENIED. EZPZ is not precluded from

alleging that the accused products infringe the D327 Patent. However, EZPZ is only allowed to do so within the boundaries of the Court's claim construction, regardless of whether it agrees with that construction. "A party has no right to present to the jury an inconsistent claim construction." *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 520 (M.D. Pa. 2010).

Finally, EZPZ argues that it was not given any opportunity for input on the subject of claim construction of the D327 Patent. [Doc. No. 698 at 7]. EZPZ makes a similar argument in the Joint Pretrial Order. [Doc. No. 748 at 49]. Specifically, EZPZ argues that any alleged claim construction ruling of the D327 Patent outside of patent procedures related to *Markman* pleadings and rulings is not binding as a claim construction ruling, and is misapplied by LNC. [*Id.*]. EZPZ further contends that such a ruling would be a violation of EZPZ's due process rights by entering it without permitting EZPZ to provide input. [*Id.*]. In deciding the issue, the Court states the following:

> Procedural due process guarantees an opportunity to be heard, granted at a meaningful time and in a meaningful manner. *Parratt v. Taylor*, 451 U.S. 527, 540 (1981). To resolve EZPZ's contention, the Court had to provide a construction of the D327 Patent. Had EZPZ objected to this method of claim construction, it could have asked for a rehearing or in some way indicated EZPZ felt its procedural due process rights were violated.
> At this late date, EZPZ cannot maintain it is not bound by a claim construction it disagrees with, which took place on August 24, 2020. Claim construction is a legal issue to be decided solely by the Court. A party cannot pick and choose the rulings it is to be bound by. EZPZ's due process rights were not violated and EZPZ is bound by the Court's claim construction.

[Doc. No. 761 at 5].

### 4. Motion in Limine No. 25: Opinions Not Included in Timely Served Expert Reports.

LNC references its Motion to Strike EZPZ's Supplemental Expert Report of Michael Henley and its Motion in Limine No. 21 to argue that EZPZ should be precluded from introducing any expert testimony or opinions beyond the scope of the timely served expert reports. [Doc. No. 685-1 at 21]. LNC states that it incorporates its Motion to Strike EZPZ's Supplemental Expert

Report of Michael Henley and its Motion in Limine No. 21 as if fully set forth herein. [*Id.* at 22].

EZPZ argues that the Supplemental Expert Report of Michael Henley is proper for the reasons set forth in its Response in Opposition to LNC's Motion to Strike EZPZ's Supplemental Expert Report of Michael Henley (Doc. No. 697). [Doc. No. 699 at 9].

The Court has resolved the Motion to Strike EZPZ's Supplemental Expert Report of Michael Henley [Doc. No. 677] in a separate Ruling and Order. Accordingly, this motion in limine is MOOT.

### 5. Motion in Limine No. 26: Evidence of Likelihood of Confusion Prior to the Date the Happy Mat Acquired Secondary Meaning

LNC argues that to the extent EZPZ seeks to introduce any evidence of likelihood of confusion prior to the date the Happy Mat allegedly acquired secondary meaning, such evidence should be excluded in its entirety under Federal Rule of Evidence 401. [Doc. No. 685-1 at 22]. LNC further argues that in the event that EZPZ's alleged acquisition of secondary meaning for its unregistered product design trade dress occurred after LNC's first use of the alleged trade dress in LNC's 7075 and 7083 products, then likelihood of confusion is also irrelevant. [*Id.*].

EZPZ responds that LNC again seeks to use a Motion in Limine for an overly vague and broad purpose. [Doc. No. 699 at 10]. EZPZ contends that LNC does not attempt to identify the evidence that it seeks to exclude with any specificity, and does not attempt to identify evidence it believes that EZPZ intends to present that LNC believes is improper. [*Id.*]. EZPZ argues that the motion in limine may not attempt to present factual questions that are in dispute in a disguised summary judgment motion. [*Id.*].

"The purpose of motions in limine is…to identify specific issues which are likely to arise at trial…" *Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 U.S. Dist. LEXIS 180504, at *2 (W.D. Tex. Oct. 18, 2019). LNC has not identified any specific evidence or

testimony that it contends should be excluded, but instead offers a broad category of items that might be presented by EZPZ. "[M]otions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, No. CV 07-8108 FMO (SHx), 2014 U.S. Dist. LEXIS 197541, at *33 (C.D. Cal. Jan. 3, 2014)(internal citation and quotation omitted). If specific evidence is presented at trial that LNC believes is not relevant, then LNC can object to that specific evidence. Accordingly, LNC's motion in limine is DENIED.

The Court further notes that it previously determined that EZPZ does not have to declare a specific date for secondary meaning at this time. [Doc. No. 783 at 14]. Instead, EZPZ "must establish that its mark had acquired secondary meaning *before* the first infringing use by each alleged infringer." *Converse, Inc. v. ITC*, 909 F.3d 1110, 1116 (Fed. Cir. 2018) (emphasis added).

**IV.     EZPZ's Motion in Limine**

The Court will address EZPZ's Motion in Limine Nos. 9-12 in this section.

### 1. Motion in Limine No. 9: Evidence or Argument Regarding the Court's Determination that the '903 Patent is Obvious.

EZPZ argues that infringement of the '903 Patent is not at issue before the Court, and the finding of obviousness is unrelated to any claim at trial, including LNC's LUTPA claim. [Doc. No. 687 at 1]. EZPZ contends that it would be confusing to a jury and unduly prejudicial for the Court's finding of obviousness to be introduced at the upcoming trial. [*Id.* at 2]. According to EZPZ, the jury may misconstrue or mistakenly believe the order connotes wrongdoing on EZPZ's part or substitutes as a finding of bad faith with regard to the design patent or as evidence supporting LNC's LUTPA claim. *Id.* EZPZ further argues that evidence of the '903 Patent obviousness ruling would be unnecessarily confusing to the jury given that the Court's ruling is

not a final order. [*Id.*]. EZPZ submits that it would have to address all issues in rebutting the charge of obviousness of the patent, which would unnecessarily expand the issues at trial. [*Id.*]. EZPZ argues that the most the jury should be told about the utility patent is that it is not an issue in this trial. [*Id.* at 3].

LNC responds that if EZPZ's motion in limine were granted, LNC would be required to reprove to the jury an issue that has already been decided by this Court as a matter of law. [Doc. No. 698 at 5]. LNC contends that prior to the Court's Invalidity Ruling, LNC had to establish the following elements to prove its LUTPA claims: (1) the '903 Patent was invalid or plainly not infringed; (2) EZPZ was in bad faith because it objectively and subjectively knew that the '903 Patent was invalid or plainly not infringed, but prosecuted its infringement claims anyway; (3) such conduct violates the LUTPA; and (4) LNC was damaged by that conduct. [*Id.* at 6]. LNC also contends that after the Court's Invalidity Ruling, LNC need only prove elements two through four above, because invalidity of the '903 Patent for obviousness is now the law of the case. [*Id.*].

LNC further argues that EZPZ can introduce whatever evidence it has regarding element (2) in an effort to convince the jury that it was not in bad faith in asserting an infringement action based on the '903 Patent. [*Id.* at 7]. LNC asserts that it makes no sense to require LNC to prove to a jury a matter that has already been decided by this Court as a matter of law. [*Id.*]. LNC argues that EZPZ should be ordered not to present any argument or testimony to the jury that contradicts the Invalidity Ruling or in any way suggests that the '903 Patent is anything other than invalid. [*Id.* at 8].

In the light of the Court's Order regarding the Parties' Pretrial Order and the Pretrial Memoranda [Doc. No. 783], the Court finds that the issues related to the Court's determination that the '903 Patent is obvious will be significantly simplified or eliminated altogether. As stated

in the Court's Order:

> The Court will conduct a bench trial on inequitable conduct prior to the jury trial. At the bench trial, LNC has the burden of proving that the patentee committed inequitable conduct in obtaining the '903 Patent. *See, e.g., Therasense*, 649 F.3d at 1290 ("[T]he accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it.").
> If LNC is successful in proving inequitable conduct, then EZPZ will be [precluded] from arguing that it acted in good faith in asserting the '903 Patent during the jury trial.
> If LNC is unsuccessful in proving inequitable conduct, then LNC's claim that EZPZ acted in bad faith by asserting the '903 Patent will be preempted under Federal patent law. Specifically, "Federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004) (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999)).

[Doc. No. 783 at 6-7]. Accordingly, the Court defers ruling on EZPZ's motion in limine at this time.

### 2. Motion in Limine No. 10: LNC's Newly Asserted Claims.

EZPZ argues that LNC's latest assertions of unfair and deceptive trade practice are: (a) EZPZ's alleged social media smear and boycott campaign; (b) EZPZ's alleged wrongful activities in sending a cease and desist letter to LNC; and (c) EZPZ's alleged wrongful activity in bringing and maintaining a lawsuit. [Doc. No. 687 at 3]. EZPZ contends that the latter two claims have never been raised in the pleadings, and therefore, they are not properly before the Court. [*Id.* at 3]. EZPZ argues that LNC's amended complaint does not allege theories based on a so-called cease and desist letter to LNC, or EZPZ's alleged bad faith filing and prosecution of a lawsuit. [*Id.* at 4-5]. EZPZ further contends that LNC's late reference to evidence LNC has had from the beginning of this lawsuit should not be permitted to support new claims, and should be excluded. [*Id.* at 5].

LNC responds that EZPZ's motion in limine should be denied outright because it is using a motion in limine as a substitute for an untimely motion for summary judgment or motion for

judgment on the pleadings. [Doc. No. 698 at 8-9]. LNC further argues that EZPZ's argument is refuted by the allegations contained in LNC's Amended Complaint (Dkt. #21), which it contends fully placed EZPZ on notice that its conduct arising out of sending unwarranted and false cease and desist letters to LNC, and prosecuting baseless infringement claims against LNC was wrongful under LUTPA. [*Id.* at 9-11]. Finally, LNC contends that evidence produced by EZPZ following its privilege waiver in order to assert a good faith defense to LNC's inequitable conduct claims only cemented LNC's LUTPA claims. [*Id.* at 11-13].

The Court finds that EZPZ's motion in limine is MOOT, because the Court's Order regarding the Parties' Pretrial Order and the Pretrial Memoranda has resolved this issue. [Doc. No. 761]. Specifically, the Court determined that LNC did not properly plead and therefore cannot pursue (1) a LUTPA violation for alleged cease and desist letter; and (2) a LUTPA violation for alleged wrongful litigation conduct under LUTPA. [*Id.* at 3].

### 3. Motion in Limine No. 11: The False Narrative that Patent Attorneys advised the Inventor not to File the '903 Utility Patent.

EZPZ argues that LNC has repeatedly stated in pretrial position statements, and via assumptions given to their expert Hubbard, that two patent attorneys (Speers and Bolton) allegedly advised EZPZ not to file a utility patent but EZPZ did so anyway in bad faith. [Doc. No. 687 at 5]. EZPZ contends that no patent attorney advised EZPZ of any such thing. [*Id.* at 5]. EZPZ also contends that the jury may be confused to think that this false narrative about the advice from two attorneys relates to the design patent, not the utility patent. [*Id.* at 5]. EZPZ further argues that it would be substantially prejudiced if it had to defend this false narrative at trial. [*Id.* at 7-10].

LNC responds that it seeks to introduce documents produced by Brenda Speer, Clark Hill PLC, and EZPZ to establish that EZPZ knew or should have known prior to filing its infringement counterclaim against LNC that the claims of the '903 Patent were invalid and unenforceable. [Doc.

No. 698 at 14]. LNC argues that it is not creating a "false narrative," but instead is relying on direct quotes from e-mails written by Mrs. Laurain and/or her attorneys. [*Id.* at 14]. LNC contends that EZPZ seeks to hide from the jury the narrative set forth in the emails so that it can present only its explanatory narrative. [*Id.* at 14-19].

The Court will conduct a bench trial to determine whether the '903 Patent is invalid due to inequitable conduct. The evidence related to this motion in limine is relevant to the issue to be decided by the Court. Given that the bench trial will take place before the jury trial, there is no risk that a jury will be confused by this evidence at this stage. Furthermore, the bench trial will significantly simplify or eliminate the issues related to this evidence. Accordingly, the Court defers ruling on EZPZ's motion in limine at this time.

### 4. Motion in Limine No. 12: Any Reference to a Claim against Lindsey Laurain or to her as a Party for any purpose.

EZPZ argues that LNC continually and repeatedly references Lindsey Laurain as a party. [Doc. No. 687 at 10]. EZPZ contends that Lindsey Laurain is not a party, and the Court does not have personal jurisdiction over Ms. Laurain in Louisiana. [*Id.*]. EZPZ further argues that Ms. Laurain was previously dismissed from this lawsuit [*Id.* at 10-11] (citing Doc. Nos. 26, 31 and 32).

EZPZ's motion in limine is GRANTED. The Court's Order regarding the Parties' Pretrial Order and the Pretrial Memoranda states that Mrs. Laurain "is not a party in this proceeding, LNC cannot seek individual liability against Lindsey Laurain." [Doc. No. 761 at 12].

### V.   CONCLUSION

Accordingly, for these foregoing reasons, LNC's Omnibus Motion in Limine Nos. 22-26 [Doc. No. 685] is **GRANTED IN PART** and **DENIED IN PART**. Likewise, for these foregoing reasons, EZPZ's Omnibus Motion in Limine Nos. 9-12 [Doc. No. 687] is **GRANTED IN PART** and **DENIED IN PART**.

Monroe, Louisiana, this 5th day of August, 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**