**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **LUV N' CARE** | **CIVIL ACTION NO. 3:16-00777** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LINDSEY LAURAIN, ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

**RULING**

This is a patent infringement case in which Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") seeks a declaratory judgment that it does not violate any existing intellectual property right of Defendant Eazy-PZ, LLC ("EZPZ"). EZPZ contends that it offers the supplemental expert report of Michael Henley ("Mr. Henley") to rebut the new expert opinions offered in a Declaration of Nouri E. Hakim. [Doc. No. 564-3] ("Hakim Declaration"). Pending before the Court is LNC's "Motion to Strike EZPZ's Supplemental Expert Report of Michael Henley" [Doc. No. 677].[1] EZPZ responded to the motion. [Doc. No. 697]. LNC filed a reply. [Doc. No. 700]. For the following reasons, the motion is GRANTED.

## I.    BACKGROUND

Under the Original Scheduling Order, both fact and expert discovery were completed as of August 2, 2019, with dispositive motions due to be filed on or before September 16, 2019, and the jury trial on all issues to commence on April 13, 2020. [Doc. No. 270]. The Court subsequently granted a motion for extension of case deadlines, extending the deadline for completion of expert depositions to August 15, 2019, and the deadline to file dispositive and Daubert motions to September 30, 2019. [Doc. No. 316]. LNC contends that EZPZ submitted an expert report of Mr.

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

Page 1 of 8

Henley (the "Original Henley Report") prior to the deadline in the original scheduling order. [Doc. No. 677-6 at 5]. LNC states that it took the deposition of Mr. Henley based, in part, on the opinions and stated grounds in the Original Henley Report, which LNC asserts included no opinions on EZPZ's trade dress infringement claim. [Doc. No. 677-6 at 5]. LNC filed a motion to exclude certain testimony of Mr. Henley on September 30, 2019 (Doc. No. 354), and refiled an amended motion to exclude his testimony on June 26, 2020 (Doc. No. 553).

The Court then ruled on certain motions, and held that the April 13, 2020 trial would be a bench trial on LNC's inequitable conduct claims, with the remaining claims to be resolved at a jury trial to commence on September 14, 2020. [Doc. Nos. 462, 468]. On January 13, 2020, EZPZ elected to waive the attorney-client privilege with respect to the prosecution of the '903 Patent (the "Waiver"), resulting in the reopening of fact discovery for this limited purpose. The Court then issued a "limited discovery order" for the then-anticipated April 13, 2020 bench trial on LNC's inequitable conduct claims. [Doc. Nos. 468, 471]. The Court's limited discovery order included deadlines for the parties to supplement their expert reports following the conclusion of the document and deposition discovery concerning the Waiver. [Doc. No. 471 at 3].

Following multiple amendments to the scheduling order [Doc. Nos. 499, 519, 521], many of which resulted from the outbreak of Covid-19, the Court entered an Order invalidating the '903 Patent for obviousness. [Doc. Nos. 522, 523]. On May, 27, 2020, the Court held a status conference during which it continued the bench trial on inequitable conduct without date. [Doc. No. 530]. The Court also entered an abbreviated scheduling order extending the then-existing deadline to supplement expert reports relative to post-Waiver discovery and adding a deadline to file certain dispositive motions. [Doc. No. 531]. The deadline to supplement expert reports was later extended to November 6, 2020. [Doc. No. 656]. On October 15, 2020, the Court granted in part and denied

in part LNC's Motion to Exclude Testimony of EZPZ's Expert Michael Henley [Doc. No. 553]. The Court's Order states:

> Mr. Henley is not permitted to offer the following:
>
> 1. testimony or opinions on LNC's state of mind regarding willful infringement;
>
> 2. testimony or opinions on other products LNC allegedly copied; and
>
> 3. testimony or opinions comparing EZPZ's mats to the accused mats as it relates to infringement of U.S. Patent No. D745,327.
>
> Mr. Henley is permitted to offer the following:
>
> 1. testimony or opinions on the technical aspects of the juvenile industry in general; and
>
> 2. testimony or opinions related to infringement of U.S. Patent No. D745,327.

[Doc. No. 662].

On July 8, 2020, LNC filed a Motion for Partial Summary Judgment Dismissing EZPZ's Claim for Willful Infringement of its Design Patent [Doc. No. 564]. In support of its motion, LNC attached the Hakim Declaration. [Doc. No. 564-3]. The motion and attached declaration were stricken by the Court on August 31, 2020. [Doc. Nos. 653, 654]. On November 6, 2020, EZPZ served the Recent Henley Report, the report at issue in the present motion. [Doc. No. 677-6 at 8].

## II.    APPLICABLE LAW

Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The expert's written report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e) requires a party to supplement an expert report if discovery is made that the material previously disclosed is either incomplete or incorrect and the additional or corrective information has not otherwise been disclosed to other parties through discovery. Fed. R. Civ. P. 26(e); *see also Reed v. Iowa Mar. & Repair Corp.,* 16 F.3d 82, 84-85 (5th Cir. 1994). This requirement anticipates

a situation in which an expert submits a report, then, subsequently discovers new information rendering the report incorrect and mandating supplementation. *See, e.g., Beller v. U.S.,* 221 F.R.D. 689, 694-695 (D.N.M. 2003).

Rule 26(e)'s duty to supplement is not "intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). As a Court in this District recently held:

> Federal Rule of Civil Procedure 16(f) provides courts with the authority to "issue any just orders" as sanction for discovery misconduct, including failure to obey a scheduling order or other pretrial order. When a party uses Rule 26(e) to introduce an expert report that is not really "supplemental" but instead effectively replaces the earlier report, it may be excluded as untimely.

*Hebert v. Prime Ins. Co.*, No. 2:18-CV-00899, 2020 U.S. Dist. LEXIS 69468, at *5 (W.D. La. Apr. 20, 2020) (Cain, J.) (citing *In re C.F. Bean LLC*, 841 F.3d 365, 371 (5th Cir. 2016)).

Rule 37 authorizes the Court to impose sanctions against a party for discovery violations, including the exclusion of evidence under Rule 37(b)(2)(B). Indeed, if no specific Court order is involved, the Court "has broad discretion to render discovery and evidentiary rulings necessary to ensure a fair and orderly trial." *Lewis v. Darce Towing Co., Inc.*, 94 F.R.D. 262 (W.D. La. 1982) (excluding expert testimony from trial for violation of Rule 26(e)).

## III.    ARGUMENTS AND ANALYSIS

LNC argues that none of the evidence considered by Mr. Henley in the Recent Henley Report was unavailable to EZPZ at the time he prepared his original report in May 2019. [Doc. No. 677-6 at 10]. LNC contends that the only documents cited by Mr. Henley in the Recent Henley Report that post-date the Original Henley Report are LNC's motion for partial summary judgment seeking dismissal of EZPZ's claims of willful infringement as to the design patent. (Doc. No. 564),

including the Hakim Declaration (Doc. No. 564-3), and EZPZ's opposition thereto (Doc. Nos. 604, 607). [*Id.*].

LNC argues that motions and arguments of counsel are not evidence at all, and are certainly not new evidence sufficient to justify a supplemental expert report. [*Id.*]. LNC contends that the original scheduling order did not contemplate that experts could supplement their reports based on motion practice. [*Id.*]. According to LNC, the deadline for EZPZ to provide Mr. Henley's complete statement of opinions on these claims fell on May 10, 2019, because the discovery as to EZPZ's design patent infringement and trade dress claims closed and was never reopened. [*Id.* at 11]. LNC contends that EZPZ's attempt to include new opinions on these claims in the Recent Henley Report violates Rule 26(a)(2)(B). [*Id.*].

LNC also argues that the new opinions in the Recent Henley Report were available to EZPZ at the time of Mr. Henley's Original Report, and are unrelated to statements made by Mr. Hakim in his declaration. [*Id.* at 13]. LNC asserts that EZPZ does not even attempt to explain how facts concerning Mr. Hakim's lack of intent to willfully infringe the D327 Patent can support: (a) entirely new opinions concerning supposed infringement and copying of EZPZ's trade dress; or (b) corrected and expanded opinions concerning LNC's alleged infringement of the design patent. [*Id.*]. According to LNC, the Original Henley Report said not one word about infringement or copying of EZPZ's trade dress. [*Id.*]. LNC further argues that the Recent Henley Report provides opinions that LNC infringed and copied EZPZ's trade dress. [*Id.*]. LNC contends that it was denied the opportunity to challenge Mr. Henley's qualifications and methodology concerning these opinions, or to otherwise cross-examine him about these opinions. [*Id.*].

LNC also argues that the Recent Henley Report impermissibly seeks to further expound upon the design patent infringement opinions Mr. Henley provided in his original report. [*Id.* at

14]. LNC submits that all of the information supporting these expanded opinions was in EZPZ's possession at the time Mr. Henley issued his original report. [*Id.*]. LNC further argues that the entire "timeline" is based upon documents and information that were available to EZPZ at the time Mr. Henley issued his original report. [*Id.*]. LNC contends that the timeline and the explanation were not in Mr. Henley's original report, and therefore, LNC was unable to cross-examine Mr. Henley on these issues during his deposition. [*Id.*].

Finally, LNC contends that the Recent Henley Report violates the Court's existing Order governing the scope of permissible testimony. [*Id.*]. LNC argues that Mr. Henley once again attempts to express opinions concerning LNC's state of mind. [*Id.* at 15]. LNC further asserts that Mr. Henley also seeks to express opinions about other products LNC allegedly copied. [*Id.*]. LNC argues that these opinions should be stricken for the additional reason that they have been provided in direct violation of this Court's prior Order. [*Id.*]

EZPZ responds that it should be entitled to rebut the new expert opinions offered in the Hakim Declaration [Doc. No. 564-3], which was submitted with LNC's motion for summary judgment . [Doc. No. 697 at 2]. According to EZPZ, the opinions offered by Mr. Hakim are properly viewed as expert opinions. [*Id.*]. Thus, EZPZ contends that it should be entitled to rebut the opinions offered in the Hakim Declaration. [*Id.* at 6-8].

EZPZ also contends that the opinions offered in the Recent Henley Report are properly offered under Fed. R. Civ. P. 26, and in compliance with the Court's existing order governing the scope of permissible testimony of Mr. Henley. [*Id.* at 2, 8-10]. EZPZ asserts that the Recent Henley Report complies with the Court's existing order regarding the scope of permissible testimony. [*Id.* at 10]. Finally, EZPZ argues that LNC suffers no prejudice by the Recent Henley Report. [*Id.* at 10-11].

LNC replies that there is no basis for EZPZ's belated submission of the new opinions in the Recent Henley Report. [Doc. No. 700 at 1-7]. LNC also argues that the new opinions in the Recent Henley Report have nothing to do with any statement in the Hakim Declaration and violate the Court's Order governing permissible expert testimony. [*Id.* at 7-8].

The Court finds that EZPZ's Supplemental Expert Report of Michael Henley is untimely and will be stricken. EZPZ states that the sole justification for submitting the Recent Henley Report is the July 8, 2020 Declaration of Mr. Hakim (Doc. No. 564-3). Specifically, EZPZ argues that "it should be entitled to rebut the new (untimely) expert opinions offered in the Declaration of Nouri E. Hakim. [Doc. No. 564-3] ('Hakim Declaration')," and that "[t]he Supplemental Expert Report of Mr. Henley is offered for this limited purpose." [Doc. No. 697 at 2]. As discussed in the Background Section above, the Hakim Declaration was stricken by the Court on August 31, 2020. [Doc. Nos. 653, 654]. Accordingly, the Hakim Declaration is not before the Court, and cannot be relied upon by LNC. Thus, the stricken Hakim Declaration is not a proper basis for EZPZ to supplement its expert's report.

In summary, the Court finds that this is an improper attempt by EZPZ to supplement its expert's report after the applicable deadline. When a party uses Rule 26(e) to introduce an expert report that is not really "supplemental" but instead effectively replaces the earlier report, it may be excluded as untimely. *Hebert v. Prime Ins. Co.*, No. 2:18-CV-00899, 2020 U.S. Dist. LEXIS 69468, at *5 (W.D. La. Apr. 20, 2020) (Cain, J.) (citing *In re C.F. Bean LLC*, 841 F.3d 365, 371 (5th Cir. 2016)). Indeed, the Hakim Declaration was stricken by the Court on August 31, 2020. EZPZ served the Recent Henley Report purporting to rebut the Hakim Declaration on November 6, 2020, which was over two months *after* the Court's Order striking the Hakim Declaration.

As discussed above in the Background Section, the Court previously entered an Order outlining the testimony or opinions Mr. Henley is permitted and not permitted to offer. [Doc. No. 662]. Given the Court's findings that the Recent Henley Report is untimely, the Court does not reach a decision on whether this report violates the Court's existing Order governing the scope of permissible testimony. That said, the parties are forewarned that the Court has no intention of repeatedly ordering the parties to obey its order. Instead, the Court will consider sanctions as the appropriate remedy for a party's attempt to circumvent or disregard an order entered by the Court.

## IV.    CONCLUSION

For the foregoing reasons, LNC's "Motion to Strike EZPZ's Supplemental Expert Report of Michael Henley" [Doc. No. 677] is GRANTED.

Monroe, Louisiana, this 5th day of August, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE