**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **LUV N' CARE, LTD.**<br><br>*Plaintiff,*<br><br>v.<br><br>**LINDSEY LAURAIN** and **EAZY-PZ, LLC,**<br><br>*Defendants.* | Civil Action No.: 3:16-cv-00777<br><br>Honorable Judge Terry A. Doughty<br><br>Magistrate Judge Joseph H. L. Perez-Montes<br><br>**JURY TRIAL DEMANDED** |

### EZPZ'S RESPONSE TO LNC's MOTION TO RECONSIDER RULING ON LNC'S LANHAM ACT CLAIM [DOC. NO. 791]

Defendant Eazy-PZ, LLC ("EZPZ"), through counsel, submits its Response to LNC's Motion to Reconsider Ruling on LNC's Lanham Act Claim [Doc. No. 791].

### I.   INTRODUCTION

Luv n' Care, Ltd. and Nouri E. Hakim ("LNC") request reconsideration of the Court's recent ruling that LNC may not seek damages under its Lanham Act Claim. [Doc. No. 783]. The Court properly determined in its Ruling that LNC cannot show injury. Injury is a necessary element of LNC's claims under the Lanham Act. LNC's failure to show injury is fatal to its claim. Accordingly, the question of damages (specifically, the question of nominal damages) is never even reached. There is no error of law requiring the Court to reconsider its ruling.

### II.   ARGUMENT

LNC attempts to substitute the "injury" requirement of a Lanham Act claim with a contention of "nominal damages." LNC cannot even reach the question of damages because it cannot prove "injury"—which is a necessary element of its Lanham Act claims. In other words, there is no need to address the question of damages because LNC cannot prove liability.

1

A plaintiff must establish five elements to make out a *prima facie* case of false advertising under the Lanham Act:

(1) A false or misleading statement of fact about a product;

(2) Such statement either deceived or had the capacity to deceive a substantial segment of potential consumers;

(3) The deception was material, in that it is likely to influence the customer's purchasing decision;

(4) The product is in interstate commerce; and

(5) The plaintiff has been or is likely to be injured as a result of the statement at issue

*S. Snow Mfg. Co. v. SnowWizard Holdings, Inc.*, 829 F. Supp. 2d 437, 444-45 (E.D. La. 2011)

"The failure to prove the existence of any element of the *prima facie* case is fatal to the plaintiff's claim." *Id*. at 445.

LNC cannot prove injury because it concededly cannot prove an injury to its reputation or sales. As the Supreme Court has held, "to come within the zone of interests in a suit for false advertising under §1125(a) [Lanham Act], a plaintiff ***must allege an injury to a commercial interest in reputation or sales***." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014)(emphasis added). "Second, we generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute." *Id.* Specifically, "to satisfy the proximate cause requirement, the plaintiff must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising, and that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, No. 8:10-CV-365, 2014 U.S. Dist. LEXIS

137182, at *16 (D. Neb. Sep. 29, 2014)(internal citation omitted)(emphasis omitted)(relying on *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014)).

The Court has already made a ruling that LNC cannot prove "injury" under the Lanham Act. As the Court already found "LNC admittedly has no evidence to prove that the customers who posted on LNC's website actually stopped buying LNC products." *Memorandum Order* [Doc. No. 783, p. 4]. LNC claims no reputational harm in the Pretrial Order. [Doc. No. 773].

In the absence of injury in the form of reputational harm and/or proof of lost sales, no claim under the Lanham Act can be maintained by LNC—either for damages or injunction.

"The Lanham Act [] empowers courts to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable to prevent a violation under subsection (a) of section 1125."[1] *Allergan USA, Inc. v. Imprimis Pharm., Inc.*, No. SA CV 17-1551-DOC (JDEx), 2019 U.S. Dist. LEXIS 115710, at *3 (C.D. Cal. July 11, 2019)(citing 15 U.S.C. § 1116(a)(internal citations and quotations omitted). "Permanent injunctive relief is appropriate **where liability has been established** and the plaintiff demonstrates (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at *3-4 (C.D. Cal. July 11, 2019)(relying

---

[1] It should be noted that injunctive relief is intended to be crafted for real and immediate threat of future and continuing injury, not past injury as LNC alleges. *See, Retractable Techs., Inc. v. Becton Dickinson & Co.*, 919 F.3d 869, 875 (5th Cir. 2019)("A district court's discretion to grant injunctive relief is both broad and constrained by well-settled principles. When we remanded the issue to the district court, while recognizing that a further need for injunctive relief was 'theoretically possible,' we emphasized that '[a] plaintiff seeking injunctive relief must show a real and immediate threat of future or continuing injury apart from any past injury," and that any injunction should be "no broader than reasonably necessary to prevent the deception.'").

3

on citation in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)(emphasis added).

As at least two courts have specifically noted, if there is no injury, axiomatically, there cannot be no irreparable injury satisfying the first prong of the analysis. *See, e.g., Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1187 (D. Neb. 2015)("And, of course, absent evidence of an injury, much less an irreparable one, [plaintiff] cannot obtain an injunction."); *Schering-Plough Healthcare Prods. v. Neutrogena Corp.*, No. 09-642-SLR, 2011 U.S. Dist. LEXIS 61165, at *11 (D. Del. June 8, 2011)("Plaintiff has not articulated any particular injuries as a result of defendant's false advertisements, let alone irreparable injury.").

LNC cannot argue that the Court should presume injury or harm, even if *arguendo* it could prove a literal false statement in advertising by EZPZ, for the purposes of granting injunctive relief. A court within the Fifth Circuit recently addressed this issue. It analyzed three recent Supreme Court cases. In so doing, it stated:

> A string of cases from the Supreme Court [] repress the application of broad classification—such as presumptions of irreparable harm—in determining the propriety of injunctions. *See EBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 393, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)(rejecting a perceived 'categorical' rule that a finding patent had been infringed is sufficient for the issuance injunction presuming irreparable harm); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)(holding that the 'plaintiffs seeking preliminary relief must demonstrate that irreparable injury is likely in the absence of an injunction')(emphasis in original); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 135, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014)(stating that while the plaintiff alleged enough to proceed under § 1125(a), it could not obtain injunctive relief 'without evidence of injury proximately caused by Lexmark's alleged misrepresentations").

*BioTE Med., LLC v. Jacobsen*, 406 F. Supp. 3d 575, 582 (E.D. Tex. 2019).

The Court further stated, "[m]ost relevant here, the Fifth Circuit has refrained from *expressly* adopting this presumption of irreparable injury." *Id.* (emphasis in original). The Court

noted because "proof of injury is required in the underlying cause of action in a false advertising claim, [] a presumption of injury in a false advertising case would be inappropriate." *Id*. (internal citations omitted).

This is the long standing position in the Fifth Circuit, even referenced in the case relied upon by LNC. *See, S. Snow Mfg. Co.*, 829 F. Supp. 2d at 445 n.11 (Plaintiffs state, without citation to authority, that if a statement is shown to be literally false then competitive injury is assumed and that injunctive relief is then available . . . The Court does not agree. It is clear that certain elements of the prima facie case will be assumed upon proof of a false statement but injury is not one of them. Injury, or at the very least the tendency to be injured, must be proven in any false advertising case including one involving literally false statements . . . Moreover, as explained below, injunctive relief is not necessarily available even where all of the elements of the case are proven. Injunctive relief is only available upon proof of irreparable harm.").

### III. ARGUMENT

For the foregoing reasons, EZPZ respectfully submits that LNC's Motion to Reconsider Recent Ruling on LNC's Lanham Act Claim should be denied and LNC should not be able to pursue its LUTPA or Lanham Act claims.

Respectfully submitted this 9th day of August, 2021.

*Jennifer K. Fischer*
_____
Jennifer K. Fischer (CO Reg. No. 36590)
(Admitted *Pro Hac Vice*)
E-Mail: Jennifer@fischeresq.com
Lisa C. Secor (CO Reg. No. 25394)
(Admitted *Pro Hac Vice*)
E-Mail: Lisa@fischeresq.com
Ronnie Fischer (CO Reg. No. 35260)
(Admitted *Pro Hac Vice*)
E-Mail: Ronnie@fischeresq.com

        Fischer & Fischer, P.C.
        1777 South Harrison Street, Suite 1500
        Denver, Colorado 80210
        Telephone: (303) 756-2500
        Facsimile: (303) 756-2506

        */s/ J.P. Christiansen*
        J.P. Christiansen
        Hudson, Potts & Bernstein, LLP
        1800 Hudson Lane, Suite 300
        Monroe, Louisiana 71210
        E-Mail: jpchris@hpblaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on August 9, 2021, a copy of the foregoing *EZPZ's Response to LNC's Motion to Reconsider Ruling on LNC's Lanham Act Claim [Doc. No. 791]* was filed via the CM/ECF Court E-filing which will serve the following:

Melanie Derefinko
Carol W. Reisman
George Denegre, Jr.
Carey L. Menasco
LISKOW & LEWIS, APLC
701 Poydras Street, Suite 5000
New Orleans, LA 70139
  *mderefinko@liskow.com*
  *cwreisman@liskow.com*
  *gdenegre@liskow.com*
  *clmenasco@liskow.com*

Hartwell P. Morse, III
Luv N' Care, Ltd.
3030 Aurora Street, 2nd Floor
Monroe, LA 71201
  *hartm@nuby.com*

               */s/ Jennifer K. Fischer*
               Jennifer K. Fischer (CO Reg. No. 36590)