UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

RULING

This is a patent infringement case in which Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") seeks a declaratory judgment that it does not violate any existing intellectual property right of Defendant Eazy-PZ, LLC ("EZPZ"). Pending before the Court is LNC's "Motion to Reconsider Recent Ruling on LNC's Lanham Act Claim" [Doc. No. 791].[1] EZPZ responded to the motion. [Doc. No. 795]. LNC filed a reply. [Doc. No. 798]. For the following reasons, the motion is DENIED.

I.   APPLICABLE LAW

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D. La. 2001). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts.*" Banning Co.*, 6 F.3d at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

*Id.* (citations omitted). Thus, to succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citation omitted); *see also Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration"). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

## II.   ARGUMENTS AND ANALYSIS

LNC contends that it previously argued that "'Injury' for purposes of the Lanham Act is not synonymous with proof of actual damages," and "[e]ven where a plaintiff fails to prove actual damages he may very well establish that he was in some way injured because of the false advertising." [Doc. No. 791-1 at 2] (citing *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 445 n.10 (E.D. La. 2011). LNC further argues that "courts routinely hold that nominal damages may be awarded under the Lanham Act." [*Id.* at 2-3].

EZPZ responds that LNC cannot prove injury because it cannot prove an injury to its reputation or sales. [Doc. No. 795 at 2]. According to EZPZ, "the Court has already made a ruling that LNC cannot prove 'injury' under the Lanham Act." [*Id.* at 3] (citing Doc. No. 783 at 4). EZPZ argues that in the absence of injury in the form of reputational harm and/or proof of lost sales, no claim under the Lanham Act can be maintained by LNC. [*Id.*].

EZPZ further contends that even if LNC could prove a literal false statement in advertising by EZPZ, LNC cannot argue that the Court should presume injury or harm for the purposes of granting injunctive relief. [*Id.* at 4]. EZPZ submits that "[t]his is the long standing position in the Fifth Circuit." [*Id.* at 5] (citing *S. Snow Mfg. Co.*, 829 F. Supp. 2d at 445 n.11). EZPZ argues that LNC's motion to reconsider should be denied. [*Id.*].

LNC replies that the Lanham Act only requires proof of "injury" such that nominal damages may be awarded. [Doc. No. 798 at 1]. LNC submits that EZPZ fails to address any of the cases cited in LNC's opening brief. [*Id.* at 1-2]. LNC contends that it can prove that EZPZ "is liable for false advertising" without demonstrating "diverted" or lost "sales" as a result of the false advertising. [*Id.* at 2] (citing *Retractable Tech., Inc. v. Becton Dickinson & Co.*, 919 F.3d 869, 877 (5th Cir. 2019)).

LNC also argues that this Court has already recognized that LNC has a claim for injunctive relief under the Lanham Act. [*Id.*] (citing Doc. No. 783 at 4). LNC contends that EZPZ has not properly sought reconsideration of the Court's ruling on that issue. [*Id.*]. According to LNC, it need not prove "actual damages" to establish an injury under the Lanham Act to be entitled to injunctive relief. [*Id.*]. LNC further contends that none of the cases cited by EZPZ are applicable because they predate the Trademark Modernization Act of 2020 ("TMA"). [*Id.* at 3]. LNC submits that the TMA amended 15 U.S.C. § 1116(a) of the Lanham Act, which provides a rebuttable presumption of irreparable harm upon a finding of a violation. [*Id.*] (citing 15 U.S.C. § 1116(a)). LNC moves the Court to reconsider and reverse its prior ruling that LNC may not pursue nominal damages under the Lanham Act. [*Id.*].

Contrary to LNC's contention, courts in the Fifth Circuit do not "routinely hold that nominal damages may be awarded under the Lanham Act." [Doc. No. 791-1 at 1]. Indeed, LNC cites to only one Fifth Circuit opinion, and even that case found that there was "barely" enough evidence to support the district court's award for an injunction and nominal damages. *Rorie v. Edwards,* No. 01-40907, 2002 U.S. App. LEXIS 28525, at *12 (5th Cir. Aug. 13, 2002). Accordingly, the Court, using its considerable discretion, denies LNC's motion because it has failed to "clearly establish … a manifest error of law." *Ross*, 426 F.3d at 763.

Regarding LNC's claim for injunctive relief, the Court previously determined that LNC is making an injunctive relief claim under the Lanham Act. [Doc. No. 783 at 4]. EZPZ has not properly sought reconsideration of the Court's ruling on this issue. Moreover, LNC correctly argues that the cases cited by EZPZ predate the Trademark Modernization Act of 2020 ("TMA"), which would appear to make these cases no longer applicable. Specifically, the TMA amended 15 U.S.C. § 1116(a) of the Lanham Act to provide that a plaintiff seeking an injunction to prevent a violation under 15 U.S.C. § 1125(a) "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction." 15 U.S.C. § 1116(a). This provision applies to injunctive relief with respect to unfair competition, false advertising, dilution, or cyberpiracy claims brought under Section 43 of the Lanham Act.

### III. CONCLUSION

For the foregoing reasons, LNC's "Motion to Reconsider Recent Ruling on LNC's Lanham Act Claim" [Doc. No. 791] is DENIED.

Monroe, Louisiana, this 13th day of August, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTSRICT JUDGE