UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LUV N' CARE, LTD.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EAZY-PZ, LLC,**<br><br>*Defendant.* | Civil Action No.: 3:16-cv-00777<br><br>Honorable Judge Terry A. Doughty<br><br>Magistrate Judge Joseph H. L. Perez-Montes |

### DEFENDANT EAZY-PZ, LLC'S MOTION FOR AMENDMENT OF FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT PURSUANT TO FED. R. CIV. P. 52 AND/OR FED. R. CIV. P. 59

Defendant Eazy-PZ, LLC ("EZPZ") moves the Court to Amend of Findings of Fact, Conclusions of Law, and Judgment Pursuant to Fed. R. Civ. P. 52 and/or Fed R. Civ. P. 59. In support of this Motion, EZPZ offers the following:

1. LNC made new arguments regarding unclean hands—arguments that had not been made before and arguments that EZPZ had no opportunity to respond to, either by rebuttal evidence at trial or by argument to the Court. The unpleaded unclean hands defense became a catch all for any and all of LNC's complaints about perceived indiscretions of EZPZ, with no advance notice to EZPZ to defend or move to dismiss those new, unpled claims prior to trial.

2. EZPZ moves pursuant to Fed. R. Civ. P. 52 and Fed. R. Civ. P. 59 to amend factual findings of fact and the judgment to amend the Court's Ruling accordingly, as specifically set forth below.

3. On July 27, 2021, over objection by Eazy-PZ, LLC ("EZPZ"), the Court ordered that trial on LNC's defense of unclean hands by EZPZ would commence just 28 days later (on

1

August 25, 2021). Just 4 days prior, on July 23, 2021, the Court had confirmed that unclean hands would not be an issue at trial. [Doc. No. 767]. Defending unclean hands had not previously been a potential trial issue in the trial setting since at least May 27, 2020. [Doc. No. 530]. LNC's allegations relating to its defense of unclean hands were only briefly summarized just 22 days before trial (on August 3, 2021) [Doc. No. 782]. LNC's Proposed Findings of Fact and Conclusions of Law were filed August 18, 2021 just 7 days before trial [Doc. No. 806] containing some of its allegations of unclean hands. These allegations of unclean hands differed from the List of Issues LNC had previously filed.

4. The Court concluded that Seven Acts were "wrongs", but made no specific findings that the stated "wrongs" are "unconscionable acts". The Ruling also lacked the requisite analysis of how each act bears a necessary and immediate connection to the relief sought by EZPZ in each of the barred claims. No finding was made as to how these issues show a connection to or relate to the relief sought in the barred claims, as more particularly set forth below.

5. Despite these clear and specific holdings from the Court that matters related to settlement and the Michigan lawsuit would *not* be considered by the Court, the Court found that these matters supported its finding of unclean hands.

6. The Court should amend and alter its Findings of Fact and Conclusions of Law as to the findings that are not supported by the record.

7. EZPZ's position was not enhanced by having no memory of conducting a search on "dog bowls" in March of 2014, when it was admitted that searches (however they were worded) turned up dog bowls and the patent file wrapper shows that dog bowls were submitted to the PTO.

8. All the evidence at trial establishes that EZPZ was never on notice of an allegation that the location of the Tommee Tippee mat was an issue.

9. The record does not support the Court's finding that "Mrs. Laurain testified that she had nothing to do with the social media #boycottnuby campaign." Ms. Laurain's testimony was that she "didn't start a boycott".

10. It is a nonsequitur to find that "Mrs. Laurain testified she had *nothing to do with* the social media #boycottnuby campaign, and *yet* the documentary evidence about which she was asked reveals that she sent it [to persons] asking [them] to share" it [Doc. No. 851, p. 114] and the support for the allegations itself is Ms. Laurain's email acknowledging she told someone that they could share the graphic.

11. No findings by the Court were made as to how Ms. Laurain's statement that Shark Tank did not cause a huge spike in sales interfered with any issue at trial or related to any request for relief by EZPZ.

12. Generally, none of the acts (Acts 1-7) bears the requisite "immediate and necessary relation" to the design patent or trade dress claims to justify barring enforcement of those claims.

13. The Findings of Fact and Conclusions of Law lacks any finding that there was wrongdoing by EZPZ in obtaining the D327 Patent; nor is there any finding that draws a direct or concrete relation between the so-called unconscionable acts and the relief sought under the Design Patent Claim or the Trade Dress claim.

14. The stated unconscionable acts of EZPZ were not done in connection with obtaining the D327 Patent from the PTO, or in enforcing the D327 Patent before the Court, or enforcing the Trade Dress claim before the Court.

15. Because a requisite element of LNC's unclean hands defense has not been met (and is unable to be met because of a failure of evidence at trial), the Judgment should be altered or amended to permit EZPZ's Design Patent Infringement Claim and Trade Dress Claim to move forward.

16. There are no findings of fact that analyze the immediate and necessary relationship that must be proved. None of the acts (Acts 1-7) bears the requisite "immediate and necessary relation" to the Utility Patent infringement claim.

17. Most of the actions that the Court identified as the unconscionable acts of EZPZ are discovery indiscretions (Acts No. 1-4, and 6). These discovery indiscretions were remedied or could have been remedied during the course of the trial pursuant to Fed. R. Civ. P. 37.

18. There is no finding—nor can any be made—that the "unconscionable acts" that are identified by the Court would enhance EZPZ's position regarding infringement of the '903 Patent—they do not bear the immediate and necessary relation to the remedy EZPZ sought, as specifically set forth below for each of the "wrongs" identified by the Court.

19. The Judgement and Ruling of the Court should be amended to remove factual issues that were precluded before trial on the issue of unclean hands, or which were not supported in the record. Further, the Court must analyze the issues in the proper context and find how the Acts were unconscionable and how they relate to each of the claims dismissed and in what way. The Judgment is improper without these key findings.

20. EZPZ offers the Memorandum filed contemporaneously herewith in support of this Motion, which references multiple documents of record in this case by docket number.

21. **WHEREFORE, EZPZ respectfully requests the Court to alter the Ruling [Doc. No. 850] and amend the Court's findings of fact [Doc. No. 851] accordingly, including**

removing findings of fact as follows::

    a. Under the heading "EZPZ strung LNC along during settlement negotiations to file a separate lawsuit in Michigan." [Doc. No. 851, pp. 112-113];

    b. Under the heading "Findings of Fact: Mrs. Laurain's Evasive Testimony Regarding Whether She Had Seen Dog Bowls in Her Prior Art Search." [Doc. No. 851, pp. 109-112].

    c. Under the heading "Findings of Fact: Other False or Inconsistent Testimony, and Misrepresentations," Subsection: Location of Tommee Tippee Mat." [Doc. No. 851, pp. 117].

    d. Under the heading "Findings of Fact: Other False or Inconsistent Testimony, and Misrepresentations," Subsection: Involvement in boycott Nuby campaign." [Doc. No. 851, pp. 114-115].

    e. Amend its Findings of Fact and Conclusions of Law: Other False or Inconsistent Testimony, and Misrepresentations," Subsection: Shark Tank sales. [Doc. No. 851, p. 115, first paragraph 2]

Further, EZPZ requests the Court to Permit the Utility Patent, Design Patent and Trade Dress Claims to go forward.

Respectfully submitted this 18th day of January, 2022.

*Jennifer K. Fischer*
Jennifer K. Fischer (CO Reg. No. 36590)
(Admitted *Pro Hac Vice*)
E-Mail: Jennifer@fischeresq.com
Lisa C. Secor (CO Reg. No. 25394)
(Admitted *Pro Hac Vice*)
E-Mail: Lisa@fischeresq.com

        Ronnie Fischer (CO Reg. No. 35260)
(Admitted *Pro Hac Vice*)
E-Mail: Ronnie@fischeresq.com
Fischer & Fischer, P.C.
1777 South Harrison Street, Suite 1500
Denver, Colorado 80210
Telephone: (303) 756-2500
Facsimile: (303) 756-2506

  */s/ J.P. Christiansen*
  J.P. Christiansen
  Hudson, Potts & Bernstein, LLP
  1800 Hudson Lane, Suite 300
  Monroe, Louisiana 71210
  E-Mail: jpchris@hpblaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2022, a copy of the foregoing was filed via the CM/ECF Court E-filing which will serve the following:

Melanie Derefinko
Carol W. Reisman
George Denegre, Jr.
Carey L. Menasco
LISKOW & LEWIS, APLC
701 Poydras Street, Suite 5000
New Orleans, LA 70139
    mderefinko@liskow.com
    cwreisman@liskow.com
    gdenegre@liskow.com
    clmenasco@liskow.com

Hartwell P. Morse, III
Luv N' Care, Ltd.
3030 Aurora Street, 2nd Floor
Monroe, LA 71201
    hartm@nuby.com

*Jennifer K. Fischer*
_____
Jennifer K. Fischer (CO Reg. No. 36590)