# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

## RULING

Pending before the Court is Defendant Eazy-PZ, LLC's ("EZPZ") "Motion Pursuant to Fed R. Civ. P. 59 and/or Fed. R. Civ. P. 60 to Alter and Amend Judgment and Rulings in light of the USPTO Reexamination Certificate of the '903 Patent and Findings of Fact by the Court" [Doc. No. 862].[1] Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") responded to the motion. [Doc. No. 897]. EZPZ filed a reply. [Doc. No. 906]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**I.     APPLICABLE LAW**

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D. La. 2001). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Banning Co.*, 6 F.3d at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citations omitted). "The remedy is so extraordinary that the Fifth Circuit has directed that the

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

Rule 59(e) standard 'favors denial of motions to alter or amend a judgment.'" *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) (quoting *S. Constr. Group, Inc. v. Dynaelectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

"Generally, a motion to alter or amend a judgment, filed under Rule 59(e) may be granted: (1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." *Hill v. Kervin*, No. 08-272-P, 2009 U.S. Dist. LEXIS 64823, at *2 (W.D. La. July 28, 2009) (denying Rule 59(e) motion). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction," *Self*, 172 F. Supp. 2d at 816, and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," *Templat*, 367 F.3d at 478. "Also, a motion based on recycled arguments only serves to waste the resources of the court." *Self,* 172 F. Supp. 2d at 816. Given limited judicial resources, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *State of La. v. Sprint Commc'n Co.,* 899 F. Supp. 282, 284 (M.D. La. 1995).

"Rule 60(b) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for 'any other reason' not set forth in 60(b)(1)-(5) that justifies relief." *MiMedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, 354 F. Supp. 3d 742, 747 (W.D. Tex. 2018). *MiMedx* had a similar procedural history to this matter, with a reexamination proceeding concluding after entry of an order on obviousness by the Court. It found that Rule 60 was appropriate because "[w]hile this Court's current review is not limited to plaintiff's second motion for reconsideration, it is prompted by it." *Id.*

II.     BACKGROUND

LNC previously filed a Motion for Summary Judgment [Doc. No. 348], Defendant EZPZ filed a Response [Doc. No. 382], and LNC filed its Reply [Doc. No. 412]. The Court issued an Order and Ruling regarding obviousness [Doc. Nos. 522 and 523] (collectively, the "Obviousness Ruling"). Thereafter, EZPZ filed a Motion for Reconsideration [Doc. No. 546]. LNC filed its Response. [Doc. No. 567]. EZPZ filed its Reply. [Doc. No. 585]. In October 2020, the Court entered an Order, without Ruling, denying the Motion. [Doc. No. 661].

On January 25, 2021, EZPZ requested reexamination of the '903 Patent (Reexamination Serial No 90/020,135, hereinafter, the "'135 Reexamination") before the United States Patent and Trademark Office ("PTO"). [Doc. Nos. 862-4 at 263-309]. The Notice of Intent to Issue Ex Parte Reexamination Certificate issued August 5, 2021. [Doc. No. 788-1]. Upon receipt of the Notice of Intent to Issue Ex Parte Reexamination Certificate, EZPZ gave notice to the Court that it intended to seek a second Motion to Reconsider the finding of obviousness. [Doc. No. 796]. The Certificate of Reexamination issued August 23, 2021. [Doc. No. 860-1].

An eight day bench trial was held on LNC's allegations of inequitable conduct, affirmative egregious misconduct, and unclean hands. The bench trial started on August 25, 2021 and ended on September 2, 2021. [Doc. Nos. 782, 817-825]. EZPZ was precluded from introducing the reexamination proceeding at the bench trial, because at that point the Court was not aware that the Certificate of Reexamination had issued. [Doc. No. 800 at 2] ("After consultation with the parties, the Court indicated that evidence of the pending re-examination would not be admitted.").

On December 21, 2021, the Court provided a ruling and order on the Motion for Reconsideration, reaffirming that the claims of the '903 Patent are invalid as being obvious under 35 U.S.C. §103. [Doc. Nos. 849, 850] ("Reconsideration Ruling"). Final judgment was entered by the Court on the same day.[Doc. No. 852]. On January 18, 2022, after the Court entered final

judgment in this matter, EZPZ provided the Court with Notice of the '903 Reexam Certificate. [Doc. No. 860].

### III.   ARGUMENTS AND ANALYSIS

EZPZ first argues that it was manifest error to disregard the PTO's Reexamination Findings. As an initial matter, the '903 Reexam Certificate issued on August 23, 2021, two days before the eight-day bench trial on inequitable conduct, affirmative egregious misconduct, and unclean hands commenced. EZPZ did not alert the Court to the issuance of the '903 Reexam Certificate until *after* the Court had entered Final Judgment on December 21, 2021. *See* Defendant Eazy-PZ, LLC's Notice of Reexamination Certificate of U.S. Patent No. 9,462,903, [Doc. No. 860], and attached '903 Reexam Certificate, [Doc. No. 860-1], filed on January 18, 2022. In fact, the Court's December 21, 2021 Ruling expressly noted that it had not considered the reexamination at the bench trial of this matter "as it was pending at that time." [Doc. No. 849 at 3]. Thus, the Court lacked knowledge that the '135 Reexamination was no longer pending and had reached its final conclusion two days before the bench trial commenced.

Moreover, EZPZ could have brought the finality of the '135 Reexamination to the Court's attention at some point in the four months from its issuance on August 23, 2021 to the date of Final Judgment (*i.e.*, December 21, 2021). EZPZ declined to do so. Stated differently, and contrary to EZPZ's accusation, the Court did not refuse to consider the reexamination proceedings. Instead, it was EZPZ that failed to provide the Court with notice of the finality of the '135 Reexamination. Indeed, the Court explicitly stated before the bench trial that "[a]fter consultation with the parties, the Court indicated that evidence of the *pending* re-examination would not be admitted." [Dkt. No. 800 at 2] (emphasis added).

Notwithstanding, the Court is now aware that the U.S. Patent and Trademark Office has issued its Reexamination Certificate of U.S. Patent No. 9,462,903. The Court agrees that this is

evidence that it did not have before it prior to the Obviousness Ruling or in briefing on reconsideration. The Court has carefully reviewed the 2,736 page prosecution history included in the '135 Reexamination, as well as the '903 Reexam Certificate. [Doc. No. 862-2 to 862-5]. The Court is not persuaded that it requires or compels altering or amending the Court ruling that the '903 Patent is invalid [Doc. Nos. 522, 523, 849. 850].

When the validity of a patent is challenged in federal court, a district court has "the obligation … to reach an independent conclusion" regarding validity, and a decision by a patent examiner "'is never binding on the court.'" *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985) (quoting *Fromson v. Advance Offset Plate, Inc.*, 775 F.2d 1549, 1555 (Fed. Cir. 1985)). Indeed, "[t]he courts are the final arbiter of patent validity and, although courts may take cognizance of, and benefit from, the proceedings before the patent examiner, the question is ultimately for the courts to decide, without deference to the rulings of the patent examiner." *Quad Envtl. Tech. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed. Cir. 1991). EZPZ argues in its Reply that "[t]he Court is not bound by the determination of the PTO *but* it is required to consider evidence of the reexamination." [Doc. No. 906 at 4] (emphasis in original). As indicated above, the Court has carefully reviewed the 2,736 page prosecution history included in the '135 Reexamination, as well as the '903 Reexam Certificate. [Doc. No. 862-2 to 862-5].

Unlike the *ex parte* Reexamination, the Court had the benefit of an adversarial hearing in which the same prior art that was at issue in LNC's summary judgment motion and in the '135 Reexamination were considered in detail. The USPTO apparently did not have the benefit of a physical sample of the Tommee Tippee Mat. Nor did the USPTO benefit from the in-person demonstration of that mat at the bench trial of this matter by both parties confirming, as the Court

had previously concluded on summary judgment, that the mat did in fact self-seal without active pressure on the center portion.[Doc. No. 849 at 24-26].

The Court's own observation of the Tommee Tippee Mat, and the evidence provided by EZPZ's technical expert and the two patent law experts at the bench trial – all relating to the "materiality" of the Tommee Tippee Mat – merely confirmed for the Court what it had previously determined, which is that there is no issue of fact concerning the Tommee Tippee Mat's self-sealing capability. The examiner, based on the Notice of Intent, came to another conclusion. Notwithstanding, the Court was well within its discretion to arrive at a different conclusion. Indeed, the examiner's decision to issue the '903 Reexam Certificate is not dispositive, and is not binding on this Court.

Taking the facts in the light most favorable to EZPZ as required on summary judgment, EZPZ was unable to overcome LNC's strong prima facie case of obviousness, even with the Court's understanding of the USPTO's confirmation of the patentability of the '903 Patent. The bench trial provided further confirmation of the Court's previous Ruling (Dkt. No. 522), with some of the same or similar evidence that was presented in the adversarial bench trial proceeding. To be sure, the Court has carefully considered the prior art at issue independently and has issued not one, but two, lengthy, detailed opinions reaching a different conclusion than the examiner. As "the final arbiter of patent validity," the Court was within its discretion to do so. *Quad Envtl. Tech.*, 946 F.2d at 876.

The Court also disagrees that the reexamination confirming patentability "creates a genuine issue of disputed material fact." [Doc. No. 862-1 at 23]. In fact, the Federal Circuit rejected the proposition that a reexamination could support summary judgment of no invalidity:

> *Surviving a reexamination does not warrant ipso facto summary judgment that a patent is not invalid.* Holding otherwise would

> improperly give complete deference and preclusive effect to the PTO's patentability determination, foreclosing challenges to patent validity in district court based on the same prior art.

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Group, LLC*, 879 F.3d 1332, 1341 (Fed. Cir. 2018) (emphasis added). Based on *Exmark*, EZPZ cannot rely solely upon the subsequent reexamination of the '903 Patent and the issuance of the '903 Reexam Certificate over the same prior art considered by the Court on summary judgment as generating a genuine issue of material fact. The Court has carefully considered all the factual inquiries underlying a legal determination of obviousness and finds no genuine issues of material fact precludes summary judgment.

EZPZ also re-argues that the Court impermissibly usurped the role of the jury by resolving disputed issues of fact in finding all claims of the '903 Patent to be invalid for obviousness. EZPZ fails to acknowledge, however, that the Court rendered its decisions in May 2020 (granting LNC's motion for summary judgment) and October 2020 (denying EZPZ's first motion for reconsideration). The time for EZPZ to raise any issue of disputed fact was back when it originally opposed LNC's summary judgment motion. However, EZPZ expressly admitted nearly all the undisputed facts identified by LNC, purporting to deny only four (4) undisputed facts, without citation to any record evidence supporting its denial. [Doc. No. 382-2].

The fact that the Court thereafter considered testimony from the inequitable conduct/unclean hands bench trial as further confirmation of its original Ruling does not mean there were *ipso facto* disputed issues of fact or that the Court contravened "black letter law" as EZPZ now incorrectly claims. [Doc. No. 862-1 at 15-16]. Indeed, EZPZ concedes that "the issues at trial and the issues presented on summary judgment are closely related in many respects." [Doc. No. 862-1 at 16]. Thus, EZPZ was on notice that it had to address the Pink Tommee Tippee Mat, and its relation to the Webb Prior Art during the inequitable conduct bench trial. As stated in the Court's ruling:

> EZPZ's expert, Mr. John Kennedy, stated that he examined and understood the Tommee Tippee Mat to be an embodiment of the Webb Prior Art. [Doc. No. 835 at 957:14-23, 956:17-19]. Likewise, EZPZ's expert, Mr. Michael Henely, also testified that he examined the Tommee Tippee Mat and determined that it was a commercial version of the Webb Prior Art. [Doc. No. at 1424:20-23].

[Doc. No. 849 at 14]. EZPZ had an opportunity to dispute whether the Tommee Tippee Mat was prior art at the inequitable conduct/unclean hands bench trial. EZPZ, itself, interjected this issue at trial when it asked LNC's expert, Mr. Hubbard, if he knew when the Tommee Tipppee Mat was designed,[2] and Mr. Hubbard explained[3] that the product was manufactured in either October of 2011 or November of 2010 based upon the numbers "1011" embossed on the bottom of the mat.[4] Significantly, EZPZ did not offer any evidence at trial that would contradict any of these facts, and does not offer any evidence now.

Moreover, attorney argument alone does not create a disputed fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a nonmovant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). As the Court's December 21, 2021 Ruling noted, EZPZ's own expert, John Kennedy, testified that the Tommee Tippee Mat was a commercial embodiment of Webb.[5]

EZPZ also re-argues that the Court's construction of Webb as teaching self-sealing resolves a disputed issue of fact. To the contrary, the Federal Circuit has made clear that where prior art

---

[2] Doc. No. 832 at 286:15–287:1.
[3] Doc. No. 832 at 338:5–338:14. Mr. Hubbard testified on cross-examination that the date of manufacture was visibly present on the date code on the mat itself. Doc. No. 832 at 286:24-287:6.
[4] Tommee Tippee's website discloses what the batch code on the undersurface of a product means:https://www.tommeetippee.com/en-us/electric-bottle-and-food-warmer-recall  ("These numbers are in the format MMYY, so 0815 in the picture is August 2015. Please ignore any letters before the highlighted numbers.")
[5] Doc. No. 849 at 12 (citing Kennedy Testimony, Doc. No. 835 at 956:17–956:19).

references are "readily understandable," the trial court may construe them without expert testimony and determine that there is no genuine issue of material fact as to what the references show. *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567 (Fed. Cir. 1984) ("Here, the court looked at the readily understandable references, and we, like the trial court, discern no genuine issue on the question of what the references show. A trial on this issue would undoubtedly produce more argument but no more enlightenment."). 724 F.2d at 1573. Likewise, in *Advanced Tech. Materials, Inc. v. Praxair, Inc.*, 228 Fed. Appx. 983 (Fed. Cir. 2007), the Federal Circuit affirmed the district court's summary judgment ruling that a patent was invalid for obviousness, finding the ruling to be "well supported by the record." 228 Fed. Appx. at 985. The Federal Circuit explained, "where a prior art reference plainly discloses a claim limitation, the court may recognize and apply that teaching on summary judgment." *Id.* These Federal Circuit authorities confirm that the Court's construction of the Webb Prior Art does not mean the Court resolved a disputed issue of fact. The Court's interpretation of the plain language of Webb presented a legal determination, not a factual one.

Finally, EZPZ once again argues that there are genuine issues of material fact raised by EZPZ's evidence of secondary considerations of nonobviousness that were improperly resolved by the Court in "contravention of black letter law." [Doc. No. 862-1 at 19]. EZPZ's arguments are largely a re-hash of previous arguments raised at the summary judgment stage and, again, in EZPZ's Motion for Reconsideration.[Doc. No. 412 at 9-10; Doc. No. 567 at 25-6]. The Court, viewing all evidence in the light most favorable to EZPZ, finds that evidence of secondary considerations of nonobviousness did not and does not overcome LNC's strong prima facie showing, on summary judgment, of obviousness. That EZPZ successfully argued secondary considerations of nonobviousness in the '135 Reexamination to secure issuance of the '903

Reexam Certificate does not preclude the Court from arriving at the opposite conclusion as a matter of law.

The bench trial "required a full understanding of the prior art and related evidence" and provided the Court "with the opportunity to gain a better understanding of the evidence as it relates to EZPZ's motion for reconsideration. [Doc. No. 546]." [Doc. No. 849 at 3]. The Court committed no manifest errors of law in turning to its findings from the bench trial as providing further confirmation of the original grant of summary judgment of invalidity of the '930 Patent and the reasons for denying EZPZ's Motion for Reconsideration. The Court remained faithful to the dictates of Rule 56, including viewing the evidence adduced during summary judgment in the light most favorable to EZPZ. Accordingly, EZPZ's motion is denied.

**IV.     CONCLUSION**

For the foregoing reasons, EZPZ's "Motion Pursuant to Fed R. Civ. P. 59 and/or Fed. R. Civ. P. 60 to Alter and Amend Judgment and Rulings in light of the USPTO Reexamination Certificate of the 903 Patent and Findings of Fact by the Court" [Doc. No. 862]" is GRANTED IN PART and DENIED IN PART.

MONROE, LOUISIANA, this 9th day of June 2022.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE