UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LUV N' CARE | CIVIL ACTION NO. 3:16-00777 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LINDSEY LAURAIN, ET AL. | MAG. JUDGE PEREZ-MONTES |

## RULING

Pending before the Court is Defendant Eazy-PZ, LLC's ("EZPZ") "Motion for Amendment of Findings of Fact, Conclusions of Law, and Judgment Pursuant to Fed. R. Civ. P. 52 and/or Fed R. Civ. P. 59" [Doc. No. 863].[1] Plaintiff Luv n' care, Ltd. and Nouri E. Hakim (collectively, "LNC") responded to the motion. [Doc. No. 891]. EZPZ filed a reply. [Doc. No. 907]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### I. APPLICABLE LAW

Fed. R. Civ. P. 59(e) provides in relevant part, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of a judgment." "The Fifth Circuit has explained that a Rule 59(e) motion 'calls into question the correctness of a judgment,' but 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered,' or were offered, 'before the entry of judgment.'" *United States v. Brown*, No. 3:14-00183-01, 2020 U.S. Dist. LEXIS 169930, at *1 (W.D. La. Sept. 16, 2020) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Aguillard v. La. Coll.*, No. 1:17-CV-01671, 2019 U.S. Dist. LEXIS 185097, at *2 (W.D. La. Oct. 24, 2019) (citations and internal quotation marks omitted). "A 'manifest error' is not demonstrated by the

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 395 (E.D. La. 2016) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606. (7th Cir. 2000)). Because of this "narrow purpose," "[r]econsideration of a judgment after its entry is an extraordinary remedy and should be used sparingly." *Templet*, 367 F.3d at 479.

Fed. R. Civ. P. 52(b) provides in relevant part, "[o]n a party's motion filed no later than 28 days after entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." The "purpose of a Rule 52(b) motion is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence" and should "not be used to relitigate old issues, advance new theories, or secure a rehearing on the merits." *PHI, Inc. v. Apical Indus.*, No. 6:13-cv-00015, 2021 U.S. Dist. LEXIS 159222, at *4 (W.D. La. Aug. 23, 2021) (citations omitted). "A party who has failed to prove his strongest case is not entitled to a second opportunity by moving to amend a particular finding of fact or conclusion of law." *Id.* Thus, the moving party "must show that the court's findings of fact or conclusions of law are not supported by evidence in the record." *Id.* "[T]he trial court's findings are not to be set aside lightly." *Id.*

## II.   ARGUMENTS AND ANALYSIS

EZPZ argues that the Court's lacked the requisite analysis of how each act bears a necessary and immediate connection to the relief sought by EZPZ in each of the barred claims. [Doc. No. 863-1 at 6]. The Court will enter an Amended Findings of Fact and Conclusions of Law ("Amended Findings") that addresses the necessary and immediate connection to the relief sought by EZPZ. Specifically, Paragraphs 1-3 in Section I were added to the Amended Findings.

EZPZ also argues the fact "that Ms. Laurain and a non-party attorney said 'I don't recall' or 'I don't know' a certain number of times, is devoid of any analysis that LNC was allegedly

deprived of evidence or how that would enhance EZPZ's position or prejudice LNC in its ability to defend." [Doc. No. 863-1 at 26]. EZPZ contends that to remedy these "wrongs," LNC should have filed a Motion to Compel responses. *Id.* This is a repeated approach by EZPZ throughout this litigation. The Court does not condone EZPZ's approach, and expected the parties to follow a more collaborative approach to discovery instead of burdening the Court with additional discovery disputes and avoidable motion practice. As indicated in the Amended Findings, the repeated evasive testimony from these witnesses establishes deceit, and is offensive to the integrity of the Court.

EZPZ also argues that the Court made findings of fact that "EZPZ strung LNC along during settlement negotiations to file a separate lawsuit in Michigan." [Doc. No. 863-1 at 7] (citing Doc. No. 851, pp. 112-113). EZPZ contends that the Court indicated that this was not going to be considered in connection with allegations of unclean hands. *Id.* at 7-8. The Court agrees that these facts should not be considered at this time. Accordingly, the facts related to the settlement negotiations will be removed from the Amended Findings, and will not be considered in the Court's decision on whether to apply the doctrine of unclean hands. Specifically, Section F in its entirety is removed from the Amended Findings.

EZPZ further argues that the Mrs. Laurain's testimony proves that she was not evasive about testifying that her pre-patent application searches revealed dog bowls. [Doc. No. 863-1 at 11]. The Court agrees that these facts should not be considered at this time. Accordingly, the facts related to Mrs. Laurain's testimony related to whether she had seen dog bowls in her prior art search will be removed from the Amended Findings, and will not be considered in the Court's decision on whether to apply the doctrine of unclean hands. Specifically, Section E in its entirety is removed from the Amended Findings.

EZPZ also argues that the Court found that "[a]t her June 2019 deposition, Mrs. Laurain claimed that she brought the original Tommee Tippee Mat with her to the deposition" and then claims that this is inconsistent with the statement that "[a]t trial. Mrs. Laurain claimed that she gave her original Tommee Tippee Mat to the Mr. Tobin, EZPZ's former counsel of record." [Doc No. 863-1 at 12) (citing Doc. No. 851, p. 117). EZPZ contends that there is no explanation or finding by the Court as to why these statements are inconsistent. *Id.* The Court agrees that these facts should not be considered at this time. Accordingly, the facts related to the original Tommee Tippee Mat that Mrs. Laurain had in her possession in 2014 will be removed from the Amended Findings, and will not be considered in the Court's decision on whether to apply the doctrine of unclean hands. Specifically, Paragraph 5 and Subparagraphs (i) through (iii) in Section H are removed from the Amended Findings.[2]

EZPZ also argues that the Court found that "Mrs. Laurain testified that she had nothing to do with the social media #boycottnuby campaign." [Doc No. 863-1 at 14]. EZPZ contends that Mrs. Laurain's testimony was that she "didn't start a boycott" – not that she had "nothing to do" with the #boycottnuby graphic or trying to share it. *Id.* The Court agrees, and amends the Findings of Fact. Specifically, Paragraph 1 in Section H is amended in the Amended Findings.

The Court finds that the remaining arguments made by EZPZ rehash points that it made during the 8-day bench trial. These arguments fail to point to any clearly erroneous findings by the Court or newly discovered evidence. Accordingly, any remaining relief not addressed above is denied.

---

[2] The Court notes that the Original Findings of Fact and Conclusions of Law included two paragraphs 6 in Section H. [Doc. No. 851 at 116-117]. The second paragraph 6 in the Original Findings of Fact and Conclusions of Law is changed to paragraph 7 in the Amended Findings.

### III. CONCLUSION

For the foregoing reasons, EZPZ's "Motion for Amendment of Findings of Fact, Conclusions of Law, and Judgment Pursuant to Fed. R. Civ. P. 52 and/or Fed R. Civ. P. 59." [Doc. No. 863] is GRANTED IN PART and DENIED IN PART.

**MONROE, LOUISIANA** this 9th day of June 2022.

                                                                    _____
                                                                            **TERRY A. DOUGHTY**
                                                                    **UNITED STATES DISTRICT JUDGE**