UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LUV N' CARE                                CIVIL ACTION NO. 3:16-00777

VERSUS                                     JUDGE TERRY A. DOUGHTY

LINDSEY LAURAIN, ET AL.                    MAG. JUDGE PEREZ-MONTES

RULING

Pending before the Court is Plaintiff Luv n' care, Ltd. and Nouri E. Hakim's (collectively, "LNC") "Notice of Application to Tax Costs" [Doc. No. 866].[1] Defendant Eazy-PZ, LLC ("EZPZ") responded to the motion. [Doc. No. 899]. LNC filed a reply. [Doc. No. 904]. For the following reasons, the Court DECLINES to award costs under Fed. R. Civ. P. 54(d)(1).

Also pending before the Court is EZPZ's "Motion for Attorney's Fees Pursuant to La. Rev. Stat. § 51:1409 and 15 U.S.C. § 1117(a)" [Doc. No. 874]. LNC responded to the motion. [Doc. No. 915]. EZPZ filed a reply. [Doc. No. 926]. For the following reasons, the motion is DENIED.

Also pending before the Court is LNC's "Motion for Attorney's Fees and Expenses Pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927 and/or the Court's Inherent Power" [Doc. No. 877]. Attorney Jordan S. Bolton responded to the motion. [Doc. No. 911]. EZPZ also responded to the motion.[Doc. No. 912]. LNC filed a reply to Attorney Jordan S. Bolton's opposition. [Doc. No. 922]. LNC also filed a reply to EZPZ's opposition. [Doc. No. 924]. For the following reasons, the motion is DENIED.

I.    APPLICABLE LAW

1.    Costs Under Fed. R. Civ. P. 54(d)(1).

Whether to award costs under Fed. R. Civ. P. 54(d)(1) is entirely discretionary with the

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

Court. *See, Taniguchi v. Kan. Pac. Saipan, Ltd*., 132 S. Ct. 1997, 1998 (2012). 28 U.S.C. §1920 defines the terms "costs" as used in Rule 54(d), and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *See, Gaddis v. United States,* 381 F.3d 444, 450 (5th Cir. 2004). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under F.R.C.P. 54(d) are limited to those enumerated in 28 U.S.C. §1920.

While a court cannot award a cost item unless that item is explicitly identified in 28 U.S.C. § 1920, a court does have discretion to deny the award of otherwise recoverable costs *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 107 S. Ct. 2494, 2497 (1987) ("It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."); *Coats v. Penrod Drilling*, 5 F.3d 877, 891 (5th Cir. 1993) ("[A] district court may decline to award the costs listed in the statute"). The Fifth Circuit has suggested a wide range of reasons to justify withholding costs from the prevailing party, including misconduct by the prevailing party and close and difficult legal issues presented. *Smith v. Chrysler Grp., LLC,* 909 F.3d 744, 753 (5th Cir. 2018).

### 2. Fees Pursuant to La. Rev. Stat. § 51:1409 and 15 U.S.C. § 1117(a).

The court has discretion in determining whether to award attorney's fees under LUTPA. *Walker v. Hixson Autoplex of Monroe, LLC*, 245 So.3d. 1088 (La. App. 2 Cir. 2017). "[T]o recover under this section, the action must be found by the court to be both groundless and EITHER (1) brought in bad faith, OR (2) for purposes of harassment." *Samuels v. Fox*, 2000 WL 1059822, *2 (E.D. La. 2000); *Sapienza v. Trahan*, No. 6:16-CV-01701, 2019 U.S. Dist. LEXIS 44689, at *41 (W.D. La. Mar. 18, 2019) (interpreting similar provision under Louisiana's Uniform Trade Secrets Act, La. R. S. 51:1434) ("[A]dvocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto."). "The defendant must demonstrate by a preponderance of the evidence that

the suit was brought in bad faith or to harass to recover attorney's fees." *Beauregard Par. Sch. Bd. v. Honeywell, Inc.*, No. 2:05 CV 1388, 2008 U.S. Dist. LEXIS 66954, at *2 (W.D. La. Aug. 26, 2008).

15 U.S.C. § 1117(a) provides that in an action under the Lanham Act a district court "in exceptional cases may award reasonable attorney fees to the prevailing party." "In the Lanham Act context, a prevailing party is 'a party in whose favor judgment is rendered' or 'one who has been awarded some relief by the court.'" *Roor Int'l BV v. Stinky's Smoke Shop, LLC*, Civil Action No. 4:18-cv-735-KPJ, 2021 U.S. Dist. LEXIS 226335, at *4 (E.D. Tex. Nov. 24, 2021) (citing *Alliance for Good Gov't v. Coalition for Better Gov't*, 919 F.3d 291, 295 n.16 (5th Cir. 2019)).

The determination as to whether a case is exceptional is left to the sound discretion of the trial court. *See, Seven-Up Co. v. Coca-Cola Co*., 86 F.3d 1379, 1390 (5th Cir. 1996). "An exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an 'unreasonable manner.'" *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016). Lawsuits that are "either frivolous or motivated by bad faith [] are two of the most common situations that will support a fee award." *Ballero v. 727 Inc.*, 744 F. App'x 871, 873 (5th Cir. 2018)

### 3. Fees Pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927 and/or the Court's Inherent Power.

The case must be "exceptional" in order for a party to be entitled to attorney's fees under § 285. "Exceptional" means uncommon", "rare" or "not ordinary." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014). An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case

was litigated." *Id*. at 1756. Relevant factors in assessing whether a case is exceptional include the "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756, n. 6. "Courts may look to pre-*Octane Fitness* case law for guidance on whether a case was litigated in an unreasonable manner." *Medicinova, Inc. v. Genzyme Corp.*, No. 14-CV-2513 JLS (KSC), 2021 U.S. Dist. LEXIS 135060, at *14 (S.D. Cal. July 20, 2021).

Attorney fees are not awarded to penalize a party for merely defending or prosecuting a lawsuit, but instead are awarded to avoid a gross injustice. *Revlon, Inc. v. Carson Prods. Co*., 803 F.2d 676, 679 (Fed. Cir. 1986). In upholding district court findings of exceptionality, the Federal Circuit has made it plain that the term "exceptional" does not apply to negligent conduct, miscalculations about the chances of prevailing, or run-of-the mill litigation problems. Case law also makes clear that awards of attorney's fees under § 285 are rare. See *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 U.S. Dist. LEXIS 169080, at *10 (E.D. Tex. Aug. 6, 2014) ("Attorney's fees in patent cases are reserved for rare and unusual circumstances.").

Even the legislative history of this section emphasizes the expected rarity of such an award. As the Federal Circuit has noted, the Senate report that accompanied the predecessor statute to § 285 stated that: "it is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits." *Forest Labs, Inc. v. Abbott Lab*s, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (citation omitted). In interpreting § 285, the Federal Circuit has "been mindful of the limited circumstances in which an award of attorney fees is appropriate." *Id.* Such fees should be granted only to prevent a "gross injustice," i.e., where a party pursues litigation in bad faith. *Id.* at 1327. An award of attorneys' fees pursuant to a finding of exceptional cases is an extraordinary remedy and an exception to the well-established "American Rule," which requires each party to bear its

own attorneys' fees and expenses. *Id.* at 1329.

Even upon a finding that a case is exceptional, the Court still has discretion to deny attorneys' fees. *See Medicinova, Inc.*, 2021 U.S. Dist. LEXIS 135060, at *15 ("Octane Fitness does not mandate a fee award in all exceptional cases; even if a court determines that a case is 'exceptional,' the court still has discretion to deny attorneys' fees."). The Federal Circuit has recognized "the substantial economic and reputational impact of an award of attorney fees." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324 (Fed. Cir. 2011). "[A]ttorney fees under § 285 are compensatory, not punitive." *Rembrandt Techs., LP v. Comcast of Fla./Pa., LP (In re Rembrandt Techs. LP Patent Litig.)*, 899 F.3d 1254, 1278 (Fed. Cir. 2018). "In such a statutory sanction regime, a fee award may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* (internal quotations omitted).

Finally, Section 1927 sanctions should not be awarded lightly. *Gonzales v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 479 (5th Cir. 2012). "The imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion International Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). An attorney's name and reputation are his stock in trade and thus any hasty sullying of that name strikes at the sanctioned attorney's livelihood. *See F.D.I.C. v. Tekfen Construction and Installation Co.*, 847 F.2d 440 (5th Cir. 1998).

Under Section 1927, three essential elements must be proved by clear and convincing evidence. First, the claimant must demonstrate that the accused attorney engaged in conduct which was both "vexatious" and "unreasonable." Second, that vexatious and unreasonable conduct must be demonstrated to have caused a multiplication of the proceedings. Finally, the claimant must prove a financial nexus, *i.e.*, showing that a particular amount of litigation expenses, including

attorneys' fees, was incurred as a direct result of particular conduct which is vexatious and unreasonable. *Stewart v. Courtyard Mgmt. Corp.*, 155 F. App'x. 756, 760 (5th Cir. 2005).

"The standards for bad faith are necessarily stringent," and the court must exercise its power to levy fees for bad faith with restraint. *Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550 (5th Cir. 1986). Importantly, section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (citation omitted). The courts often cite repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions. *See, e.g., Nat'l Ass'n of Govt Employees v. Nat'l Fed'n of Fed. Employees,* 844 F.2d 216, 224 (5th Cir. 1988).

To prevent the courts from dampening "the legitimate zeal of an attorney in representing her client," *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991), the Fifth Circuit has interpreted section 1927 as penal in nature, *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). Moreover, courts sitting in the Fifth Circuit have made clear that allegations of negligence of counsel are wholly insufficient to support an award of sanctions under section 1927. *See Hahn v. City of Kenner*, 1 F.Supp.2d 614, 617-18 (E.D. La. 1998); *Bodenheimer v. Williams*, No. 14-740, 2015 U.S. Dist. LEXIS 97577, at *8 (E.D. La. July 27, 2015).

## II.    ARGUMENTS AND ANALYSIS

This was a complex case that was *aggressively* litigated by both sides. Indeed, the parties agree to the complexity of the case and the manner in which it was litigated. *See, e.g.*, Doc. No. 912 at 23 ("There is no doubt that this case was aggressively litigated by both sides."); Doc. No. 924 at 16 ("[T]he complexity of the case"); Doc. No. 874-1 at 31 ("This case has been intensely litigated over the last five (5) years and aggressively prosecuted by LNC."). LNC provides the following summary of the case:

This was an extremely complex case with over 15 claims at issue between the two parties and over 850 docket entries to date. Fact discovery has been extensive. The initial fact discovery phase of this litigation commenced in the spring of 2017 and closed on January 31, 2019.62 EZPZ served 159 document requests on LNC. In response, LNC has produced over 110,000 pages of documents. Similarly, LNC served 255 document requests on EZPZ and EZPZ has produced over 250,000 pages of documents. LNC also served EZPZ with 363 Requests for Admissions and 25 Interrogatories. EZPZ served LNC with 217 Requests for Admissions and 24 Interrogatories. The parties took the depositions of approximately 30 fact witnesses and 9 expert witnesses in multiple cities in the United States and Canada, and served over 35 subpoenas on non-parties (largely to obtain documents and information that should have been provided by EZPZ, but were not). This complex litigation also required extensive use of expert reports and testimony. LNC employed 6 experts and EZPZ employed 3 experts. This case involved numerous discovery issues, including motions to compel the production of documents, motions for protective orders, motions to compel amended responses, and motions to take additional depositions due to the number of key players involved in the prosecution of the '903 Patent.

At the outset, the parties engaged in substantial claims construction briefing. After the initial discovery phase of this litigation, LNC filed 12 motions for summary judgment, including invalidity motions and noninfringement motions, and two *Daubert* motions. EZPZ also filed one motion for summary judgment, one motion for judgment on the pleadings, and four *Daubert* motions (post-waiver, EZPZ filed a fifth *Daubert* Motion against Mr. Hubbard). Thereafter, there was extensive briefing in connection with LNC's Motion in Limine to Exclude EZPZ from Introducing Evidence as to Mr. Williams and Mrs. Laurain's Intent or State of Mind in Their Dealings With the USPTO,63 which ultimately lead to EZPZ's waiver of the patent agent and attorney client privilege, and work product protection. After EZPZ waived privilege, the case went into a substantial second phase of discovery requiring additional written discovery and document productions, the depositions of 8 fact witnesses (three of whom had previously been deposed), and supplemental expert reports.

Once the Court dismissed EZPZ's infringement claims as a result of the invalidity of the '903 Patent, the Court set a jury trial on the remaining issues that was ultimately rescheduled a number of times due to Covid-19.64 Along the way, at LNC's repeated urging, the parties engaged in extensive efforts to resolve this case,

> including a mediation suggested and arranged by LNC and two
> lengthy settlement conferences with Magistrate Judge Perez-
> Montes. Ultimately the parties prepared for and tried the 8-day
> inequitable conduct and unclean hands trial and submitted lengthy
> post-trial findings of fact and conclusions of law based on the
> hundreds of documents introduced, the 12 deposition designations
> submitted to the Court and the 1735-page transcript of live
> testimony.

[Doc. No. 877-1 at 39-40]. With this background, the Court now turns to the specific requests by the parties.

### 1. Costs Under Fed. R. Civ. P. 54(d)(1).

As discussed above, the Court has discretion in determining whether to award costs under Fed. R. Civ. P. 54(d)(1). Given the close and difficult legal issues presented in this case, the Court in its discretion declines to the award cost under Fed. R. Civ. P. 54(d)(1).

### 2. Fees Pursuant to La. Rev. Stat. § 51:1409 and 15 U.S.C. § 1117(a).

As discussed above, the Court has discretion in determining whether to award attorney's fees under LUTPA. The Court in its discretion declines to award attorney's fees under LUTPA, because EZPZ failed to show by a preponderance of the evidence that the suit was brought in bad faith or for purposes to harass.

As discussed above, the Court has discretion in determining to whether a case is exceptional under 15 U.S.C. § 1117(a). The Court in its discretion declines to award attorney's fees under 15 U.S.C. § 1117(a), because the case does not stand out from others with respect to the substantive strength of a party's litigating position; and EZPZ did not show that LNC litigated the case in an "unreasonable manner," as it relates to these claims.

### 3. Fees Pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927 and/or the Court's Inherent Power.

As discussed above, the Court has discretion in determining whether to award attorney's fees under 35 U.S.C. § 285. The Court in its discretion declines to award attorney's fees under 35

U.S.C. § 285, because both parties significantly contributed to increasing the cost of the case. In other words, the Court finds that the actions of both parties made this case "exceptional." As one Court has noted, when the moving party was a "contributor[] to the unnecessary complication, expense, and length of this litigation, [] the Court cannot in good conscience find the case exceptional merely because both parties engaged in mutual combat." *Buccellati Holding Italia SPA v. Laura Buccellati LLC*, No. 13-21297, 2015 U.S. Dist. LEXIS 187104, at *14 (S.D. Fla. Mar. 10, 2015) (internal citations and quotations omitted). Thus, considering the totality of the circumstances, the Court in its discretion declines to award attorney's fees under 35 U.S.C. § 285.

Finally, the Court will not impose sanctions under 28 U.S.C. § 1927. The Court does not find that the actions of Attorney Jordan Bolton's rise to the level that he should be personally sanctioned. This would unnecessarily harm his reputation and livelihood. Accordingly, the Court will exercise restraint and not impose sanctions under 28 U.S.C. § 1927.

## III.    CONCLUSION

For the foregoing reasons, the Court DECLINES to award costs under Fed. R. Civ. P. 54(d)(1), and LNC's "Notice of Application to Tax Costs" [Doc. No. 866] is DENIED.

For the foregoing reasons, EZPZ's "Motion for Attorney's Fees Pursuant to La. Rev. Stat. § 51:1409 and 15 U.S.C. § 1117(a)" [Doc. No. 874] is DENIED.

For the foregoing reasons, LNC's "Motion for Attorney's Fees and Expenses Pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927 and/or the Court's Inherent Power" [Doc. No. 877] is DENIED.

**MONROE, LOUISIANA** this 9th day of June 2022.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE