# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LUV N' CARE, LTD.** | * | **CIVIL ACTION NO. 3:16-cv-00777** |
|    **Plaintiff,** | * | |
| | * | **JUDGE TERRY A. DOUGHTY** |
| v. | * | |
| | * | **MAGISTRATE JUDGE JOSEPH H.** |
| **LINDSEY LAURAIN, EAZY-PZ, LLC** | * | **L. PEREZ-MONTES** |
|    **Defendants** | * | |
| | * | **(JURY TRIAL DEMANDED)** |

## LUV N' CARE, LTD.'S COURT-ORDERED SECOND AMENDED COMPLAINT

Plaintiff, Luv n' care, Ltd. ("LNC"), as authorized by this Court's Order dated September 26, 2025 (ECF No. 1047), submits this Second Amended Complaint, to now include claims against Lindsey Laurain ("Mrs. Laurain"), as follows. By filing this Second Amended Complaint, LNC does not seek any alteration of the relief already awarded in its favor against defendant, Eazy-PZ, LLC ("EZPZ"), though LNC reserves all appellate rights to seek a modification of that award at the appropriate time.

The paragraphs of LNC's First Amended Complaint for False Advertising, False Representation, Unfair Competition and Declaratory Judgment (the "FAC") (ECF No. 21) remain unchanged, except to the extent amended herein.

Paragraph 3 of the FAC is amended to read as follows:

3.    Defendant, Mrs. Laurain, was originally named a party to this proceeding on June 3, 2016. LNC voluntarily dismissed Mrs. Laurain, without prejudice, on November 28, 2016 (ECF No. 32), in reliance upon Mrs. Laurain's false representation that she had assigned her rights in all of her intellectual property to EZPZ on April 10, 2014, *see* LNC Trial Exhibit 751 (ECF No. 827-358), when, in fact, she had not done so. On June 7, 2016, Mrs. Laurain actually sent a letter to her patent agent, Ben Williams, seeking his advice as to whether she should assign her intellectual

property to EZPZ because she was "going to get served (Nuby is suing ME!) and because I am on the patents they are including Lindsey Laurain AND [EZPZ]." *See* LNC Trial Exhibit 801 (ECF No. 827-372). LNC now rejoins Mrs. Laurain as a party defendant. Mrs. Laurain is a natural person of majority age residing in Douglas County, Colorado. She is the sole owner and the Managing Member of EZPZ. Mrs. Laurain has submitted to personal jurisdiction in this Court, by (1) directing her agent, Ben Williams, to "send a note to USA branch" of LNC located in Monroe, Louisiana (following which he sent a cease and desist to LNC's "US address" located at 3030 Aurora Ave. in Monroe, Louisiana on behalf of his "client's intellectual property," which at that time had not, in fact, been assigned to EZPZ and which continued to be held personally by Mrs. Laurain (as evidenced by LNC Trial Exhibits 141 (ECF No. 827-101), 144 (ECF No. 827-102), 801 (ECF No. 827-372)), and 803 (ECF No. 827-374)), and, more importantly, by (2) appearing and offering testimony at the bench trial on inequitable conduct and unclean hands held in this matter in Monroe, Louisiana in August 2021.

The following additional claim and paragraphs are added to the FAC:

### SIXTH CLAIM FOR RELIEF – AGAINST MRS. LAURAIN
### (35 U.S.C. § 285)

126.   In its Amended Ruling Following Remand from the Federal Circuit (the "Amended Ruling") (ECF No. 976) dated February 26, 2025, this Court concluded this case was an "exceptional case" pursuant to 35 U.S.C. § 285.

127.   The Court further concluded LNC was entitled to its attorney's fees, expenses, and costs in the approximate amount of $2.9 million, which it assessed solely against EZPZ. *See* Amended Order Following Remand from the Federal Circuit (the "Amended Order") (ECF No. 977).

128.   This Court, at that time, declined to hold Mrs. Laurain personally liable, stating as follows:

> **At this time, the Court declines to hold Mrs. Laurain personally liable for the attorneys' fees, expenses, and costs awarded to LNC. There is insufficient evidence that EZPZ will be unable to pay the fee award**, and the record is not sufficient at this point to reach through the corporate entity to Mrs. Laurain. Fees will therefore be taxed only against EZPZ. That said, Mrs. Laurain['s] future actions before the Court will be carefully reviewed, and **at some point the Court may find it necessary to hold Mrs. Laurain joint and severally liable in this case.**

Amended Ruling, ECF No. 976, at 40.

129.  To date, EZPZ has not paid any portion of the fees, expenses, and costs awarded to LNC.

130.  Additionally, on June 18, 2025, Mrs. Laurain caused EZPZ to file a petition for relief under Chapter 11 of title 11 of the United States Code, *In re Eazy-PZ, LLC*, Case No. 25-13720 (Bankr. D. Col.) (the "EZPZ Bankruptcy Case").

131.  The bankruptcy schedules and monthly operating reports filed in the EZPZ Bankruptcy Case establish that EZPZ is insolvent (liabilities exceed assets) and lacks sufficient income to pay the fee award judgment entered by this Court in favor of LNC.

132.  At all relevant times, Mrs. Laurain was the sole owner and Managing Member of EZPZ.

133.  At all relevant times, Mrs. Laurain, as EZPZ's sole owner and Managing Member, was responsible for EZPZ's conduct in this case, including the conduct the District Court attributed to EZPZ in its exceptional case analysis under 35 U.S.C. § 285. *See* ECF No. 976.

134.  Additionally, as detailed in the Court's Amended Findings of Fact and Conclusions of Law (ECF No. 974), Mrs. Laurain's own personal misconduct supported the finding of exceptionality in this case.

135.  Mrs. Laurain's own personal misconduct included, but is not limited to, the following acts or omissions giving rise to the Court's finding of unclean hands (*see* ECF No. 931, 932) and inequitable conduct (see ECF No. 974, 975):

- Mrs. Laurain failed to disclose her prior art searches in discovery during the course of this litigation (unclean hands);

- Mrs. Laurain bore primary responsibility for her patent searches not being produced timely (unclean hands);

- Mrs. Laurain was solely responsible for her evasive testimony at depositions and during the bench trial (unclean hands);

- Mrs. Laurain was solely responsible for her false and deceptive testimony at the bench trial (unclean hands);

- Mrs. Laurain was the applicant on the '403 application, which was not timely produced in discovery in this action (unclean hands);

- Mrs. Laurain (along with her patent agent, Mr. Williams) misrepresented the characteristics and functionality of the Platinum Pets mat (inequitable conduct);

- Mrs. Laurain knowingly agreed with Mr. Williams's decision not to disclose the video in which the Platinum Pets mat made a suctioning sound (inequitable conduct);

- Mrs. Laurain (along with her patent agent, Mr. Williams) intentionally decided to not disclose prior art references that were non-cumulative of how they had misrepresented the Platinum Pets mat (inequitable conduct);

- Mrs. Laurain was significantly involved in the preparation of false declarations submitted to the USPTO (inequitable conduct); and

- Mrs. Laurain's conduct during prosecution was "purposeful, deliberate, and egregious" (inequitable conduct).

Additional factual findings concerning Mrs. Laurain's personal involvement in misconduct are detailed in the Court's Amended Findings of Fact and Conclusions of Law. ECF No. 974.

136. It is, therefore, equitable to hold Mrs. Laurain personally liable, jointly and severally with EZPZ, for the award of fees, expenses, and costs already assessed against EZPZ. In this regard, LNC adopts and incorporates by reference its prior briefing on this subject. *See* ECF Nos. 951 (and attachments thereto), 970 (and attachments thereto), 1043 (and attachments thereto).

137. LNC is entitled to judgment against Mrs. Laurain, pursuant to 35 U.S.C. § 285, in the amount of **no less than** the amounts that have already been assessed against EZPZ in the Amended Order, ECF No. 977.

138. Should the award of fees, expenses, and costs awarded to LNC in the Amended Order (ECF No. 977) be modified on appeal to the Federal Circuit or on remand to this Court, Mrs. Laurain should be held responsible with EZPZ, jointly and severally, for whatever amount of fees, expenses, and costs are ultimately awarded to LNC.

Date: September 30, 2025.

Respectfully submitted,

*/s/ Carol Welborn Reisman*
Carol Welborn Reisman (La. Bar No. 20410)
George Denegre, Jr. (La. Bar No. 08387)
Carey L. Menasco (La. Bar No. 28131)
Melanie Derefinko (La. Bar No. 37658)
**LISKOW & LEWIS, APLC**
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:   (504) 581-7979
Facsimile:    (504) 556-4108
Email: cwreisman@liskow.com
            gdenegre@liskow.com
            clmenasco@liskow.com
            mderefinko@liskow.com

-and-

        Hartwell P. Morse, III (La. Bar No. 38626)
        Robert M. Chiaviello, Jr. (La. Bar No. 37370)
        **NubyLaw**
        3030 Aurora Street, 2nd Floor
        Monroe, LA 71201
        Telephone:    (318) 338-3603
        Facsimile:    (318) 388-5892
        Email: hartm@nuby.com
                robertc@nuby.com

        **Attorneys for Luv n' care, Ltd. and Nouri E. Hakim**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on September 30, 2025, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

    **I FURTHER CERTIFY** that notice will also be sent to Lindsey Laurain by Federal Express, overnight delivery, at 1667 Macom Drive, Sedalia, CO 80135 on September 30, 2025, and to her counsel of record in *In re Eazy-PZ, LLC*, Ch. 11 Case No. 25-13720 (Bankr. D. Col.), Jenny M.F. Fujii, Kutner Brinen Dickey Riley, P.C., 1660 Lincoln Street, Suite 17720, Denver, CO 70264, by email at jmf@kutnerlaw.com, on September 30, 2025.

                */s/ Carol Welborn Reisman*