# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **LUV N' CARE, LTD.** | **CASE NO. 3:16-CV-00777** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LINDSEY LAURAIN, EAZY-PZ LLC** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a Rule 60(b) Motion to Amend/Correct [Doc. No. 1043] memorandum ruling [Doc. No. 976], order on motion for attorney fees [Doc. No. 977] (collectively, "Rule 60(b) Motion") filed by Luv N' Care, Ltd. and Nouri Hakim (collectively, "LNC"). Within the same Motion is a Motion for Joinder and Motion to Expedite [Doc. No. 1043] filed by LNC. Also before the Court is a Motion to Dismiss for Failure to State a Claim [Doc. No. 1073] filed by Lindsey Laurain ("Laurain").[1] LNC filed an opposition [Doc. No. 1075] and Laurain filed a reply [Doc. No. 1076]. LNC filed a surreply [Doc. No. 1082].

**I.   DISCUSSION**

Trial in this matter began on August 25, 2021, and ended on September 3, 2021.[2] On December 21, 2021, this Court issued a final judgment, findings of fact and conclusions of law.[3] On December 22, 2021, LNC filed a motion to extend filing of a motion for award of attorney's fees and costs which was granted and extended to

---

[1] The Court finds the Motion to Dismiss also acts as a response to the Rule 60(b) Motion.
[2] [Doc. Nos. 817, 825].
[3] [Doc. Nos. 850, 851, 852].

1

January 25, 2022.[4] The motion for attorney fees was filed.[5] On June 9, 2022, this Court denied LNC's motion and issued a ruling that amended findings of fact and conclusions of law.[6] The rulings were appealed by EZPZ and LNC.[7] On April 12, 2024, the Court of Appeals for the Federal Circuit affirmed this Court's final judgment in part and remanded the case for further proceedings.[8] On February 26, 2025, following post-appeal briefs, the Court issued a second amended findings of fact and conclusions of law, an amended final judgment, and amended order granting LNC's motion for costs and attorney's fees.[9] At that point, the Court did not assess Laurain with any costs or fees.[10]

LNC's notice of appeal stated that it was appealing this Court "denying an award of the entirety of LNC's attorneys' fees in this 'very exceptional case.'"[11] On September 24, 2025, LNC filed the instant Rule 60(b) Motion to amend the Court's final judgment.[12] Several minute entries were issued and vacated as a result of expeditious filing before the Court could succinctly rule.[13]

As a preliminary matter, the Court acknowledges that this Memorandum Order is atypical, as reflected by the docket, which has been admittedly unclear since LNC's filing on September 24, 2025. The Court intends to consider the Rule 60(b)

---

[4] [Doc. Nos. 855, 856].
[5] [Doc. No. 877].
[6] [Doc. Nos. 931, 932, 933].
[7] [Doc. Nos. 934, 936].
[8] [Doc. No. 938].
[9] [Doc. Nos. 975, 976, 977].
[10] [Doc. No. 977].
[11] [Doc. No. 979].
[12] [Doc. No. 1043].
[13] [Doc. No. 1064, p. 2].

2

Motion first. The Court observes that Laurain has not directly responded the Rule 60(b) Motion. Nonetheless, the Court concludes that consideration of these matters is necessary to clarify the procedural posture of the case. And to further clarify arguments in the briefs, the Court only allowed the second amended complaint to remain on the docket for the purpose of enabling Laurain to respond to the Rule 60(b) Motion.[14] As Laurain was not a party to this action, Laurain otherwise would have had no obligation to respond to the Rule 60(b) Motion.

With that, the issues are briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

Rule 60(b) provides six reasons for which a district court may grant relief from a final judgment. FED. R. CIV. P. 60. The district court enjoys broad discretion in assessing whether any of the reasons are present in a given case. *Gilmore v. Wal-Mart Louisiana, LLC*, No. 20-1589, 2025 WL 3033914 at *1 (W.D. La. 2025) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). LNC requests relief under Rule 60(b)(2), which permits relief when a party comes forward with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

---

[14] This Court set deadlines for filing responses to the Rule 60(b) Motion in a minute entry [Doc. No. 1044]. But this Court's subsequent Order: (1) vacated that minute entry, (2) granted leave for LNC to file an amended complaint, and (3) deferred on the Motion to Amend, Motion for Joinder, and Motion to Expedite until after the amended complaint was served and answered [Doc. No. 1047]. Shortly thereafter, Defendant/Counter-Plaintiff Eazy-PZ, LLC ("EZPZ") filed a subsequent Motion for Reconsideration of the Court's *sua sponte* order authorizing a Second Amended Complaint [Doc. No. 1049]. Plaintiffs then filed an Opposition to the Motion for Reconsideration authorizing a Second Amended Complaint [Doc. No. 1051]. Nevertheless, the Second Amended Complaint was filed [Doc. No. 1053] against Lindsey Laurain. That same day, the Court—before knowing that a Second Amended Complaint was filed—issued a minute entry directing LNC to respond the Motion for Reconsideration [Doc. No. 1055].

To determine whether Rule 60(b) relief is appropriate, a district court considers the following factors:

> (1) final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits-the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984) (citing *United States v. Gould*, 301 F.2d 353, 355–56 (5th Cir.1962)). "[T]hese factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments." *Id.* Thus, the Court considers LNC's arguments in the context of these factors.

At the outset, the first factor underscores the fundamental importance of preserving the finality of judgments. As the Fifth Circuit has observed, "the desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of judgments." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir.1977). Accordingly, this factor consistently weighs against reopening a judgment.

The second factor cautions that Rule 60(b) motions should not be employed as substitutes for timely appeals. In this case, the Rule 60(b) Motion is not an attempt

to substitute a review by the district court in place of an appeal. The Court concludes that this factor weighs neither for nor against LNC.

The Court considers the third factor below, together with the seventh and eighth factors, as all three discuss the equities and justice of a Rule 60(b) motion. Thus, the Court turns next to the fourth factor, which asks whether the motion was filed within a reasonable time. "What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 702 n. 5 (5th Cir. 2014). Here, the final judgment was entered February 26, 2025, and the Rule 60(b) Motion was filed on September 24, 2025, which suffices the "no more than a year after the entry of judgment or order or the date of the proceedings." FED. R. CIV. P. 60(C)(1). This factor weighs in favor of LNC.

Next, factors five and six guide the Court to assess the thoroughness and integrity of the proceedings that culminated the final judgment. As the Fifth Circuit has explained, the Rule's "main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence." *Fackelman*, 564 F.2d at 735.

This Court conducted an eight-day trial and thereafter entered a final judgment, fully resolving the dispute between LNC and EZPZ on the merits. Laurain, although found to have unclean hands, was not subject to pay attorney's fees and costs. LNC's principal contention is that Laurain committed fraud upon the Court by depleting EZPZ's assets, thereby impairing EZPZ's ability to pay costs and fees, and

5

that this alleged misconduct only recently came to light through the bankruptcy proceedings.[15] However, Laurain observes that LNC's argument focuses on a financial condition that emerged years after the trial had concluded and was fully adjudicated on the merits.[16] At the time of trial, the financial condition in question did not exist and has only been discovered recently. As stated in *N.L.R.B. v. Jacob E. Decker and Sons*, "there can be no Rule 60(b)(2) relief for evidence which has only come into existence after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials. 'Newly discovered evidence' under Rule 60(b) refers to evidence of facts in existence at the time of the trial of which the aggrieved party was excusably ignorant." 569 F.2d 357, 364 (5th Cir. 1978); *see also State of Washington v. United States*, 214 F.2d 33, 46 (9th Cir. 1954). Further, under Rule 60(b)(2), "[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a difference result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). The Court is mindful that the time restraint for newly discovered evidence did not expire following the eight-day trial; however, it determines that the evidence recently uncovered was not "newly discovered evidence." What LNC is alleging is that EZPZ, at the control of Laurain, has committed fraud by undervaluing EZPZ's sales, income, and depleting EZPZ's

---

[15] [Doc. No. 1043-1, p. 6].
[16] [Doc. No. 1073-1, p. 6].

assets. These issues are more appropriately addressed by the bankruptcy court, which is best positioned to determine whether the debt has been discharged and whether the debtor committed fraud by misstatements in the filed schedules or by concealing additional income. Moreover, if LNC were to establish fraud by EZPZ or Laurain, criminal charges could also be pursued.

Lastly, factors three, seven, and eight address equities of the situation. In particular, the Court must consider the equitable interests of the other parties in this litigation, including the possibility that reopening the judgment will "unfairly prejudice the opposing party." *Fackelman*, 564 F.2d at 736 (citing *Carver v. Liberty Mutual Insurance Co.*, 277 F.2d 105 (5th Cir. 1960)). LNC seeks to hale Laurain into this action, which has been fully litigated since 2021 and final since February 26, 2025. Laurain has not been a party to this case at any point since 2016, yet LNC now seeks to subject her to potential costs and fees based on allegations that she diverted funds from EZPZ to frustrate satisfaction of the judgment. While the Court recognizes LNC's concerns and does not discount the seriousness of such allegations, requiring a non-party to enter this litigation years after its conclusion, and while the matter is pending on appeal, would be inequitable. The Court believes that the Federal Circuit and the bankruptcy court are the appropriate forums to address, to the extent necessary, the standards governing EZPZ's obligation to satisfy the judgment.

After considering all relevant factors, the Court finds that LNC has failed to establish relief from a final judgment under Rule 60(b)(2). Accordingly, the Court denies the Rule 60(b) Motion.

The Court, in its broad discretion, concludes that Rule 60(b) does not permit modification of the judgment to hold Laurain liable for costs and fees, thus, there remains no claim on which LNC's Second Amended Complaint [Doc. No. 1053] may proceed. Therefore, Laurain's Motion to Dismiss [Doc. No. 1043] is granted.

### III. CONCLUSION

**IT IS ORDERED** that the Motion to Amend/Correct, Motion for Joinder, and Motion to Expedite [Doc. No. 1043] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss [Doc. No. 1073] is **GRANTED,** and the Second Amended Complaint [Doc. No. 1053] is **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 23rd day of December, 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

8